

June 4, 1976

CEDARVILLE, OHIO 45314

M⌄K
7/2

Martin H. Gerry
Acting Director
Office for Civil Rights
Department of Health, Education and Welfare
330 Independence Ave., S.W.
Washington, D.C. 20201

Re: 86.12 (a), (b) of Final Title IX Implementing Regulations

Dear Mr. Gerry:

On behalf of the Administration and Board of Trustees of Cedarville College, we respectfully submit the accompanying claim for exemptions as provided under Section 86.12 (a) and (b) of the Final Title IX Implementing Regulations.

We believe it would be beneficial to your understanding of our position if we were to give you some specific information about our college. Therefore, we present the following for your consideration;

I. A Description of Cedarville College -

Cedarville College is a Baptist college of arts and sciences presenting a balanced liberal arts program coupled with an evangelical, conservative theological position in regard to doctrine and patterns of conduct.

II. The Bible as our Basis for Faith and Practice -

Cedarville College was founded upon and continues to present a curriculum based upon a doctrinal position that the Bible is our sole basis for faith and practice.

6/17/76
mbu

SEP 14 1976



PASSING THE TORCH

EXHIBIT D

1

Martin H. Gerry
Page 2

III. Approval by the General Association of Regular Baptist Churches -

Cedarville College is subject to annual approval by the General Association of Regular Baptist Churches (GARBC) to assure the continuity of the educational program in conformity with the Scriptural position of the majority of the GARBC.

Cedarville College wholeheartedly supports the principle of cooperation with governmental authority as admonished by the Bible (Romans 13). However, we also firmly believe that we have the right to take exception to governmental actions which would interfere with faith and practice that is based on Biblical teaching.

We present the following claims for exemption from certain requirements of the Final Title IX Implementing Regulations:

86.21 (c) (1) (2) (4) Admissions -

These subparts (1) prevent a recipient institution from applying any rule concerning the actual or potential parental, family, or marital status of an applicant which treats persons differently on the basis of sex; (2) prohibit an institution from discriminating against or excluding any person on the basis of pregnancy, childbirth, termination of pregnancy, or recovery therefrom, and (3) prevents a recipient institution from making pre-admission inquiry as to the marital status of an applicant.

College Policy - Cedarville College does exclude from its program unmarried, pregnant women.

Rationale - In order to maintain the distinctive character of the College as a Christian institution with Biblical moral standards, Cedarville College must reserve the right to exclude from its programs, male or female applicants who violate the moral standards contained in the Bible.

Scripture References - I Cor. 5; I Cor. 6:15-20; I Thess. 4:3-7.

86.31 (b) (5) Educational Programs and Activities - A recipient shall not, on the basis of sex, "discriminate against any person in the application of any rules of appearance."

College Policy - Cedarville College does maintain a policy limiting the length of men's hair.

Martin H. Gerry
Page 3

>Rationale - The policy reflects a sensitivity to the relationship of Cedarville College to its constituency and the institution's responsibility to those whom we serve, together with the School's desire to maintain a testimony to our churches and to society.
>
>Scripture Reference - I Cor. 10:32
>
>It is the institution's intent and practice to maintain the Biblical identity of the sexes while upholding their equality of person.
>
>Scripture References - I Cor. 11:14, 15.

86.40 (a) (b) (1) (4) (5) Marital or Parental Status -

>These subparts (1) prevent a recipient institution from applying any rule concerning a student's actual or potential parental, family, or marital status which treats students differently on the basis of sex; (2) prohibit an institution from discriminating against, or excluding any student from its education program or activity on the basis of such student's pregnancy, childbirth, false pregnancy, termination of pregnancy, or recovery therefrom; (3) require that a recipient institution treat pregnancy, termination of pregnancy and recovery therefrom as any other temporary disability; and (4) require that a recipient institution shall treat pregnancy, childbirth, false pregnancy, termination of pregnancy and recovery therefrom as a justification for a leave of absence, at the conclusion of which the student shall be reinstated to the status which she held when the leave began.
>
>College Policy - Cedarville College does exclude from its educational program and activities, unmarried women students experiencing pregnancy, childbirth, or termination of pregnancy.
>
>Rationale - In order to maintain the distinctive character of the College as a Christian institution with Biblical moral standards, Cedarville College must reserve the right to suspend from its program and activities, male or female students who violate institutional standards that have as their basis the moral standards contained in the Bible.
>
>Scripture References - I Cor. 5; I Cor. 6:15-20; I Thess. 4:3-7.

Martin H. Gerry
Page 4

86.57 (a) (1), (b), (c) Marital or Parental Status -

> These subparts provide that a recipient institution shall not apply any policy or take any employment action concerning the potential marital, parental, or family status of an employee or applicant for employment which treats persons differently on the basis of sex. A recipient shall not discriminate against or exclude from employment any employee or applicant for employment on the basis of pregnancy, childbirth, false pregnancy, termination of pregnancy, or recovery therefrom, and the recipient shall treat pregnancy, childbirth, false pregnancy, termination of pregnancy, and recovery therefrom and any other temporary disability resulting therefrom as any other temporary disability for all job related purposes.
>
> College Policy - Cedarville College does exclude unmarried pregnant women applying for employment and also excludes from employment male or female employees who violate the moral standards contained in the Bible.
>
> Rationale - In order to maintain the distinctive character of the College as a Christian institution with Biblical moral standards, Cedarville College must reserve the right to exclude unmarried pregnant women applying for employment and to also exclude from employment male or female employees who violate the moral standards contained in the Bible.
>
> Scripture References - I Cor. 5: I Cor. 6:15-20; I Thess. 4:3-7.

The above exemption statements have been reviewed and approved by the Cedarville College administration and the Board of Trustees. While it is the intent of Cedarville College to continue to provide equal opportunity to members of both sexes in compliance with the provisions of Title IX regulations, continuation of policies relating to the above exemption statements are considered essential to the purpose and programs of the institution.

*James T. Jeremiah*
James T. Jeremiah
Chief Administrative Officer

*George P. Engelmann*
George Engelmann
Chairman, Board of Trustees

EXHIBIT D                                                                                                                    4



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS

SEP 13 1985

Dr. Paul H. Dixon
President
Cedarville College
Box 601
Cedarville, Ohio 45314

Dear President Dixon:

The Office for Civil Rights of the Department of Education (OCR/ED) is in the process of resolving a number of pending requests for religious exemption from Title IX of the Education Amendments of 1972. Our records indicate that Cedarville College filed such a request, but there is no record that OCR adequately acknowledged this request.

We have recently reviewed the request filed by former President Jeremiah (copy enclosed) in which he described several policies practiced at Cedarville College as consistent with the tenets of the religious organization that controls the College. These policies would violate certain sections of the regulation implementing Title IX (copy enclosed) absent a religious exemption. The former president supplied information in his request letter that establishes that Cedarville College is controlled by a religious organization and that tenets followed by this organization conflict with specific sections of the Title IX regulation. Therefore, I am granting Cedarville College an exemption to those sections of the Title IX regulation specified in the request letter. The exemption is limited to the extent that compliance with the Title IX regulation conflicts with the religious tenets followed by Cedarville College. Cedarville College is hereby exempted from the requirements of the following sections of the Title IX regulation: 34 C.F.R. § 106.21(c)(1), (2) and (4); § 106.40(a), (b)(1), (4) and (5); and § 106.57(a)(1), (b) and (c). The basis for our decision to grant this exemption is discussed in further detail below.

The request letter indicates that Cedarville College is a Baptist college that "was founded upon and continues to present a curriculum based upon a doctrinal position that the Bible is our sole basis for faith and practice . . . . Cedarville College is subject to annual approval by the General Association of Regular Baptist Churches (GARBC) to assure the continuity of the educational program in conformity with the Scriptural position of the majority of the GARBC." This relationship between the GARBC and Cedarville College adequately establishes that the College is controlled by a religious organization as is required for consideration for exemption under § 106.12 of the Title IX regulation.

Page 2 - Dr. Paul H. Dixon

The request letter indicates that students and employees at Cedarville College must adhere to tenets of the Baptist Church relative to a prohibition of pregnancy, childbirth or termination of pregnancy that occurs out of wedlock. Based on this principle, Cedarville College has requested, and is granted by this letter exemption to § 106.21(c)(1), (2) and (4) (marital or parental status of applicants for admission); § 106.40(a) and (b)(1), (4) and (5) (marital or parental status of students); and § 106.57(a)(1), (b), and (c) (marital or parental status of employees and applicants for employment).

Cedarville College also requested exemption for § 106.31(b)(5) concerning rules of appearance. Section 106.31(b)(5) was formally revoked and deleted from the Title IX regulation. Therefore, an exemption for appearance codes is not necessary.

This letter should not be construed to grant exemption from any section of the Title IX regulation not specifically mentioned. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption herein granted. Also, in the unlikely event that a complainant alleges that the practices followed by the institution are not based on the religious tenets of the controlling organization, OCR is obligated to contact the controlling organization to verify those tenets. If the organization provides an interpretation of tenets that has a different practical impact than that described by the institution, or if the organization denies that it controls the institution, this exemption will be rescinded.

I hope this letter responds fully to your request. I regret the inordinate delay in responding to your original request. If you have any questions, please do not hesitate to contact the Chicago Regional Office for Civil Rights. The address is:

> Linda A. McGovern
> Acting Regional Civil Rights Director
> Office for Civil Rights, Region V
> Department of Education
> 300 South Wacker Drive, 8th Floor
> Chicago, Illinois 60606

Sincerely,

Harry M. Singleton
Assistant Secretary
  for Civil Rights

Enclosures

cc: Linda A. McGovern, Acting Regional Civil Rights Director, Region V

EXHIBIT D                                                                        6

# CEDARVILLE COLLEGE

June 26, 1989

Assistant Secretary for Civil Rights
United States Department of Education
400 Maryland Avenue, S.W.
Washington, DC 20202

RE: Title IX Religious Exemption

Dear Sir:

The Cedarville College hereby claims an exemption from the requirements of Title IX of the Education Amendments of 1972 ("Title IX") as herein specified, pursuant to Sections 901(a)(3) and 908 of Title IX and 34 C.F.R. Section 106.12(b). The College believes that it may in the past have received, and may currently be receiving, indirect federal aid within its understanding of the Supreme Court decision in Grove City College v. Bell, 465 U.S. 555 (1984).

The Cedarville College is a regionally accredited liberal arts college, offering courses of instruction in the humanities, arts and sciences. The College is subject to annual approval by the General Association of Regular Baptist Churches (GARBC), 1300 N. Meacham Road, Schaumburg, Illinois 60195, a non-profit religious corporation which was incorporated under the laws of the State of Illinois under the control of a board of trustees (The Council of Eighteen), and is exempt from federal income taxation as a not-for-profit organization under Section 501(c)(3) of the Internal Revenue Code.

The Cedarville College was incorporated in the State of Ohio as a Christian institution of higher education under the control of a board of trustees and is also exempt from federal income taxation as a not-for-profit institution under Section (c)(3) of the Internal Revenue Code. The trustees of the College and the faculty, students and employees of the College are all required to espouse a personal belief in the religious tenets of the Christian faith. The Charter of the College and the catalogs and other official publications of the College contain explicit statements that the College is committed to the doctrines of the Christian religion. The College maintains its religious tradition, standards and beliefs in accordance with the requirements of the General Association of Regular Baptist Churches aforementioned.

The College educates in the broad range of liberal arts, in which it adheres to Biblical tenets for matters of faith and practice, following its religious tradition. It specifically utilizes a religious preference in employment practices to assure that faculty and staff adhere to a common religious understanding of the religious beliefs, values and

*100 years in Christian higher education*

purposes that guide the educational mission of the college. Accordingly, the personnel of the college accept religious standards in matters of moral behavior, dispute and grievance resolution and disciplinary matters, as well as in the performance of any religious role or office in which gender distinctions may be required. The Bible sets forth the standards for Christian morality and practice in far too many places and forms to be identified comprehensively in this letter; however, see for example:

1. Romans 12:1 "...present your bodies a living and holy sacrifice, acceptable to God, which is your spiritual service of worship." (NAS)

2. Romans 6:13 "And do not go on presenting the members of your body to sin as instruments of unrighteousness; but present yourselves to God as those alive from the dead, and your members as instruments of righteousness to God." (NAS)

3. Cedarville College Doctrinal Statement 11: "We believe in personal separation from all practices and influences of the world which hinder a spirit-filled life." Cedarville College Doctrinal Statement, page 174, Cedarville College Catalog 1987-1988.

4. The Cedarville College Student Handbook. "IV Community Discipline...[T]he College believes that redemptive discipline should be:

    I.   A meaningful learning experience and should encourage responsible behavior;

    II.  Based on a Scriptural balance of love and justice and educational principles;

    III. Consistent with the best interest of both the individual and the total College community in mind." Cedarville College Student Handbook at p. 23.

The College seeks to maintain its religious freedom to make certain gender-based distinctions in matters of moral behavior, marriage and residential living environments and standards. It specifically holds religious standards for personnel and students in matters conducive to the fostering of proper moral behavior and the discouragement of inappropriate behavior as understood by the religious tradition and tenets accepted by the College. Such standards include matters relating to the expression of human sexuality, living environments, respect for the institution of marriage, language and modest attire.

EXHIBIT D                                                               8

Page 3 of 4
Assistant Secretary for Civil Rights
June 26, 1989

The College adjudicates matters of moral behavior, including the misuse of human sexuality, in accordance with Scriptural teaching about moral behavior. See, for example:

I. I Corinthians 5.
II. I Corinthians 6:15-20.
III. I Thessalonians 4:3-7.

In it's letter of June 4, 1976 to the Department of Education, the College claimed religious exemption from certain of the provisions of Title IX which have since been renumbered. In it's letter of September 13, 1985 the Department granted such claim. However, in light of the passage of the Civil Rights Restoration Act of 1987 and the college's current understanding of the provisions of Title IX and the regulations thereunder that are applicable to the College, this exemption notice is being submitted at this time in order to clarify and extend the scope of the exemption previously received from the Department and presently claimed by the College.

Accordingly, the College hereby claims exemption from the application of the following provisions of the Title IX regulations, to the extent that they conflict with the College's religious tenets and traditions as described above: C.F.R. Sections 106.21(c), 106.40, 106.57 and 106.60 (treatment based on marital and parental status), together with any application of Sections 106.38 (employment assistance to students); Section 106.51 (employment opportunities for religious offices or positions such as chaplains limited by religious tenets to one gender); 106.53 (recruitment); 106.55 (job classification and structure) or 106.59 (advertising) that relates to such employment opportunities that are limited to one gender by the religious beliefs of the College.

The religious tenets relevant to marital and parental status are biblically derived. In order to live within commonly received Christian meanings of human relationships and provide a moral and biblical ethos for the college community, moral standards are maintained consistent with the precepts of the Bible and the religious custom and practice that interpret its moral standards. Where such willful conduct expressly violates biblical norms (e.g. cohabitation, promiscuous conduct outside of wedlock, homosexual behavior, or divorce, [see, e.g., I Cor. 6:12-20; Gal. 5:19-21; Romans 1:24-27; I Cor. 7:10,11]) the college reserves its right to exercise its discretion for the remedy appropriate to the circumstances consistent with its religious beliefs and practices.

There are a number of issues central to the religious beliefs and practices of the College that may not have been discussed in this letter because of our understanding that no specific exemption is required. For example, the College believes that Title IX, as amended by the Civil Rights Restoration Act of 1987, shall not be construed to require the College to provide or pay for any benefit or service, including the use of

Page 4 of 4
Assistant Secretary for Civil Rights
June 26, 1989

facilities, related to an abortion. Additionally, pursuant to 34 C.F.R. Section 106.15(d), the provisions of Sections 106.16 through 106.23, inclusive, do not apply to the College because it is a private institution of undergraduate higher education. Finally, the College understands that Sections 106.32 and 106.33 permit the College to provide separate, although substantially comparable, housing, bathroom, locker room and similar facilities for men and women.

The College generally opposes gender-based discrimination and affirms its intention to comply with the provisions of Title IX and the regulations thereunder except to the extent that such compliance would cause the College to violate its religious tenets and traditions. The College specifically claims its right to exercise a religious preference in its employment decisions, pursuant to Section 702 of Title VII of the Civil Rights Act of 1964 and the decision of the Supreme Court in Corporation of the Presiding Bishop v. Amos, 107 S. Ct. 2862 (1987). In seeking to provide equal employment opportunities for men and women, the College shall not under any circumstances waive or be deemed to have waived its primary requirement of hiring only persons whose religious beliefs and practice are consistent with the Christian tenets, principles and traditions accepted by the College and the Corporation.

In the event of future amendments to Title IX or the regulations thereunder, or changes in the application thereof or the facts surrounding the operation of the College and the burden of such statute and regulations on the College's ability to pursue its religious mission, the College reserves its right to claim an amendment to its exemption or an additional exemption in order to fully protect the religious tenets, practices and traditions of the College.

Thank you for your assistance and for your prompt consideration of this letter. If you have any questions or require any further information, please contact Donald W. Rickard, Vice-President of Cedarville College for Student Services at (513) 766-2211 extension 220.

Very truly yours,

*Paul H. Dixon*

Dr. Paul H. Dixon,
President

EXHIBIT D                                                                 10



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS

AUG 16 1989

Dr. Paul H. Dixon
President
Cedarville College
Box 601
Cedarville, Ohio  45314

Dear Dr. Dixon:

The Office for Civil Rights (OCR) of the Department of Education has completed its review of your letter, dated June 26, 1989, requesting a religious exemption from certain sections of the regulation implementing Title IX of the Education Amendments of 1972. By letter dated September 13, 1985, Cedarville College (College) was exempted from the following sections of the Title IX regulation: 34 C.F.R. §§ 106.21(c)(1), (2) and (4); 106.40(a), (b)(1), (4) and (5); and 106.57(a)(1), (b) and (c).

In your request letter of June 26, 1989, you provided information that establishes that the College is controlled by a religious organization and that tenets of this organization conflict with specific sections of the Title IX regulation (copy enclosed). You described in your request letter certain policies practiced at the College as being consistent with the tenets of the religious organization that controls the institution. These policies would violate certain sections of the regulation implementing Title IX absent a religious exemption. Therefore, I am granting the College an exemption to those sections of the Title IX regulation specified in your most recent request letter. Cedarville College is hereby exempted from the requirements of the following sections of the Title IX regulation:  34 C.F.R. §§ 106.21(c), 106.38, 106.40, 106.51, 106.53, 106.55, 106.57, 106.59, and 106.60. The exemption is limited to the extent that compliance with the Title IX regulation conflicts with the religious tenets followed by the College. The basis for this decision is discussed in further detail below.

Your request letter indicates that the College is a Baptist College subject to annual approval by the General Association of Regular Baptist Churches (GARBC). The trustees of the College and the faculty, students and employees of the College are all required to espouse a personal belief in the religious tenets of the Christian faith. The Charter of the College and the catalogs and other official publications of the College contain explicit statements that the College is committed to the doctrines of the Christian religion. The College maintains its religious traditions, standards, and beliefs in accordance with the requirements of the GARBC. This relationship between the GARBC and the College adequately establishes that the College is controlled by a religious organization as is required for consideration for exemption under 34 C.F.R. § 106.12 of the Title IX regulation.

Page 3 - Dr. Paul H. Dixon

I hope this letter responds fully to your request. If you have any questions, please do not hesitate to contact the Chicago Regional Office for Civil Rights. The address is:

> Mr. Kenneth A. Mines
> Regional Civil Rights Director
> Office for Civil Rights, Region V
> U.S. Department of Education
> 401 South State Street, Room 700C, 05-4010
> Chicago, Illinois 60605-1202.

Sincerely,

William L. Smith
Acting Assistant Secretary
for Civil Rights

Enclosure

cc: Kenneth A. Mines, Regional Civil Rights Director, Region V



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

June 11, 2018

Thomas White, Ph.D.
President
Cedarville University
251 North Main Street
Cedarville, Ohio 45314

Dear President White:

I write in response to your March 13, 2018, letter to the U.S. Department of Education's Office for Civil Rights (OCR). In your letter, you indicate that Cedarville University (University) of Cedarville, Ohio is entitled to a religious exemption from Title IX of the Educational Amendments of 1972 (Title IX), 20 U.S.C. § 1681.

Title IX prohibits discrimination on the basis of sex in any education program or activity operated by a recipient of Federal financial assistance. Title IX and its implementing regulation at 34 C.F.R. § 106.12 provide that Title IX does not apply to an educational institution that is controlled by a religious organization, to the extent that the application of Title IX would be inconsistent with the controlling organization's religious tenets. Therefore, such educational institutions may request an exemption from Title IX by identifying the provisions of Title IX that conflict with a specific tenet of the religious organization. The request must identify the religious organization that controls the educational institution, specify the tenets of that organization, and state the provisions of the law or regulation that conflict with those tenets. An institution may be considered controlled by a religious organization if it is a school or department of divinity.

Your letter states that the University "was established in 1887 as an institute for Christian higher education," and that it was "[o]riginally affiliated with the Reformed Presbyterian Church," but subsequently "became a Baptist college of arts and sciences by mutual agreement of the Reformed Presbyterian Church and the Baptist Bible Institute of Cleveland, Ohio." You state that the University is "operating in accordance with Baptist doctrines of faith." For instance, it requires a "five-class Bible minor" for all undergraduate students, and "also offers graduate degrees, including ministry degrees (M.Min. and M.Div.), all of which require some demonstration of biblical proficiency." Further, "[i]n order to attend Cedarville, all students must make a written profession of faith in Jesus Christ . . . [and] attend worship services five days per week in which the Bible is taught and religious songs are sung together." The University is governed by a Board of Trustees, and "[e]ach member of the Board of Trustees must annually subscribe to the University's doctrinal statement and standards of conduct."

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-1100
www.ed.gov

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

Thomas White — page 2

Further, your letter states that the University "is committed to the biblical principle that all human beings are created in the image of God, a principle that promotes respect for the bodily integrity of all persons and the sacredness of human sexuality." Your letter indicates, without expressly stating, a position that portions of Title IX and its accompanying regulations conflict with the University's religious tenets. On that basis, your letter asserts an exemption from "any application of Title IX and or its regulations," noting that this "includes but is not limited to 34 C.F.R. §§ 106.21-106.61." OCR acknowledges that the University is exempt from Title IX to the extent that compliance would conflict with the controlling organization's religious tenets.

In order to provide a more specific assurance to the University, OCR would need further information identifying the provisions of Title IX that conflict with specific tenets of the religious organization. An institution claiming an exemption may refer to a broad scope of relevant literature in this regard, including biblical scripture, doctrinal statements, catalogs, statements of faith, or other documents reflecting religious tenets. Note, however, that to avoid possible constitutional entanglements, OCR does not engage in an inquiry as to whether certain religious tenets actually conflict with Title IX. *If the University would like a more specific written assurance from OCR*, it may submit a statement of its tenets, or alternatively, submit a statement of its practices, as based on religious tenets, that conflict with the provisions of Title IX. Otherwise, we will consider the matter closed.

Note, however, that Title IX does not require that a recipient institution submit a written statement to OCR in advance of claiming a religious exemption. Religious institutions that have neither sought nor received prior written assurance from OCR may still invoke their exemption after OCR receives a Title IX complaint. Primarily, the written claim or "request" for exemption from an institution is a request for assurance from OCR of exemptions to certain sections of the regulation.

Please note that this letter should not be construed to grant exemption from the requirements of Title IX and the regulation other than as stated above. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption here recognized.

I hope this letter fully responds to your request. If you have any further questions, please do not hesitate to contact me.

Sincerely,

Candice Jackson
Acting Assistant Secretary for Civil Rights



March 13, 2018

Candice Jackson
Acting Assistant Secretary for Civil Rights
U.S. Department of Education
Office for Civil Rights
400 Maryland Avenue, SW
Washington, D.C. 20202-1100

Re: Cedarville University's Religious Exemption to Title IX

Dear Acting Assistant Secretary Jackson:

As the President and highest-ranking administrator of Cedarville University, I am writing to inform the Department of Education's Office of Civil Rights that Cedarville University hereby claims its religious exemption to Title IX of the Education Amendments of 1972 ("Title IX"). Cedarville University is a non-profit, faith-based university located in Cedarville, Ohio. Pursuant to the University's constitutional rights under the First Amendment and statutory rights under 20 U.S.C. § 1681(a)(3), the University is entitled to an exemption from all provisions of Title IX that are not consistent with its religious tenets.

Title IX provides that it "*shall not apply* to [a religious educational institution] if the application of this subsection would not be consistent with the religious tenets of such organization[.]" 20 U.S.C. § 1681(a)(3). The "shall not apply" language indicates that the exemption is automatic and Title IX cannot be enforced in a way that is inconsistent with a school's religious tenets.

On October 6, 2017, U.S. Attorney General Sessions issued a memorandum entitled "Federal Law Protections for Religious Liberty." Regarding the Title IX religious exemption process, the memorandum explained: "Although eligible institutions may 'claim the exemption' in advance by 'submitting in writing to the Assistant Secretary a statement by the highest ranking official of the institution, identifying the provisions . . . [that] conflict with a specific tenet of the religious organization,' 34 C.F.R. § 106.12(b), they are not required to do so to have the benefit of it, *see* 20 U.S.C. § 1681."

Cedarville University was established in 1887 as an institute for Christian higher education. Originally affiliated with the Reformed Presbyterian Church, the Cedarville College (subsequently known as "Cedarville University") became a Baptist college of arts and sciences by mutual agreement of the Reformed Presbyterian Church and the Baptist Bible Institute of Cleveland, Ohio. Cedarville University remains a non-profit educational institution operating in accordance with Baptist doctrines of faith.

Candice Jackson
March 13, 2018
Page 2

Cedarville University is a Christ-centered learning community equipping students for lifelong leadership and service through an education marked by excellence and grounded in biblical truth. Cedarville University offers more than 130 programs of study, which cover most areas of the liberal arts, the sciences, professional programs, and theological studies. It also offers approximately 40 minors, including a five-class Bible minor, which is required for all undergraduate students. The University also offers graduate degrees, including ministry graduate degrees (M.Min. and M.Div.), all of which require some demonstration of biblical proficiency. The University achieves its mission by accomplishing the following objectives or "portrait statements" which reflect characteristics of a Cedarville University graduate:

**Glorify God**
The Cedarville graduate exemplifies devotion to the triune God, Christ-like character, and faithfulness to the teachings of the Scriptures.

**Think Broadly and Deeply**
The Cedarville graduate evaluates ideas, practices, and theories across disciplines within the framework of God's revelation.

**Communicate Effectively**
The Cedarville graduate listens well, and produces and delivers clear, compelling, accurate, and truthful messages in a relevant, respectful manner.

**Develop Academically and Professionally**
The Cedarville graduate demonstrates competence and integrity in academic and professional endeavors.

**Engage for Christ**
The Cedarville graduate lives to further the mission of Christ in the world as an active influence in spiritual, moral, professional, and social spheres.

In order to attend Cedarville, all students must make a written profession of faith in Jesus Christ. Students are required to attend worship services five days per week in which the Bible is taught and religious songs are sung together. Students affirm their commitment to the Cedarville Covenant with the pledge "We will love God and others, live with integrity, and pursue excellence in all we do." Similarly, all faculty and staff agree to the doctrinal statement and community covenants annually as a condition of employment.

Cedarville is governed by an independent, self-perpetuating Board of Trustees operating under the laws of the state of Ohio. Each member of the Board of Trustees must annually subscribe to the University's doctrinal statement and standards of conduct. A minimum of 50% of the Board of Trustees must be considered pastors or in religious vocations. Cedarville University's Bylaws outlines its doctrinal statement and standards of conduct, which are attached to this letter.

Candice Jackson
March 13, 2018
Page 3

For all these reasons, Cedarville University is an educational institution that is controlled by a religious organization. Therefore, under the plain language of 20 U.S.C. § 1681(a)(3), Cedarville University is exempt from any application of Title IX or the regulations issued thereunder that conflict with the University's religious tenets, which includes, but is not limited to, 34 C.F.R. §§ 106.21 - 106.61. Cedarville University believes that Section 1681 and the regulations thereunder, as interpreted by the government and some courts, is inconsistent with the University's religious tenets. It remains the prerogative of Cedarville University, not the government or the courts, to evaluate and decide when and to what extent Title IX conflicts with the University's religious tenets. *See Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2778 (2014) ("Repeatedly and in many different contexts, we have warned that courts must not presume to determine . . . the plausibility of a religious claim"); *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 716 (1981) ("[I]t is not within the judicial function and judicial competence to inquire whether" someone who has religious qualms with a law has "correctly perceived the commands of [his] . . . faith.").

At the same time, I wish to emphasize that Cedarville University is committed to providing a safe environment for all students, ensuring that its programs and activities are free from sexual misconduct, sexual violence, sexual assault, illegal discrimination, bullying, and harassment. Cedarville University is committed to the biblical principle that all human beings are created in the image of God, a principle that promotes respect for the bodily integrity of all persons and the sacredness of human sexuality. Sexual misconduct is antithetical to the standards and ideals of our community and will not be tolerated. Cedarville recognizes the spiritual, moral, legal, physical, and psychological seriousness of all sexual misconduct. Cedarville aims to prevent sexual misconduct through education, training, clear policies, and serious consequences for violations of these policies. The University will take immediate action to address allegations of any form of sexual misconduct.

Thank you for your attention to this matter.

Respectfully,

*Thomas White*

Thomas White, Ph.D., President
Cedarville University
251 North Main Street
Cedarville, Ohio 45314