

**Oklahoma Baptist University**
okbu.edu

**David Wesley Whitlock**
*President*
405.585.5801 | FAX 405.585.5811
OBU Box 61241 | 500 West University | Shawnee, OK 74804

November 24, 2014

Ms. Catherine E. Lhaman
Assistant Secretary for Civil Rights
United States Department of Education
400 Maryland Ave. S.W.
Washington, DC 20202-1100

Re: Claim of Title IX Religious Tenet Exemption

Dear Ms. Lhaman,

As President of Oklahoma Baptist University, I am the highest ranking official of this institution. I submit the following statement in order to claim on behalf of the University the religious tenet exemption from Title IX of the Education Amendments of 1972 which is provided for in 20 U.S.C. 1681, 1682, and which is the subject of 34 C.F.R. 106.12.

Oklahoma Baptist University is a Southern Baptist institution of higher education. It is an Oklahoma nonprofit corporation whose principal office address is 500 West University, Shawnee, Oklahoma 74804. I enclose the Charter and Bylaws of the University.

Oklahoma Baptist University is controlled by a religious organization. That organization is the Baptist General Convention of the State of Oklahoma. (See the University's Charter.) This Convention is a Southern Baptist general body whose constituency is the cooperating Southern Baptist churches of Oklahoma. It is an "association of churches" in the terminology of the Internal Revenue Code. Pursuant to the University's Charter and Bylaws, the Baptist General Convention of the State of Oklahoma controls the University in part by exercising its right to select the entire membership of the board of directors of the University, the governing body of the University. (See the University's Bylaws, especially Articles I and II.)

The Convention's authority over the University constitutes control by the Convention which is more than sufficient to cause the institution to be exempt from Title VII of the Civil Rights Act of 1964's general prohibition against religious discrimination in employment under 42 U.S.C. 2000e-2, § 703(e)(3) as an educational institution "which is in whole or in substantial part, owned, supported, controlled, or managed by a particular religion or by a particular religious

Ms. Catherine E. Lhaman
November 24, 2014
Page 2

corporation, association or society." (See, for example, the decision of the United States Circuit Court of Appeals, Eleventh Circuit, regarding our sister Southern Baptist university in Killinger v. Samford University, 113 F. 3d 196 (1997)).

This request for exemption is from provisions of Title IX to the extent application of those provisions would not be consistent with the Convention's religious tenets regarding marriage, sex outside of marriage, sexual orientation, gender identity, pregnancy, and abortion.
I identify those provisions to be:

Admissions:

34 C.F.R. § 106.21 including but not limited to (b)(iii) (governing differential treatment on the basis of sex in admissions); and (c) (governing admissions prohibition on the basis of marital or parental status).

Recruitment:

34 C.F.R. § 106.23 (governing nondiscriminatory recruitment).

Education Programs or Activities:

34 C.F.R. § 106.31(b)(4) (governing different rules of behavior or sanctions), and (b)(7) (otherwise limiting any person in the enjoyment of any right, etc);
34 C.F.R. § 106.32 (governing housing);
34 C.F.R. §106.33 (governing comparable facilities such as restrooms and locker rooms);
34 C.F.R. § 106.40 (governing different rules based on marital or parental status of students); and
34 C.F.R. § 106.41 (governing athletics);

Employment:

34 C.F.R. § 106.51 (governing employment);
34 C.F.R. § 106.52 (employment criteria);
34 C.F.R. § 106.53 (recruitment);
34 C.F.R. § 106.57 (governing the consideration of marital or parental status in employment decisions); and
34 C.F.R. § 106.60 (governing pre-employment inquiries).

The mission of the University is stated as follows:

> As a Christian liberal arts university, Oklahoma Baptist University transforms lives by equipping students to pursue academic excellence, integrate faith with all areas of knowledge, engage a diverse world, and live worthy of the high calling of God in Christ

Ms. Catherine E. Lhaman
November 24, 2014
Page 3

The purpose of the University is declared in its Charter, to wit:

> The purpose of this corporation is to encourage, support, provide, and maintain Christian education and to engage in Christian undertakings which are in keeping with the purpose of the Baptist General Convention of the State of Oklahoma.

Southern Baptist religious tenets have been described most extensively and most recently in The Baptist Faith and Message 2000, a statement of faith adopted by the Convention. That statement is attached.

In regard to marriage, sex outside of marriage, sexual orientation, gender identity, pregnancy and abortion, the following statements are illustrative:

> "Marriage is the uniting of one man and one woman in covenant commitment for a lifetime. It is God's unique gift to reveal the union between Christ and His church and to provide for the man and the woman in marriage the framework for intimate companionship, the channel of sexual expression according to biblical standards, and the means for procreation of the human race. . . . Children, from the moment of conception, are a blessing and heritage from the Lord." *XVII The Family, The Baptist Faith and Message 2000*.

> "Man is the special creation of God, made in His image. He created them male and female as the crowning work of His creation. The gift of gender is thus part of the goodness of God's creation." *III Man, The Baptist Faith and Message 2000*. (The Southern Baptist Convention elaborated on this tenet most recently in 2014 by the adoption of a resolution "On Transgender Identity." It is attached.)

> "Christians should oppose racism, every form of greed, selfishness, and vice, and all forms of sexual immorality, including adultery, homosexuality, and pornography. . . . We should speak on behalf of the unborn and contend for the sanctity of all human life from conception to natural death." *XV The Christian and the Social Order, The Baptist Faith and Message 2000*.

The University's policies are rooted in these religious tenets. (See, for example, the University's Policy on Sex, Sexuality and Gender Identity which is attached.)

Application of a regulation would not be consistent with these tenets if the regulation prohibited the institution from following its policies, that is if the regulation prohibited the University:

> From engaging in recruiting and admissions under a policy which called for the consideration of an applicant for admission's sexual orientation, transgendered status, marital status, past and present practices regarding marriage, sex outside marriage, pregnancy, and abortion (these considerations collectively referred to hereafter as

EXHIBIT M                                                                                                          3

Ms. Catherine E. Lhaman
November 24, 2014
Page 4

"student and employee characteristics"), and prohibited the institution from treating that person differently as a result of that consideration;

From subjecting students to rules of behavior, sanctions, or other treatment because of these student characteristics. Examples would be the institution's rules regarding eligibility for employment of the student by the institution; the assignment of housing, restrooms and locker rooms, and restrictions to athletic activities by birth sex; rules prohibiting homosexual conduct including but not limited to a prohibition of a student's engaging in sex with a person of his or her birth sex; prohibition of sex outside of marriage between a man and a woman; sanctions as the result of pregnancy and abortion; and

From making all employment decisions, including but not limited to selection criteria and pre-employment inquiries, recruitment, the decision to employ, retention decisions, and decisions regarding sanctions, in a manner which takes into consideration these employee characteristics.

Thus, this claim for exemption includes exemption from these specified regulations to the extent the regulation would require the institution to treat marriage, sex outside of marriage, homosexuality, gender identity, pregnancy and abortion in a manner that is inconsistent with the religious tenets of the Convention.

I trust this letter is sufficient, but if you have any questions, please let me know. Thank you for your attention to this matter.

Sincerely,

David W. Whitlock
President

cc: James P. Guenther, Esq.



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

December 16, 2014

David Wesley Whitlock
President
Oklahoma Baptist University
500 West University
OBU Box 61241
Shawnee, OK 74804

Dear President Whitlock:

The purpose of this letter is to respond to your November 24, 2014, letter to the U.S. Department of Education, Office for Civil Rights (OCR), in which you requested a religious exemption for Oklahoma Baptist University (University) of Shawnee, Oklahoma from Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681. Title IX prohibits discrimination on the basis of sex in any education program or activity operated by a recipient of Federal financial assistance.

The implementing regulation at 34 C.F.R. § 106.12 provides that Title IX does not apply to an educational institution controlled by a religious organization to the extent that application of Title IX would be inconsistent with the controlling organization's religious tenets. Therefore, such educational institutions are allowed to request an exemption from Title IX by identifying the provisions of Title IX that conflict with a specific tenet of the religious organization. The request must identify the religious organization that controls the educational institution and specify the tenets of that organization and the provisions of the law and/or regulation that conflict with those tenets.

Your request explained that the University "is a Southern Baptist institution of higher education" and stated that it is controlled by the Baptist General Convention of the State of Oklahoma. Your letter enclosed a copy of the University's charter, which states that the University's purpose is "to encourage, support, provide, and maintain Christian education and to engage in Christian undertakings which are in keeping with the purpose of the Baptist General Convention of the State of Oklahoma." You also enclosed a copy of the University's bylaws, which state that the "Board of Trustees of the University shall consist of thirty Trustees who shall be elected by the Baptist General Convention of the State of Oklahoma." (Article II, Section 1.) The bylaws further state that the "President of the University must be an active member of a church affiliated with The Baptist General Convention of the State of Oklahoma." (Article V, Section 2.)

Your letter requests a religious exemption from the provisions of Title IX that "would not be consistent with the Convention's religious tenets regarding marriage, sex outside of marriage, sexual orientation, gender identity, pregnancy, and abortion." In support of this request, you cite to The Baptist Faith and Message 2000, the most recent statement of faith adopted by the Convention. According to your letter, that statement of faith explains that the tenets of the Convention are that marriage is between one man and one woman and serves as the means for procreation, that God made man in male and female form, and that the "gift of gender is thus part of the goodness of God's creation." You further cite the Convention's belief that one should "speak on behalf of the unborn and contend for the sanctity of all human life from conception to natural death."

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-1100
www.ed.gov

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

EXHIBIT M                                                                                                          5

David Wesley Whitlock – page 2

You state that, for these reasons, the University is requesting an exemption from the following regulatory provisions to the extent that they prohibit discrimination based on marital status, sex outside of marriage, sexual orientation, gender identity, pregnancy, or abortion:

- 34 C.F.R. § 106.21 (governing admission);
- 34 C.F.R. § 106.23 (governing recruitment of students);
- 34 C.F.R. § 106.31(b)(4) (governing different rules of behavior or sanctions);
- 34 C.F.R. § 106.31(b)(7) (governing the limitation of rights, privileges, advantages, or opportunities);
- 34 C.F.R. § 106.32 (governing housing);
- 34 C.F.R. § 106.33 (governing comparable facilities such as restrooms and locker rooms);
- 34 C.F.R. § 106.40 (governing different rules based on marital or parental status of students);
- 34 C.F.R. § 106.41 (governing athletics);
- 34 C.F.R. § 106.51 (governing employment);
- 34 C.F.R. § 106.52 (governing employment criteria);
- 34 C.F.R. § 106.53 (governing recruitment of employees);
- 34 C.F.R. § 106.57 (governing the consideration of marital or parental status in employment decisions); and
- 34 C.F.R. § 106.60 (governing pre-employment inquiries).

The University is exempt from these provisions to the extent that they prohibit discrimination on the basis of marital status, sex outside of marriage, sexual orientation, gender identity, pregnancy, or abortion and compliance would conflict with the controlling organization's religious tenets.

Please note that this letter should not be construed to grant exemption from the requirements of Title IX and the regulation other than as stated above. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption here granted. Also, in the unlikely event that a complainant alleges that the practices followed by the institution are not based on the religious tenets of the controlling organization, OCR is obligated to contact the controlling organization to verify those tenets. If the organization provides an interpretation of tenets that has a different practical impact than that described by the institution, or if the organization denies that it controls the institution, this exemption will be rescinded.

I hope this letter responds fully to your request. If you have any questions, please do not hesitate to contact me.

Sincerely,

Catherine E. Lhamon
Assistant Secretary for Civil Rights
U.S. Department of Education