

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS, REGION XV

1350 EUCLID AVENUE, SUITE 325
CLEVELAND, OH 44115

REGION XV
MICHIGAN
OHIO

DEC 0 6 2013

Dr. Brent Ellis
President
Spring Arbor University
106 E. Main Street
Spring Arbor, Michigan 49283

Re: OCR Docket #15-14-2006

Dear Dr. Ellis:

On November 4, 2013, the U.S. Department of Education (the Department), Office for Civil Rights (OCR), received a complaint filed against Spring Arbor University (the University) alleging sex-based discrimination against a student (the Student). The complaint alleges that the University is discriminating against the Student based on sex by denying him equal access to the University's education program and activities because (b)(6); (b)(7)(C) Specifically, the Student alleges that the University is treating him differently from other students on the basis of sex (b)(6); (b)(7)(C) (b)(6); (b)(7)(C)

OCR is responsible for enforcing Title IX, 20 U.S.C. §1681 *et seq.*, and its implementing regulation, 34 C.F.R. Part 106. Title IX prohibits discrimination on the basis of sex in education programs and activities operated by recipients of Federal financial assistance from the Department. As a recipient of such financial assistance, the University is subject to Title IX.

Because OCR has jurisdiction over this allegation and it was filed timely, OCR is opening this complaint for investigation. The complaint allegation raises the issue of whether the University, on the basis of sex, excluded the Student from participation in, denied him the benefits of, or otherwise subjected the Student to discrimination under any education program or activity in violation of the Title IX implementing regulation at 34 C.F.R. § 106.31.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*
www.ed.gov

EXHIBIT V                                    1

Page 2 – Dr. Brent Ellis

Please note that opening this matter for investigation in no way implies that OCR has made a determination with regard to the merit of the allegation. During the investigation, OCR is a neutral fact-finder, collecting and analyzing relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that its investigation is legally sufficient and is dispositive of the allegation in accordance with the provisions of Article III of OCR's *Case Processing Manual*.
Please read the enclosed document entitled *OCR Complaint Processing Procedures*, which includes information about:

- OCR's complaint evaluation and resolution procedures, including the availability of Early Complaint Resolution (ECR), a voluntary process similar to mediation whereby an OCR staff person facilitates communication between the parties in an attempt to resolve complaint allegations;

- regulatory prohibitions against retaliation, intimidation and harassment of persons who file complaints with OCR or participate in an OCR investigation; and

- application of the Freedom of Information Act and the Privacy Act to OCR investigations.

Additional information about the laws OCR enforces is available on our website at http://www.ed.gov/ocr.

OCR intends to conduct a prompt investigation of this complaint. The regulation implementing Title VI, at 34 C.F.R. § 100.6(b) and (c), requires that a recipient of Federal financial assistance make available to OCR information that may be pertinent to reach a compliance determination. This requirement is incorporated by reference in the Title IX regulation at 34 C.F.R. § 106.71. In addition, pursuant to 34 C.F.R. § 100.6(c) and 34 C.F.R. § 99.31(a)(3)(iii) of the regulation implementing the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, OCR may review personally identifiable records without regard to considerations of privacy or confidentiality.

We are therefore requesting that you forward the following information to us within 15 calendar days of the date stamped at the top of this letter. Where possible, please provide the requested information in electronic format (and bates-labeled if you have that capability); otherwise, please provide the information via hard copy:

1. a copy of the University's (b)(6); policies, including any policies that relate to (b)(6); (b)(7(C) ;

2. a copy of any policies and procedures the University has adopted to address complaints alleging violations of Title IX;

3. the name(s) and title(s) of the University employee(s) responsible for investigating complaints of sex discrimination and for coordinating the University's compliance with Title IX, and the date this person(s) began

EXHIBIT V                                                                                                2

Page 3 – Dr. Brent Ellis

    serving in this position. Please include a copy of all notifications to students and employees of the name or title, office address and telephone number of the employee(s), and information about where these notices can be found;

4. a copy of the University's Student Handbook for the (b)(6); (b)(7) academic year;

5. a copy of any documentation of communications between any University employee and the Student (b)(6); (b)(7)(C) or between University employees related to the Student's (b)(6); (b)(7(C) (b)(6); (b)(7)(C) including but not limited to all notes and memoranda, e-mails, student records, meeting minutes or notes, and telephone logs;

6. a copy of the names and titles of all University staff and administrators involved in any decision to place restrictions on the Student's (b)(6); (b)(7)(C) (b)(6); (b)(7)(C);

7. a copy of the names and titles of all University staff and administrators involved in any decision to limit the Student's (b)(6); (b)(7)(C) (b)(6); (b)(7)(C);

8. the names of all students during the (b)(6); (b)(7) and (b)(6); (b)(7) academic years who have been (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) (b)(6); (b)(7) and

9. any other information the University believes may be relevant to OCR's investigation of this complaint.

Thank you for your cooperation in this matter. In addition to the information requested above, we may need to request additional information and interview University staff. If we determine that an on-site visit is necessary, we will contact you to schedule a mutually convenient time for the visit.

Also, please note that this complaint may be appropriate for Early Complaint Resolution (ECR), a voluntary process similar to mediation during which an OCR staff person facilitates communication between the parties in an attempt to resolve complaint allegations. Because this process can save time and resources, allows both parties to decide the terms of their agreement, and can improve the parties' communication, this is often a positive method for quickly resolving issues raised in complaints. Please see the enclosed ECR brochure for additional information about this process. If OCR believes that this complaint is appropriate for ECR, an OCR staff person will contact you to discuss this option.

Page 4 – Dr. Brent Ellis

OCR works to resolve allegations of discrimination promptly and appropriately. Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the University's contact person during OCR's investigation of this complaint. If you have any questions, you may contact Mr. Ted Wammes, the OCR staff member assigned to investigate this complaint, by telephone at (216) 522-7022 or by e-mail at Ted.Wammes@ed.gov.

Sincerely,



Brenda Redmond
Acting Team Leader

Enclosures

EXHIBIT V                                                                                                                           4



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS, REGION XV

1350 EUCLID AVENUE, SUITE 325
CLEVELAND, OH 44115

REGION XV
MICHIGAN
OHIO

August 6, 2014

Diane Y. Bower, Esq.
Marcoux Allen P.C.
145 South Jackson Street
P.O. Box 787
Jackson, Michigan 49204

Re: OCR Docket #15-14-2006

Dear Ms. Bower:

This letter is to notify you of the disposition of the above-referenced complaint filed with the U.S. Department of Education's Office for Civil Rights (OCR) on November 4, 2013, against Spring Arbor University (the University). The complaint alleged that the University discriminated against a student (the Student) based on sex by denying him equal access to the University's education program and activities because (b)(6); (b)(7)(C). Specifically, the Student alleged that the University treated him differently from other students on the basis of sex (b)(6); (b)(7)(C).

OCR is responsible for enforcing Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. §1681 *et seq.*, and its implementing regulation, 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in education programs and activities operated by recipients of Federal financial assistance from the U.S. Department of Education. As a recipient of such financial assistance, the University is subject to Title IX. Therefore, initially, OCR had jurisdiction to investigate this complaint.

OCR initiated an investigation into the issue of whether the University, on the basis of sex, excluded a student from participation in, denied him the benefits of, or otherwise subjected him to discrimination under any education programs or activity in violation of the Title IX implementing regulation, at 34 C.F.R. § 106.31. However, before OCR could complete its investigation, the University requested and was granted a religious exemption to 34 C.F.R. § 106.31 and other portions of the Title IX implementing regulation. As the University is now exempt from complying with the portion of the Title IX regulation relevant to this complaint, OCR is closing this complaint effective the date of this letter. The basis for OCR's decision is discussed in more detail below.

The University is a private, non-profit, evangelical Christian university located in Spring Arbor, Michigan. The University is affiliated with the Free Methodist Church (the church), and

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*
www.ed.gov

EXHIBIT V    5

according to the University, it adheres to the church's religious tenets, which include prohibiting premarital sex and homosexual behavior, and a belief that one cannot change his or her birth gender. Pursuant to the University's articles of incorporation, the University's president, as well as the majority of the University's trustees, must be members of the church.

During the winter (b)(6); (b)(7)(C) semester, the Student notified the University that he (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) The Student informed OCR that, in October (b) the University responded by subjecting him to requirements that it did not impose on other students. Specifically, he said the University (b)(6); (b)(7)(C)
(b)(6); (b)(7)(C)

OCR spoke with University personnel regarding the Student's allegations. The University did not dispute that it imposed the above-referenced restrictions, and that it treated the Student differently based on Nonresponsive However, it asserted that because it is a religious institution, and because compliance with the Title IX regulation would conflict with its religious tenets, it should be exempted from certain provisions of Title IX on religious grounds.

Pursuant to Title IX and its implementing regulation, at 34 C.F.R. § 106.31(a)-(b), a university may not treat individuals differently on the basis of sex in its programs or activities without a legitimate, nondiscriminatory, nonpretextual reason for doing so. All students, including transgender students and students who do not conform to gender stereotypes, are protected from sex-based discrimination under Title IX. However, the Title IX implementing regulation at 34 C.F.R. § 106.12, provides that Title IX does not apply to educational institutions controlled by religious organizations to the extent application of Title IX would be inconsistent with the institutions' religious tenets. Such educational institutions are allowed to request an exemption from Title IX by identifying the provisions of Title IX that conflict with a specific tenet of the religious organization. The request must identify the religious organization that controls the educational institution and specify the religious tenets of that controlling organization and the provisions of the law and/or regulation that conflict.

By letter dated June 3, 2014, the University requested that OCR's Assistant Secretary grant it religious exemption pursuant to 34 C.F.R. § 106.12, on the basis that compliance with certain provisions of Title IX would conflict with the religious tenets of the University and its controlling organization, the Free Methodist Church. Specifically, the University requested exemption from the following Title IX provisions:

- 34 C.F.R. § 106.31(b)(4) (governing different rules of behavior or sanctions);
- 34 C.F.R. § 106.32 (governing housing);
- 34 C.F.R. § 106.33 (governing comparable facilities such as restrooms and locker rooms);

EXHIBIT V                                                                                           6

Page 3 – Diane Y. Bower, Esq.

- 34 C.F.R. § 106.40 (governing different rules based on marital or parental status)
- 34 C.F.R. § 106.41 (governing athletics);
- 34 C.F.R. § 106.51 (governing employment); and
- 34 C.F.R. § 106.57 (governing the consideration of martial or parental status in employment decisions).

In a letter dated June 27, 2014, OCR's Assistant Secretary granted the University's request and stated, in relevant part, that the University is exempt from the above provisions "to the extent that they prohibit discrimination based on gender identity or sexual orientation or require a recipient to treat students consistent with their gender identity, and compliance would conflict with the controlling organization's religious tenets."

As the Student's allegations of different treatment based on (b)(6); (b)(7)(C) fall under the Title IX implementing regulation for which OCR granted the University a religious exemption, OCR no longer has jurisdiction over the allegation with respect to the University, and is administratively closing this complaint effective the date of this letter.

If you have any questions, please contact Mr. Ted Wammes, the OCR staff person assigned to this complaint, by telephone at (216) 522-7022, or by e-mail at Ted.Wammes@ed.gov.

Sincerely,

(b)(6)

Lisa M. Lane
Supervisory Attorney/Team Leader

EXHIBIT V                                                                                                    7