KRISTEN K. WAGGONER,
OR Bar No. 067077
*Lead Counsel*

RYAN J. TUCKER*
AZ Bar No. 034382
MARK A. LIPPELMANN*
AZ BAR No. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
kwaggoner@ADFlegal.org
rtucker@ADFlegal.org
mlippelmann@ADFlegal.org

DAVID A. CORTMAN*
GA Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
dcortman@ADFlegal.org

*Admitted pro hac vice*

*Attorneys for Proposed Intervenors*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>*Defendants*,<br><br>WESTERN BAPTIST COLLEGE d/b/a CORBAN UNIVERSITY; WILLIAM JESSUP UNIVERSITY; PHOENIX SEMINARY,<br><br>*[Proposed] Defendant-Intervenors.* | Case No. 6:21-cv-00474-AA<br><br>**PROPOSED INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER** |

Four months after filing this action, and years or decades after most of their alleged injuries, Plaintiffs tried to manufacture an emergency by filing administrative complaints with the Department of Education's Office for Civil Rights (OCR). Plaintiffs then speculate about how OCR will resolve those complaints and ask the Court to issue a temporary restraining order to change (not preserve) the status quo. The Court should summarily deny Plaintiffs' motion and request for expedited hearing for at least five reasons.

*First*, Plaintiffs' motion seeks to change—not preserve—the status quo. The "sole purpose" of a temporary restraining order or preliminary injunction is to preserve the "status quo ante litem" pending a determination of the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). The "status quo ante litem" refers to the "last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quotations omitted). Here, the pending controversy is Plaintiffs' challenge to Title IX's longstanding religious exemption, which has existed for over 49 years. So the last uncontested status preceding this controversy consisted of the Department processing administrative complaints in accordance with the religious exemption. Plaintiffs' motion does not seek to preserve that framework; it seeks to alter it. Mot. for TRO, ECF No. 44 at 8 (requesting an order enjoining the Department from recognizing the religious exemption when processing administrative complaints). By arguing that the "status quo" refers to a contrary set of circumstances manufactured months *after* filing this action, Plaintiffs "reveal [their] confusion as to this term of law." *GoTo.com*, 202 F.3d at 1210.

*Second*, Plaintiffs have not shown they will suffer any irreparable injury justifying emergency relief. "[S]peculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984). Yet Plaintiffs' motion is based entirely on speculation that the Department

will dismiss their administrative complaints, and that dismissal will be based on the religious exemption—as opposed to some other factor such as untimeliness or lack of evidence. What is more, the administrative complaints are not even needed to protect or adjudicate Plaintiffs' rights, so any concern about their dismissal does not warrant emergency relief from this Court. Indeed, Title IX does not require individuals to file an administrative complaint before filing an action in federal court. *See Cannon v. Univ. of Chi.*, 441 U.S. 677, 706, n. 41 (1979). And Plaintiffs have already filed the present action. Their rights will be adjudicated *regardless* of how the Department resolves the belated—and now superfluous—administrative complaints.

*Third*, Plaintiffs' months-long delay confirms that there is no emergency or imminent threat of irreparable harm. The Ninth Circuit has held that waiting even two or three months before seeking a temporary restraining order "undercut[s] [Plaintiffs'] claim of irreparable harm." *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (citing *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)). Plaintiffs filed this action on March 29, 2021, but waited over four months to file their motion for temporary restraining order. And Plaintiffs' delay here is compounded by the fact that they could have filed their administrative complaints months, years, or even decades ago. *Compare* Decl. of Gary Campbell, ECF No. 35-10 ¶3 (attributing injuries to a school that Gary Campbell stopped attending in 2003), *with* Discrimination Complaint Form, ECF No. 48-1 at 20-23 (filing Gary Campbell's administrative complaint on July 27, 2021). Plaintiffs' delay confirms that emergency relief is not necessary.

*Fourth*, for the reasons explained in the Religious Schools' Proposed Motion to Dismiss the First Amended Complaint (ECF No. 54), Title IX's religious exemption is constitutionally *required*, and Plaintiffs are not likely to succeed on the merits of their claims. The Court should allow itself ample time to consider threshold motions to dismiss and deny Plaintiffs' demand to rush its determination.

*Fifth*, Plaintiffs' requested relief would violate the separation of powers. The judiciary cannot oversee and direct an executive agency's enforcement discretion and affirmative use of resources. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) ("Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities."); *Victorino v. FCA US LLC*, No. 16-cv-1617-GPC(JLB), 2016 WL 6441518, at *12 (S.D. Cal. Nov. 1, 2016) ("A court cannot direct a federal agency [] how to use its resources or how to set its enforcement priorities and when to conduct a vehicle recall or to halt the sale of vehicles."). Here, Plaintiffs' motion does not seek judicial review of some final agency action, but rather asks the Court to affirmatively direct the Department's routine operations. The requested relief exceeds the Court's jurisdiction.

For these reasons, the Court should deny Plaintiffs' motion and should not schedule an expedited hearing.

Respectfully submitted this 9th day of August, 2021.

| | *s/ Mark Lippelmann* |
|---|---|
| DAVID A. CORTMAN* | KRISTEN K. WAGGONER, |
| GA Bar No. 188810 | OR Bar No. 067077 |
| ALLIANCE DEFENDING FREEDOM | *Lead Counsel* |
| 1000 Hurricane Shoals Rd. NE | |
| Suite D-1100 | RYAN J. TUCKER* |
| Lawrenceville, GA 30043 | AZ Bar No. 034382 |
| Telephone: (770) 339-0774 | MARK A. LIPPELMANN* |
| dcortman@ADFlegal.org | AZ BAR No. 036553 |
| | ALLIANCE DEFENDING FREEDOM |
| | 15100 N. 90th Street |
| | Scottsdale, AZ 85260 |
| | Telephone: (480) 444-0020 |
| *Admitted pro hac vice* | kwaggoner@ADFlegal.org |
| | rtucker@ADFlegal.org |
| | mlippelmann@ADFlegal.org |

*Attorneys for Proposed Intervenor-Defendants*

## **CERTIFICATE OF COMPLIANCE**

This memorandum complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), or 54-3(e) because it contains 809 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*s/ Mark A. Lippelmann*
MARK A. LIPPELMANN*
AZ BAR NO. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90TH STREET
SCOTTSDALE, AZ 85260
TELEPHONE: (480) 444-0020
mlippelmann@ADFlegal.org

*Attorneys for Proposed Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, the foregoing was served via CM/ECF on counsel for all parties.

*s/ Mark A. Lippelmann*
MARK A. LIPPELMANN*
AZ BAR NO. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90TH STREET
SCOTTSDALE, AZ 85260
TELEPHONE: (480) 444-0020
mlippelmann@ADFlegal.org

*Attorneys for Proposed Intervenor-Defendants*