(All references by number and letter refer to Part 86, Subtitle A, Title 45 of the Code of Federal Regulations, which appeared in the Federal Register, June 4, 1976.)

1.    86.31 (b) (5)  In this clause, the regulations require that colleges not discriminate against any person in the application of any rules of appearance.

We believe that it is within the purview of a college such as ours to require students and employees to abide by certain rules of appearance. Such rules are properly designed on the basis of differing expectations of the sexes. The Bible does give us guidelines concerning modesty as well as sex-related appropriate grooming and attire. Therefore, we believe that the college should be exempt from 86.31 (b) (5).

2.    86.34  This section denies the college the option of providing any academic course to one sex only.

We believe that women should be excluded from Pastoral Studies courses--simply put, that we will not prepare women for the ordained ministry. Therefore, the college should seek exemption from 86.34 with respect to Pastoral Studies classes only.

3.    86.40 (b) (1), (4), (5)  The regulations state that the college may not discriminate against or exclude any student on the basis of pregnancy or termination of pregnancy. They further require that pregnancy, false pregnancy, childbirth, termination of pregnancy, and recovery therefrom be treated as any other temporary disability with respect to student health insurance. In addition, it is required that the college treat pregnancy as justification for a leave of absence for as long as medically necessary, with the student reinstated to the status she held when the leave began.

We believe that the college has the right to suspend any student, male or female, involved in practices defined by scriptures as sexual immorality. We also believe that the school has the right to take other appropriate disciplinary actions, which may include forfeiture of academic credit for a given semester in which such infraction occurs. Therefore, we would recommend that the school apply for exemption from 86.40.

4.    86.51 (a) (1), (2)  These portions of the regulations require the college to end discrimination between sexes in all hiring. Their effect is to end the school's right to select men only for certain teaching and administrative positions.

We believe that the New Testament indicates that men ought to take the positions of leadership and teaching in the church. By extension, we have thought it fitting that men only be involved in teaching Bible, teaching Pastoral Studies, and taking responsibilities in administrative leadership for the college. Therefore, we should apply for exemption from 86.51 for those particular positions.

5.    86.55 (a)  This paragraph of the regulations states that the college cannot classify a job as being for males or females.

We believe on the basis of the arguments set forth for number (4) above that the school should request exemption from 86.55 (a).

EXHIBIT B                                                                    1

6.    86.57   Again, the regulations prohibit discrimination in employment based upon pregnancy, childbirth, false pregnancy, termination of pregnancy, or recovery therefrom.  These paragraphs also require that the college treat pregnancy as a temporary disability, and as sufficient justification for a leave of absence with guaranteed reinstatement privileges.

We believe that the principles regarding morality and marital status as qualifications for Christian service are clearly set forth in the Bible. In addition, the Bible provides injunctions concerning marital status for those who would be Christian leaders.  Therefore, we would deem it advisable to request exemption from 86.57.


7.    86.60   This section, parallel to (6.) above, prohibits any inquiry of prospective employees concerning marital status.

We believe that arguments set forth in (6.) above are sufficient to request exemption from this part.


CONCLUSION

Western Baptist Bible College wishes to comply fully with the provisions of Part 86, except those sections violating our religious tenets. Finally, we wish to note that while we agree that Christian institutions of higher education ought to be obligated to provide equal opportunities to members of both sexes, we do not believe that it is within the scope of the law to require such institutions to seek eradication of all distinctions between the sexes.  Therefore, our internal committee has made careful examination of the regulations and has recommended these areas for requests for exemption.


Date:  ___4-18-77___                    Western Baptist Bible College
                                        5000 Deer Park Drive, S.E.
                                        Salem, Oregon   97302


                                        Dr. W. T. Younger
                                        President



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS

AUG  5 1985

Mr. John G. Balyo
President
Western Baptist College
5000 Deer Park Drive, S.E.
Salem, Oregon  97301

Dear President Balyo:

The Office for Civil Rights of the Department of Education (OCR/ED) is in
the process of clearing a backlog of requests for religious exemption from
Title IX of the Education Amendments of 1972.  Our records indicate that
Western Baptist College filed such a request, but there is no record that
OCR adequately acknowledged this request.

We have recently reviewed your institution's request (copy enclosed) in
which several policies practiced at Western Baptist College are described as
consistent with the tenets of the religious organization that controls the
institution.  These policies would violate certain sections of the regulation
implementing Title IX (copy enclosed) absent a religious exemption.  Infor-
mation supplied in the request letter and in your letter dated May 8, 1985,
establishes that the institution is controlled by a religious organization,
and that tenets followed by this organization conflict with specific sections
of the Title IX regulation.  Therefore, I am granting Western Baptist College
an exemption to those sections of the Title IX regulation specified in the
original request.  This exemption is limited to the extent that compliance
with the Title IX regulation conflicts with the religious tenets followed
by the institution.  Western Baptist College is hereby exempted from the
requirements of the following sections of the Title IX regulation:  34 C.F.R.
§ 106.34, § 106.40, § 106.51, § 106.55(a), § 106.57, and § 106.60.  The basis
for our decision to grant this exemption is discussed in further detail below.

Your letter indicates that the religious organization governing Western
Baptist College is the General Association of Regular Baptist Churches (GARBC),
and that the College is controlled by this organization.  This relationship
between the GARBC and Western Baptist College adequately establishes that
Western Baptist College is controlled by a religious organization as is
required for consideration for exemption under § 106.12 of the Title IX
regulation.

Page 2 - Mr. John G. Balyo

The institution's request letter states your belief that "women should be excluded from Pastoral Studies courses." Thus, Western Baptist College "will not prepare women for the ordained ministry." Based on these principles, Western Baptist College has requested and is granted by this letter, exemption to 34 C.F.R. § 106.34 (access to course offerings) with respect to Pastoral Studies classes.

The letter also indicates that the College reserves the right "to suspend any student, male or female, involved in practices defined by scriptures as sexual immorality." The College "has the right to take other appropriate disciplinary actions, which may include forfeiture of academic credit for a given semester in which such infraction occurs." Based on these principles, Western Baptist College has requested and is granted by this letter, exemption to 34 C.F.R. § 106.40, which pertains to marital or parental status of students.

The letter states your belief that the New Testament "indicates that men ought to take the positions of leadership and teaching in the church." Thus, you allow only men to be "involved in teaching Bible, . . . Pastoral Studies, and taking responsibilities in administrative leadership for the college." Based on these principles, Western Baptist College has requested and is granted by this letter, exemption to 34 C.F.R. § 106.51, which concerns employment matters, and 34 C.F.R. § 106.55(a), which addresses job classification and structure.

Finally, the letter indicates that "principles regarding morality and marital status as qualifications for Christian service are clearly set forth in the Bible" and that "the Bible provides injunctions concerning marital status for those who would be Christian leaders." Based on these principles, Western Baptist College has requested and is granted by this letter, exemption to 34 C.F.R. § 106.57, which pertains to marital or parental status of employees or applicants for employment, and 34 C.F.R. § 106.60 which concerns pre-employment inquiries.

Exemption was also requested from 34 C.F.R. § 106.31(b)(5) concerning rules of appearance. This section has been rescinded and deleted from the regulation. Therefore, an exemption is not necessary.

This letter should not be construed to grant exemption from any section of the Title IX regulation not specifically mentioned. In the event that OCR receives a complaint against Western Baptist College, we are obligated to determine initially whether the allegations fall within the exemption here granted. Also, in the unlikely event that a complainant alleges that the practices followed by Western Baptist College are not based on the religious tenets of the GARBC, OCR is obligated to contact the GARBC to verify those tenets. If the GARBC provides an interpretation of tenets that has a different practical impact than that described by Western Baptist College, or if the GARBC denies that it controls the institution, this exemption will be rescinded.

EXHIBIT B                                                                    4

Page 3 - Mr. John G. Balyo

I hope this letter responds fully to your request.  I regret the inordinate delay in responding to your original request.  If you have any questions, please do not hesitate to contact the Seattle Regional Office for Civil Rights.  The address is:

> Gary D. Jackson
> Regional Civil Rights Director
> Office for Civil Rights, Region X
> Department of Education
> 2901 Third Avenue, M/S 106
> Seattle, Washington  98101

> Sincerely,  .
>
> Harry M. Singleton
> Assistant Secretary
>   for Civil Rights

Enclosures

cc:  Gary D. Jackson, Regional Civil Rights Director, Region X

EXHIBIT B                                                                 5