Herbert G. Grey, OSB # 810250
Email: herb@greylaw.org
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908

Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060
* Admitted *pro hac vice*
*Counsel for Proposed Defendant-Intervenor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| ELIZABETH HUNTER, et al., | |
| Plaintiffs, | |
| v. | No. 6:21-CV-00474-AA |
| U.S. DEPARTMENT OF EDUCATION, et al., | |
| Defendants, | PROPOSED INTERVENOR CCCU'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS |
| v. | |
| COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, | ORAL ARGUMENT REQUESTED |
| Proposed Defendant-Intervenor. | |

## LR 7-1(A) CERTIFICATION

The proposed intervenor Council for Christian Colleges & Universities (CCCU) certifies that, as required by LR 7-1(A), it has made a good faith effort to confer with counsel for the parties. Plaintiffs oppose this motion; the United States has been contacted but has not provided a position.

## MOTION

Proposed intervenor CCCU respectfully moves for leave to file a Motion to Dismiss and Memorandum in Support.  CCCU should be allowed to file these materials because they offer the Court additional compelling reasons—beyond those addressed in the United States' recent Motion to Dismiss—as to why Plaintiffs' claims must be dismissed.  The filing of those materials will thus assist the Court in resolving this lawsuit.  And it will do so without imposing any prejudice on the Plaintiffs or Defendants.

## BACKGROUND

Plaintiffs in this case are a group of LGBTQ+ students and former students at religious colleges. They challenge, facially and as applied, the constitutionality of the Title IX religious exemption, and raise a challenge under the Administrative Procedure Act to two final rules issued late last year. First Am. Complaint ¶¶ 621-708, ECF No. 35. Recognizing both that the claims alleged in the initial Complaint were frivolous and that, if successful, they would pose an existential threat to religious higher education, CCCU moved to intervene. CCCU's Mot. to Intervene, ECF No. 26. At the time, CCCU indicated its intent to formally file a motion to dismiss "after intervention is granted." CCCU's Mot. to Intervene at 9.

The federal defendants (collectively, the Department) opposed CCCU's motion, and promised in their amended opposition to CCCU's motion to "adequately defend the religious

exemption." Dep't's Am. Opp'n to Mots. To Intervene at 2, ECF No. 37. CCCU filed its reply not long thereafter. CCCU's Reply, ECF No. 41.

CCCU's motion to intervene has now been fully briefed and has been ready for this Court's resolution for nearly two months. A lot has happened in that time. Plaintiffs moved for a temporary restraining order, Mot. for TRO, ECF No. 44, and both CCCU and the Department have opposed it. CCCU's Opp'n to Mot. for TRO, ECF No. 53; Dep't's Opp'n to Mot. for TRO, ECF No. 62. Just last week, the Department filed its own motion to dismiss the now-Amended Complaint. Defs.' Mot. to Dismiss, ECF No. 56. In its motion, the Department showed that Plaintiffs lack standing to challenge the Title IX religious exemption by suing the Department. *Id.* at 11-18. It also showed that the religious exemption is constitutional and that, as a result, the first, second, third, and fifth causes of action failed to state a claim. *Id.* at 19-35. CCCU joins those points.

But the Department left out several key points that CCCU itself would have made had its motion to intervene been granted by the time the Department's motion was due. *See* Exhibit A, CCCU's Proposed Mot. to Dismiss, at 12-27. The Department also repeatedly expressed its disapproval of the religious beliefs and practices of the religious colleges mentioned in the Amended Complaint. Defs.' Mot. to Dismiss at 2, 22, 24.  CCCU believes those expressions of disapproval should not go unrebutted.

## ARGUMENT

For two reasons, CCCU's motion for leave to file its motion to dismiss and accompanying materials should be granted.

*First,* CCCU's motion to dismiss will assist the Court in resolving this case expeditiously. As mentioned, the Department's motion is missing several key points for dismissal that CCCU

itself would have made had its intervention motion been granted by the time the Department's motion was due.

One example is the APA claim raised in the Amended Complaint for the first time. Because CCCU's motion to intervene was filed before the Amended Complaint, CCCU did not respond to it at that time. The Department's motion, moreover, does not explain why this APA claim fails to state a claim on which relief can be granted. Accordingly, if the Court disagrees with the Department's (correct) jurisdictional argument, the APA claim would necessarily survive the Department's motion. CCCU's motion to dismiss succinctly explains why Plaintiffs' APA claim should be dismissed, even if the Court finds it has jurisdiction to entertain it.

But the Department's motion provides another important reason to dismiss the Amended Complaint (and why CCCU's languishing intervention motion should be swiftly granted): The Department's motion repeatedly violates its First Amendment duty of religious neutrality, *Masterpiece Cakeshop, Ltd. v. Col. C.R. Comm'n*, 138 S. Ct. 1719, 1723 (2018), specifically, each time it expresses disapproval of the religious beliefs and practices of the religious colleges mentioned in the Amended Complaint. Defs.' Mot. to Dismiss at 2, 22, 24. The Department's criticisms of those colleges' religious beliefs and practices demonstrates that it cannot fairly adjudicate the religious freedom rights of religious colleges, absent the guidance of the Congressional statute providing for the protection of their religious freedom, which plaintiffs seek to invalidate in this back door manner.

As CCCU's proposed motion to dismiss explains, the Free Exercise Clause thus forecloses Plaintiffs' requested relief because such relief would allow a non-neutral body—the Department— to decide whether students at religious colleges and universities can obtain federal funding, without the guidance of the federal statutory provision at issue in this case. (And—with respect to

intervention—the Department cannot be trusted to adequately defend CCCU's interests when it demonstrably finds itself unable to avoid commenting about those interests, and the beliefs on which they are founded, in a critical and disparaging way.)

*Second,* allowing CCCU to file its motion to dismiss will not prejudice the Plaintiffs, the Defendants or the Court. Plaintiffs' opposition to the Department's motion is not due for another five days, and CCCU would support a decision granting a request from the Plaintiffs for a reasonable extension of time to respond to both its Motion and the Department's motion in a consolidated opposition.

CCCU's motion, moreover, will not reiterate the Department's points about Plaintiffs' lack of standing and the failure to state a claim with respect to the first, second, third, and fifth causes of action. Instead, CCCU's motion will raise only a few points that CCCU has not addressed previously, namely (1) that the APA cause of action—raised for the first time in the Amended Complaint—does not state a claim on which relief can be granted, (2) that the Department cannot be trusted to fairly adjudicate claims challenging the religious beliefs and practices at religious colleges and universities. Plaintiffs, moreover, have been on notice since CCCU moved to intervene about the only other points for dismissal raised in its proposed motion, namely (3) that their failure to include the colleges named in the complaint and (4) that the Title IX religious exemption is constitutionally required.

This Court, moreover, can easily allow CCCU to file it motion and have it responded to without having to reschedule any hearings. Although the Court has scheduled a hearing on Plaintiffs' TRO motion on August 31, 2021, ECF No. 58, it has not yet scheduled a hearing on the Department's motion to dismiss.

For all these reasons, CCCU's motion for leave to file should be granted and CCCU should be allowed to file the attached motion to dismiss Plaintiffs' claims.

Respectfully submitted.

DATED this 18th day of August, 2021.

/s/ Gene C. Schaerr
Gene C. Schaerr (DC Bar # 416368)*
Nicholas Miller (MI Bar# P70694)*
Joshua J. Prince (DC Bar # 1685532)*
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060
Email: gschaerr@schaerr-jaffe.com
* Admitted *pro hac vice*

/s/ Herbert G. Grey
Herbert G. Grey, OSB #810250
4800 SW Griffith Drive, Suite 320
Beaverton, OR 97005-8716
Telephone: 503-641-4908
Email: herb@greylaw.org

Attorneys for Defendant-Intervenor
COUNCIL FOR CHRISTIAN COLLEGES
& UNIVERSITIES

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing motion for leave to file motion to dismiss was

served on the following via the indicated method(s) of service:

Paul Carlos Southwick                        Carol Federighi,
Paul Southwick Law, LLC                      United States Department of Justice
8532 N. Ivanhoe St. #208,                    Civil Division, Federal Programs Branch
Portland, OR 97203                           P.O. Box 883
Email: paul@paulsouthwick.com                Washington, DC 20044
Phone: 503-806-9517                          Email: carol.federighi@usdoj.gov
                                             Phone: (202) 514-1903

_____        **MAILING** certified full, true and correct copies thereof in a sealed, first class
               postage-prepaid envelope, addressed to the attorney(s) shown above at their last
               known office address(es), and deposited with the U.S. Postal Service at
               Portland/Beaverton, Oregon, on the date set forth below.

__x____        **ELECTRONIC FILING** utilizing the Court's electronic filing system

__x____        **EMAILING** certified full, true and correct copies thereof to the attorney(s)
               shown above at their last known email address(es) on the date set forth below.

_____        **HAND DELIVERING** certified full, true and correct copies thereof to the
               attorney(s) shown above at their last known office address(es), on the date set forth
               below.

_____        **OVERNIGHT COURIER** mailing of certified full, true and correct copies thereof
               in a sealed, prepaid envelope, addressed to the attorney(s) shown above at their last
               known office address(es), on the date set forth below.

DATED this 18th day of August, 2021.

                                             /s/ Gene C. Schaerr
                                             Gene C. Schaerr

                                             Of Attorneys for Defendant-Intervenor
                                             COUNCIL FOR CHRISTIAN COLLEGES
                                             & UNIVERSITIES