Herbert G. Grey, OSB # 810250
Email: herb@greylaw.org
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908

Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060
* Admitted *pro hac vice*
Counsel for Proposed Defendant-Intervenor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| ELIZABETH HUNTER, et al., | |
| Plaintiffs, | No. 6:21-CV-00474-AA |
| v. | |
| U.S. DEPARTMENT OF EDUCATION, et al., | PROPOSED INTERVENOR CCCU'S NUNC PRO TUNC MOTION FOR LEAVE TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER |
| Defendants, | |
| v. | |
| COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, | |
| Proposed Defendant-Intervenor. | ORAL ARGUMENT REQUESTED |

## LR 7-1(A) CERTIFICATION

The proposed intervenor Council for Christian Colleges & Universities (CCCU) certifies that, as required by LR 7-1(A), it has made a good faith effort to confer with counsel for the parties. The government has not responded to a phone message or an email from CCCU, and the Plaintiffs indicated their opposition to this motion on the phone.

## MOTION

Proposed intervenor CCCU respectfully moves for leave to file, nunc pro tunc, an Opposition To Plaintiffs' Motion For Temporary Restraining Order and Preliminary Injunction. CCCU should be given after-the-fact permission to file these materials because they offer the Court additional compelling reasons—beyond those addressed in the United States' recent Opposition to the same—as to why Plaintiffs' request for a restraining order and injunction should be denied. The filing of those materials will thus assist the Court in resolving this lawsuit. And it will do so without imposing any prejudice on the Plaintiffs or Defendants.

## BACKGROUND

Plaintiffs in this case are a group of LGBTQ+ students and former students at religious colleges. They challenge, facially and as applied, the constitutionality of the Title IX religious exemption. First Am. Complaint ¶¶ 621-708, ECF No. 35. Recognizing both that the claims alleged in the initial Complaint were frivolous and that, if successful, they would pose an existential threat to religious higher education, CCCU moved to intervene. CCCU's Mot. to Intervene, ECF No. 26. At the time, CCCU indicated its intent to formally file a motion to dismiss "after intervention is granted." CCCU's Mot. to Intervene at 9.

The federal defendants (collectively, the Department) opposed CCCU's motion, and promised in their amended opposition to CCCU's motion to "adequately defend the religious

exemption." Dep't's Am. Opp'n to Mots. To Intervene at 2, ECF No. 37. CCCU filed its reply not long thereafter. CCCU's Reply, ECF No. 41.

CCCU's motion to intervene has now been fully briefed and has been ready for this Court's resolution for more than two months. A lot has happened in that time. Most recently, Plaintiffs moved for a temporary restraining order, Mot. for TRO, ECF No. 44. That motion for TRO asks this Court to make legal rulings with respect to "thirty-five Title IX complaints" currently pending before "several regional offices" of the Department of Education scattered across the country. Mot. for TRO at 8, 21. Specifically, it asks that the Universities not be allowed to raise the religious college exemption to Title IX. But none of those complaints is before this Court—or any other. Moreover, each of those complaints involves a specific religious college or university that is also not before this Court. If the Court were to grant either the requested TRO (whether in whole or in part) or the preliminary injunction, the substantive legal rights of these Universities, who are not before Court, would be significantly impaired.

The Plaintiffs sought an immediate hearing on these matters, seeking to appear before the Court the day after their motion was filed, a Friday, and refusing to grant the Department's request to allow them till the following Wednesday to file papers in reply. In light of the urgency of the circumstances, the possible loss of very important rights by the religious Universities, and the Plaintiffs' intent to have a hearing at the earlier possible opportunity, CCCU filed its opposition to the TRO without the usual niceties of a Motion for Leave to file. Citing both (1) the fact that CCCU did not seek leave to file its TRO Opposition before filing and (2) the fact that this Court has not yet acted on CCCU's motion to intervene, Plaintiffs moved to strike CCCU's Opposition earlier this week. Pls.' Mot. to Strike at 1, 4, ECF No. 72. In light of that motion, and considering that

the Court has now set a hearing for the end of August, CCCU has the time to seek for more formal permission for leave to file, and does so in this Motion.

## ARGUMENT

For two reasons, CCCU's motion for leave to file its opposition to Plaintiffs TRO and injunction request, nunc pro tunc, should be granted.

*First,* CCCU's opposition will assist the Court in resolving this case expeditiously. As mentioned, the actual colleges and universities that would be affected by the relief sought are not before the Court. CCCU is in a position to raise for the Court the concerns that these entities would have if the relief Plaintiffs seek were granted.

Also, the Department, in its Opposition to Plaintiffs' TRO Motion, revealed why CCCU's opposition to the TRO should be considered (and why CCCU's languishing intervention motion should be swiftly granted): The Department's motion repeatedly violates its First Amendment duty of religious neutrality under *Masterpiece Cakeshop, Ltd. v. Col. C.R. Comm'n*, 138 S. Ct. 1719, 1723 (2018). Specifically, as it did in its Motion to Dismiss, Dep't's Mot. to Dismiss at 2, 22, 24, ECF No. 56, the Department once more has expressed its disapproval of the religious beliefs and practices of the religious colleges mentioned in the Amended Complaint. Dep't's Opp'n to Mot. for TRO at 2, ECF No. 62. The Department's criticisms of those colleges' religious beliefs and practices demonstrates that it cannot be expected to fully and robustly argue the concerns of the religious colleges and universities, who will be affected by the Court's decisions here.

*Second*, the motion should be granted because, until CCCU's motion to intervene has been resolved, it will have no other way to respond to the ever-growing avalanche of filings from the Plaintiffs. If CCCU were an intervenor, motions such as this would be unnecessary.

*Third,* allowing CCCU to file its Opposition and supporting papers will not prejudice the Plaintiffs, the Defendants or the Court.  CCCU filed its Opposition to the TRO and injunction request two weeks ago, before the Department's response and before the Court's deadline for the filing of these materials.  This Court can easily grant CCCU permission to file its (already-filed) opposition and have it responded to, either in writing or orally, without having to reschedule any hearings.  The Court has scheduled a hearing on Plaintiffs' TRO motion on August 31, 2021, ECF No. 58, and Plaintiffs will have had more than two weeks to consider CCCU's opposition by that time.  Indeed, as noted, Plaintiffs have already had more than a week to consider CCCU's points.

For all these reasons, CCCU's motion for leave to file should be granted nunc pro tunc, and CCCU should be given permission to file the previously filed opposition to Plaintiffs' request for a TRO and injunction.

Respectfully submitted.

DATED this 24th day of August, 2021.

/s/ Gene C. Schaerr
Gene C. Schaerr (DC Bar # 416368)*
Nicholas Miller (MI Bar# P70694)*
Joshua J. Prince (DC Bar # 1685532)*
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060
Email: gschaerr@schaerr-jaffe.com
* Admitted *pro hac vice*

/s/ Herbert G. Grey
Herbert G. Grey, OSB #810250
4800 SW Griffith Drive, Suite 320
Beaverton, OR 97005-8716
Telephone: 503-641-4908
Email: herb@greylaw.org

Attorneys for Proposed Intervenor
COUNCIL FOR CHRISTIAN COLLEGES
& UNIVERSITIES

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document was served on the following via the indicated method(s) of service:

| | |
|---|---|
| Paul Carlos Southwick<br>Paul Southwick Law, LLC<br>8532 N. Ivanhoe St. #208,<br>Portland, OR 97203<br>Email: paul@paulsouthwick.com<br>Phone: 503-806-9517 | Carol Federighi,<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br>Email: carol.federighi@usdoj.gov<br>Phone: (202) 514-1903 |

_____        **MAILING** certified full, true and correct copies thereof in a sealed, first class postage-prepaid envelope, addressed to the attorney(s) shown above at their last known office address(es), and deposited with the U.S. Postal Service at Portland/Beaverton, Oregon, on the date set forth below.

\_\_x\_\_\_\_        **ELECTRONIC FILING** utilizing the Court's electronic filing system

\_\_x\_\_\_\_        **EMAILING** certified full, true and correct copies thereof to the attorney(s) shown above at their last known email address(es) on the date set forth below.

_____        **HAND DELIVERING** certified full, true and correct copies thereof to the attorney(s) shown above at their last known office address(es), on the date set forth below.

_____        **OVERNIGHT COURIER** mailing of certified full, true and correct copies thereof in a sealed, prepaid envelope, addressed to the attorney(s) shown above at their last known office address(es), on the date set forth below.

DATED this 24th day of August, 2021.

/s/ Gene C. Schaerr
Gene C. Schaerr

Of Attorneys for Defendant-Intervenor
COUNCIL FOR CHRISTIAN COLLEGES
& UNIVERSITIES