**Paul Carlos Southwick (OSB 095141)**
**Religious Exemption Accountability Project**
**Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208,
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517

**Timothy R. Volpert (OSB 814074)**
**Tim Volpert PC**
211 NE Hancock St. Ste. 2B
Portland, OR 97212
Email: tim@timvolpertlaw.com
Phone: 503-703-9054

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| Elizabeth HUNTER; Veronica Bonifacio PENALES; Alex DURON; Zayn SILVA; Rachel MOULTON; Victoria Joy BACON; Avery BONESTROO; Nathan BRITTSAN; Hayden BROWN; Devin BRYANT; Consolata BRYANT; Brooke C.; Gary CAMPBELL; Tristan CAMPBELL; Natalie CARTER; Saren CRAIG; Mortimer HALLIGAN; Rachel HELD; Lauren HOEKSTRA; Chandler HORNING; Louis JAMES; Jonathan JONES; Jamie LORD; Ashtin MARKOWSKI; Cameron MARTINEZ; Joanna MAXON; Mackenzie MCCANN; Darren MCDONALD; Scott MCSWAIN; Faith MILLENDER; Jaycen MONTGOMERY; Journey MUELLER; Jake PICKER; Danielle POWELL; Megan STEFFEN; Justin TIDWELL-DAVIS; Daniel TIDWELL-DAVIS; Spencer J. VIGIL; Lucas WILSON; and Audrey WOJNAROWISCH, on behalf of themselves and all others similarly situated,<br>       Plaintiffs,<br>  v.<br><br>U.S. DEPARTMENT OF EDUCATION; and Suzanne GOLDBERG, in her official capacity as Acting Assistant Secretary for the Office of Civil Rights, U.S. Department of Education.<br>       Defendants. | Case No. 6:21-cv-00474-AA<br><br>**PLAINTIFFS' MOTION TO AMEND TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**EXPEDITED HEARING REQUESTED** |

1

MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

## LR 7-1 CONFERRAL

Counsel for Plaintiffs made a good faith effort by telephone and email to resolve the issues in dispute in this Motion but the parties were unable to do so.

## MOTION

Pursuant to FRCP 65 and LR 65-1, Plaintiffs hereby move to amend Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Enter (Dkt. 44). This Motion is supported by the Declaration of Taran Trinnaman and Declarations of Plaintiffs Hayden Brown, Jamie Lord, Cameron Martinez, and Audrey Wojnarowisch.

This Motion is necessitated by the escalating hostility towards Plaintiffs as they return to campus and by Defendants' dilatory tactics in cancelling Plaintiffs' previously schedule Title IX complaint interviews, and postponement of previously communicated timelines regarding religious exemption determinations. Defendants' dilatory tactics, taken to undermine the ripeness of Plaintiffs' previously requested injunctive relief, have caused Plaintiffs to, yet again, feel the sting of their own government telling them they are less worthy of protection than other students, and have put Plaintiffs in immediate danger of physical violence and psychological harm.

## FACTS AND ARGUMENT

### A. Harassment Escalates as Student Plaintiffs Fear Returning to Campus

#### 1. Eleven Plaintiffs Are Current Students Returning to Campus Right Now

The eleven Plaintiffs returning to campus right now have unquestionably filed timely Title IX complaints with DOE and would benefit from the immediate intervention of this Court. These eleven Plaintiffs remain subject to the openly and invidiously discriminatory policies of their taxpayer-funded educational institutions. Most are terrified of returning to campuses where their

2

MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

queer identities, and their identities as Plaintiffs in this case, are now known. The following Plaintiffs have already returned to campus or are in the process of doing so right now.

Plaintiff Audrey Wojnarowisch (George Fox University in Newberg, Oregon)



Plaintiff Cameron Martinez (La Sierra University in Riverside, California)



3

MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

Plaintiff Jaime Lord (Regent University School of Law)



Plaintiff Hayden Brown (York College in York, Nebraska)



MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

4

Plaintiff Natalie Carter (Toccoa Falls College in Georgia) (face not shown because she fears for her safety)



Plaintiff Veronica Penales (Baylor University in Waco, Texas)



MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

Plaintiff Mortimer Halligan (Indiana Wesleyan University in Marion, Indiana)



Plaintiff Lauren Hoekstra (Dordt University in Sioux Center, Iowa)



Plaintiff Louis James (Indiana Wesleyan University in Marion, Indiana) (no photo because they fear for their safety)

6

MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

Plaintiff Faith Milleander (Eastern University in Pennsylvania)



Plaintiff Avery Bonestroo (Dordt University in Sioux Center, Iowa)



MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

These eleven Student Plaintiffs need the Court's intervention now. Their physical safety and mental health depend on it.

### 2. Hostility and Physical Danger Have Escalated for Plaintiffs and other LGBTQ+ students

Open hostility towards Plaintiffs and other LGBTQ+ students at taxpayer-funded religious campuses has recently escalated, magnifying the immediate danger of physical and stigmatic harm. The time for Defendants and the Court to act and protect students is now.

Only two days ago, on August 23, 2021, former BYU President Elder Holland took public aim at LGBTQ+ students, admonishing BYU faculty and staff at the annual University Conference to take up "muskets" to defend against LGBTQ+ equality, while also attacking a BYU valedictorian who came out as gay during his graduation speech.[1] This kind of open hostility has led to harassment and threats of violence from DezNat, the alt-right LDS nationalist movement.[2] Local organizations working with LGBTQ+ students at BYU are reporting that, in response to the recent violent rhetoric from BYU and LDS officials earlier this week, LGBTQ+ students are seeking help to flee campus prior to the start of classes on August 31, 2021. See the Instagram story below posted today by the RaYnbow Collective, an organization that serves LGBTQ+ BYU students:

---

[1] The Salt Lake Tribune, *Apostle Jeffrey Holland to BYU: Stop aiming 'friendly fire' at LDS teachings*, available at https://www.sltrib.com/religion/2021/08/23/byu-teachers-are-expected/.

[2] The movement is known as DezNat. Specifically, "#DezNat" is a Twitter hashtag used by the alt-right group within The Church of Jesus Christ of Latter-day Saints to target groups like LGBTQ+ students. *See* MSN News, *Some #DezNat troops, fearful of being publicly outed, are retreating from digital LDS war*, available at https://www.msn.com/en-us/news/us/some-deznat-troops-fearful-of-being-publicly-outed-are-retreating-from-digital-lds-war/ar-AALbp8B.

8

MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER



9
MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

Unfortunately, not all LGBTQ+ students will be able to transfer in the next few days. It is too late. Moreover, many cannot afford to do so and will be disowned by their families if they try to explain why they want to transfer. Plaintiffs Horning, Markowski and Moulten, all of whom attended BYU campuses in Provo and Rexberg, describe the pressures, harassment and discrimination they experienced and the difficulty of leaving BYU once you are there. They are part of this lawsuit, as survivors and as taxpayers, to protect the vulnerable LGBTQ+ students who are on campus right now from the violence and suffering they endured as students.

Only months before recent events at BYU, on April 23, 2021, BYU Professor Hank Smith used Twitter to attack a gay, current BYU student, calling him a "korihor," an offensive and derogatory religious slur interpreted as meaning "anti-Christ." *See* Decl. of Trinnaman, Exh. A. Taran Trinnaman, a Black, queer student at BYU who suffered from its anti-LGBTQ+ discrimination and racism, was forced to leave BYU behind last year for his own health and safety. Trinnaman Decl., ¶¶ 3-13. Trinnaman explains that the openly hostile attack by the professor earlier this year "led to several members of [a] White Christian nationalistic movement to go after" the gay student who was the target of the professor's attack. Decl. of Trinnaman, ¶ 12. Death threats against LGBTQ+ students are the harsh reality for some at BYU. *Id*. at ¶ 10.

This escalation of harassment extends beyond BYU. Only two days ago, open hostility toward LGBTQ+ students erupted at Regent University School of Law, where Plaintiff Jamie Lord had to endure another discriminatory lecture during her first day of Zoom class this semester. *See* Decl. of Lord, ¶ 4. During the class, the Professor instructed students that they do not have to provide legal services to "a homosexual client" if they don't want to. *Id*. Plaintiff Lord states that she "immediately had to leave the Zoom room. People in class texted me immediately to ask if I

was okay because they knew I was being targeted. The faculty is coming after me and trying to embarrass me in front of everyone." *Id.* at ¶ 5.

Plaintiff Lord and the LGBTQ+ BYU students are not the only ones afraid for their safety as they return to campus. Several other Plaintiffs who are returning to campuses in the coming days are scared for their safety and have become targets for harassment and discrimination. See Decl. of Martinez, ¶ 5 ("I feel like there is a target on my back."); Decl. of Wojnarowisch, ¶¶ 4, 7 ("I am eager to begin my senior year but I am nervous about the potential repercussions of going back to campus…The experience of walking into a room and feeling like I have to assess who is around and what my level of safety is are feelings of paranoia that accompany the trauma of my sexual assault."); Decl. of Brown, ¶¶ 2, 4, 5 ("When it came to going onto campus after the lawsuit went public I didn't want to risk it. I laid low for a month, and stayed with a friend off campus…As a queer student at York, hate is everywhere and pervasive. You hear the word "fag" in your room, on the sidewalk, in the cafeteria, in class…I feel dread every year returning to Campus.").

For all the reasons explained in Plaintiffs' Motion for TRO/PI (Dkt. 44), the Court can, and should, help these returning Student Plaintiffs.  Plaintiffs are entitled, as a matter of constitutional and statutory law, to the basic Title IX protections available to other students at taxpayer-funded colleges. *See* Decl. of Lord, ¶ 7 ("I feel like I don't have any protections at the school and that nobody cares. We need protections now that we are known about, and now that people are coming after us. Having Title IX protection is the only reason the school will take me seriously. I don't have anyone else on my side.").

11
MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

### 3. Defendants Are Stonewalling Plaintiffs' Title IX Complaints and Turning a Blind Eye to Widespread, Systemic, Invidious Discrimination

As described in the Swain Declaration, Defendants have recently cancelled, without explanation, interviews relating to four Title IX complaints filed by three current student Plaintiffs and one former student Plaintiff. Swain Declaration (Dkt. 66), ¶¶ 7-9. Moreover, OCR staff stated during earlier interviews that religious exemption closure decisions would be made in "two weeks," a time period which has come and gone without decision or explanation. *See* Swain Declaration (Dkt. 61), ¶¶ 4-7.

Defendants appear to be engaging in dilatory tactics to support their argument that Plaintiffs' requests in their original Motion for TRO/PI are not ripe. Plaintiffs disagree. Their requests for injunctive relief are ripe, as explained in Plaintiffs' Reply ISO Motion for TRO/PI (Dkt. 64).

Additionally, Defendants argue that Plaintiffs delayed filing their Title IX complaints with OCR when they could have done so when this action was originally filed. Not so. During the Trump Administration, and until June 16, 2021,[3] the official position of the Department of Education and Office of Civil Rights had been that Title IX did *not* protect students on the basis of sexual orientation and gender identity[4] (other than potential, limited caveats for harassment allegations). Plaintiffs filed their first Title IX administrative complaint within a week of Defendants' official change in position, and filed the remainder shortly thereafter.

---

[3] https://www.govinfo.gov/content/pkg/FR-2021-06-22/pdf/2021-13058.pdf
[4] https://www.washingtonpost.com/local/education/trump-administration-rolls-back-protections-for-transgender-students/2017/02/22/550a83b4-f913-11e6-bf01-d47f8cf9b643_story.html

12

MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

**B. Plaintiffs' Request Additional Injunctive Relief from Court that Will Remedy Dignitary Harms and Provide a Reasonable, Orderly Process for Title IX Compliance**

In light of Defendants' dilatory behavior, and given the escalation in hostility towards Plaintiffs, especially those student Plaintiffs returning to campus right now, Plaintiffs respectfully move this Court for additional injunctive relief. Plaintiffs' additional requests for injunctive relief do not depend on the timeline of Defendants' processing of Plaintiffs' Title IX administrative complaints. Indeed, Plaintiffs' new requests may be granted by the Court, even if Plaintiffs had never filed any Title IX administrative complaints.

The need for action is great and immediate. Therefore, based on the legal and factual arguments contained in Plaintiffs' Original Motion for TRO/PI and in the Reply in support thereof (Dkt. 44, 64), Plaintiffs seek to amend their request to include the following additional relief:

1. An order instructing Defendants to begin a compliance review, directed investigation and/or its equivalent, pursuant to OCR Processing Manuel Sections 401 and/or 402,[5] into the colleges and universities attended by Plaintiffs for compliance with SOGI requirements of Title IX and its implementing regulations, including DOE/DOJ's recent SOGI guidance (Q&A Title IX (July 2021) and Notice of Interpretation (June 2021)), with the following guidance:

    a. Defendants to analyze recruitment, admissions, financial aid, housing, facilities, athletics, counseling, student conduct, student discipline, sexual harassment and assault, and retaliation policies;

---

[5] https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.pdf

MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER

13

  b. Belief, doctrinal and mission statements to be exempted from review/investigation;

  c. Findings to be submitted to the court within 60 days, identifying:

    i. Which institutions are compliant with Title IX as to SOGI requirements; and

    ii. Which institutions are not compliant with Title IX as to SOGI requirements;

  d. After findings submitted to Court, Defendants to have 90 days to attempt to reach voluntary compliance with non-compliant educational institutions;

  e. For educational institutions found to remain non-compliant after the process described above, Defendants must, within 60 days, initiate administrative proceedings to refuse to continue to grant financial assistance from the Department to non-compliant recipients, if any;

  f. Court-appointed magistrate or monitor to resolve disputes between Parties over implementation and enforcement of Preliminary Injunction;

2. An order rescinding previously granted Title IX religious exemption requests and/or declaring that such requests are void for purposes of the compliance review and/or directed investigation described

above and as to Plaintiffs' 35 Title IX administrative complaints pending before OCR.

## CONCLUSION

Plaintiffs are being targeted on day one of class while open hostility mounts on numerous campuses, further jeopardizing Plaintiffs and other LGBTQ+ students. Based on the facts and evidence presented here, Plaintiffs respectfully request that the Court grant this Motion to Amend Temporary Restraining Order.

Date: August 25, 2021

s/ Paul Carlos Southwick

**Paul Carlos Southwick**
**(OSB 095141)**
**TRIAL ATTORNEY**
**Religious Exemption**
**Accountability Project**
**Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208,
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517

15
MOTION TO AMEND TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
SHOULD NOT ENTER