KRISTEN K. WAGGONER,
OR Bar No. 067077
*Lead Counsel*

RYAN J. TUCKER*
AZ Bar No. 034382
MARK A. LIPPELMANN*
AZ BAR No. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
kwaggoner@ADFlegal.org
rtucker@ADFlegal.org
mlippelmann@ADFlegal.org

DAVID A. CORTMAN*
GA Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
dcortman@ADFlegal.org

*Admitted pro hac vice*

*Attorneys for Proposed Intervenors*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, et al., <br><br> *Defendants*, <br><br> WESTERN BAPTIST COLLEGE d/b/a CORBAN UNIVERSITY; WILLIAM JESSUP UNIVERSITY; PHOENIX SEMINARY, <br><br> *[Proposed] Defendant-Intervenors*. | Case No. 6:21-cv-00474-AA <br><br> **THE RELIGIOUS SCHOOLS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE PROPOSED INTERVENORS' PROPOSED MOTIONS TO DISMISS AND OPPOSITIONS TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER** |

Proposed Defendant-Intervenors Corban University, William Jessup University, and Phoenix Seminary (together, "Religious Schools") respond to Plaintiffs' Motion to Strike the Religious Schools proposed filings (ECF No. 72). Plaintiffs' motion would unlawfully lock the Religious Schools out of a case that threatens their interests. The Court should deny Plaintiffs' motion.[1]

## I. The Religious Schools' Proposed Motion to Dismiss is *required* by Federal Rule of Civil Procedure 24(c).

The Court should deny Plaintiffs' motion because the Religious Schools' Proposed Motion to Dismiss was *required* by Rule 24. "A motion to intervene must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). In the Ninth Circuit, proposed intervenors may satisfy this requirement by filing a motion to dismiss that notifies the existing parties of the claims and defenses they will assert. *See Ctr. for Biological Diversity v. Jewell*, No. CV-15-00019-TUC-JGZ, 2015 WL 13037049, at *2 (D. Ariz. May 12, 2015) (holding that in the Ninth Circuit a motion to dismiss "complie[s] with the substantive requirements of Rule 24(c)"); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (holding that the requirements of Rule 24(c) can be satisfied even without a pleading when proposed intervenors "describe[] the basis for intervention with sufficient specificity to allow the district court to rule"); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (same).

The Religious Schools expressly submitted their proposed Motion to Dismiss the original Class Complaint "pursuant to Federal Rule of Civil Procedure 24(c)." ECF No. 32, at 1. However, that original Class Complaint "ceased to exist" following its

---

[1] Although Plaintiffs' motion should be denied, to avoid any potential prejudice, the Religious Schools will also file a separate *nunc pro tunc* motion for leave to file the challenged documents.

amendment, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), and was replaced by the First Amended Class Complaint with new causes of action subject to different and additional defenses. So Rule 24(c) required the Religious Schools to file their proposed Motion to Dismiss the First Amended Class Complaint in order to notify the existing parties of their defenses to the only complaint now before the Court.[2] The Court should deny Plaintiffs' motion to strike the Religious Schools' proposed motion to dismiss.

## II. The Religious Schools' TRO Response is also proper.

The Court should also deny Plaintiffs' Motion to Strike the Religious Schools' proposed TRO response. The Religious Schools' Motion to Intervene remains pending, and neither Plaintiffs nor the Federal Defendants denied that the Religious Schools have a significant interest in this action that could be impaired. So the Religious Schools' TRO response is proper given their pending intervention and the urgent nature of Plaintiffs' TRO filing. The Religious Schools have good reason—if not a right—to protect their undisputed interests while the Court assesses their pending motion to intervene.

For example, in *East Bay Sanctuary Covenant v. Barr*, the proposed intervenors not only filed a motion to intervene, but also filed a motion *seeking* a TRO against the defendants. No. 19-cv-4073, 2020 WL 6135986, at *1, *6 (N.D. Cal. Oct. 17, 2020). Although the court had not yet ruled on intervention, it granted the proposed intervenors' motion for a TRO. *Id. East Bay Sanctuary Covenant* shows that it is irrelevant whether the proposed intervenors are not yet formal parties, as

---

[2] The Religious Schools' proposed Motion to Dismiss First Amended Class Complaint was also submitted "pursuant to Federal Rule of Civil Procedure 24(c)" and includes a certificate of conference pursuant to Local Civil Rule 7-1(a). ECF No. 54, at 1.

Plaintiffs assert. ECF No. 72, at 4. What matters is whether the proposed intervenors have an interest in the subject of the action that may be impaired by disposition of the action. Fed. R. Civ. P. 24(a)(2). Here, the Religious Schools simply submitted a *proposed* response to Plaintiffs' emergency TRO motion—much less than what the proposed intervenors were allowed in *East Bay Sanctuary Covenant*.

Plaintiffs also cannot point to any authority requiring the Court to strike a proposed intervenor's filings while the motion to intervene is still pending. Plaintiffs' cited cases all involved the denials of the intervention motions, but none of them stands for the proposition that courts ought to strike filings made by proposed intervenors while the intervention motions are pending. *See PDC Energy, Inc. v. DCP Midstream, LP*, No. 14-cv-1033-RM-MJW, 2014 WL 12676230, at *4 (D. Colo. Sept. 3, 2014); *Gallucci v. Boiron, Inc.*, No. 11-cv-2039 JAH, 2012 WL 12864924, at *3 (S.D. Cal. Apr. 25, 2012); *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, No. 2:06-cv-745, 2009 WL 633192, at *4 (S.D. Ohio Mar. 5, 2009).

Nor can Plaintiffs point to a Local Rule requiring the Religious Schools to attempt to confer with Plaintiffs prior to filing a *response*. The Court's rules only require litigants make a good-faith effort to confer before filing a "motion." Local Civil Rule 7-1(a)(1). And none of this Court's rules require intervenors to seek leave to respond to emergency motions for injunctions that will impair their interests. The Court should deny Plaintiffs' motion to strike the Religious Schools' TRO response.

### III. The Religious Schools' filings are merely *proposed*, so Plaintiffs' motion is premature.

Finally, Plaintiffs' motion is premature and unnecessary because the Religious Schools' disputed filings are merely "proposed" for the Court's consideration. ECF No. 54, 55. Because their motion to intervene remains pending, the Religious Schools'

submitted their proposed filings in synch with the Federal Defendants' deadlines to avoid any delay relating to intervention. The proposed filings do not prejudice any party, do not violate any Local Rule, and contribute to the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. The Court should deny the motion.

## CONCLUSION

For the reasons explained above, the Court should deny Plaintiffs' motion. In the alternative, the Court should grant the Religious Schools' motion to intervene, and deny Plaintiffs' motion to strike as moot.

Respectfully submitted this 26th day of August 2021.

DAVID A. CORTMAN*
GA Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
dcortman@ADFlegal.org

*Admitted pro hac vice

s/ Mark Lippelmann
KRISTEN K. WAGGONER,
OR Bar No. 067077
*Lead Counsel*

RYAN J. TUCKER*
AZ Bar No. 034382
MARK A. LIPPELMANN*
AZ BAR No. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
kwaggoner@ADFlegal.org
rtucker@ADFlegal.org
mlippelmann@ADFlegal.org

**CERTIFICATE OF COMPLIANCE**

This memorandum complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), or 54-3(e) because it contains 1,007 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

                                          *s/ Mark A. Lippelmann*
                                          MARK A. LIPPELMANN*
                                          AZ BAR NO. 036553
                                          ALLIANCE DEFENDING FREEDOM
                                          15100 N. 90TH STREET
                                          SCOTTSDALE, AZ 85260
                                          TELEPHONE: (480) 444-0020
                                          mlippelmann@ADFlegal.org

                                          *Attorneys for Proposed Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, the foregoing was served via CM/ECF on counsel for all parties.

*s/ Mark A. Lippelmann*
MARK A. LIPPELMANN\*
AZ BAR NO. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90TH STREET
SCOTTSDALE, AZ 85260
TELEPHONE: (480) 444-0020
mlippelmann@ADFlegal.org

*Attorneys for Proposed Intervenor-Defendants*
