KRISTEN K. WAGGONER,
OR Bar No. 067077
*Lead Counsel*

RYAN J. TUCKER*
AZ Bar No. 034382
MARK A. LIPPELMANN*
AZ BAR No. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
kwaggoner@ADFlegal.org
rtucker@ADFlegal.org
mlippelmann@ADFlegal.org

DAVID A. CORTMAN*
GA Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
dcortman@ADFlegal.org

*\*Admitted pro hac vice*

*Attorneys for Proposed Intervenors*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>*Defendants*,<br><br>WESTERN BAPTIST COLLEGE d/b/a CORBAN UNIVERSITY; WILLIAM JESSUP UNIVERSITY; PHOENIX SEMINARY,<br><br>*[Proposed] Defendant-Intervenors*. | Case No. 6:21-cv-00474-AA<br><br>**THE RELIGIOUS SCHOOLS'** ***NUNC PRO TUNC*** **MOTION FOR LEAVE TO FILE MOTION TO DISMISS THE FIRST AMENDED CLASS COMPLAINT AND OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER** |

## MOTION FOR LEAVE

Proposed Defendant-Intervenors Corban University ("Corban"), William Jessup University ("Jessup"), and Phoenix Seminary (together, "Religious Schools") move for leave to file their Motion to Dismiss Plaintiffs' First Amended Complaint (ECF 35) and to file a response in opposition to Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Enter ("TRO") (ECF 44). Pursuant to Local Civil Rule 7-1(a), counsel for the Religious Schools made a good faith effort through a telephone conference to resolve the dispute but were unable to do so. Plaintiffs oppose this motion. Defendants continue to oppose the proposed intervenors' motions to intervene.  See generally Defs.' Am. Opp. To Mots. To Intervene, Doc. 37.  Defendants take no position on the Religious Schools' nunc pro tunc motion for leave to file, or their underlying motion to dismiss.

## ARGUMENT

The Religious Schools have already filed their Proposed Motion to Dismiss the First Amended Class Complaint (ECF No. 54) and their Proposed Response in Opposition to Plaintiffs' TRO motion (ECF No. 55). Plaintiffs filed a motion to strike these filings because the Court has not yet ruled on the Religious Schools' motion to intervene. (ECF No. 72). As explained in the Religious Schools' response to the motion to strike (ECF No. 81), Plaintiffs' motion should be denied because the Religious Schools' proposed filings were not only proper, but required by law.

But to prevent delay and to avoid any potential prejudice, the Religious Schools respectfully move for leave to file *nunc pro tunc* their Proposed Motion to Dismiss First Amended Complaint and Memorandum in Support (ECF No. 54) and Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Enter (ECF No. 55).

Every court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, the consideration of judicial economy and litigants' effort weighs heavily in favor of granting this motion. Because the Religious Schools' proposed filings were synched to the existing Defendants filing deadlines, the proposed filings avoid any potential delay related to intervention. The Court should moot this motion as well as Plaintiffs' motion to strike by granting the Religious Schools' pending Motion to Intervene. Otherwise, granting the Religious Schools retroactive leave to file *nunc pro tunc* their proposed filings (ECF Nos. 54 and 55) is the most efficient course of action.

## CONCLUSION

The Court should grant the Religious Schools' Motion to Intervene and should deny Plaintiffs' Motion to Strike. In the alternative, the Court should grant the Schools retroactive leave to file *nunc pro tunc* their already filed Motion to Dismiss and Opposition to Plaintiffs' TRO Motion.

Respectfully submitted this 26th day of August 2021.

|  |  |
|---|---|
| | *s/ Mark Lippelmann* |
| DAVID A. CORTMAN* | KRISTEN K. WAGGONER, |
| GA Bar No. 188810 | OR Bar No. 067077 |
| ALLIANCE DEFENDING FREEDOM | *Lead Counsel* |
| 1000 Hurricane Shoals Rd. NE | |
| Suite D-1100 | RYAN J. TUCKER* |
| Lawrenceville, GA 30043 | AZ Bar No. 034382 |
| Telephone: (770) 339-0774 | MARK A. LIPPELMANN* |
| dcortman@ADFlegal.org | AZ BAR No. 036553 |
| | ALLIANCE DEFENDING FREEDOM |
| | 15100 N. 90th Street |
| | Scottsdale, AZ 85260 |
| | Telephone: (480) 444-0020 |
| *Admitted pro hac vice | kwaggoner@ADFlegal.org |
| | rtucker@ADFlegal.org |
| | mlippelmann@ADFlegal.org |

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), or 54-3(e) because it contains 459 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*s/ Mark A. Lippelmann*
MARK A. LIPPELMANN*
AZ BAR NO. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90TH STREET
SCOTTSDALE, AZ 85260
TELEPHONE: (480) 444-0020
mlippelmann@ADFlegal.org

*Attorneys for Proposed Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, the foregoing was served via CM/ECF on counsel for all parties.

*s/ Mark A. Lippelmann*
MARK A. LIPPELMANN*
AZ BAR NO. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90TH STREET
SCOTTSDALE, AZ 85260
TELEPHONE: (480) 444-0020
mlippelmann@ADFlegal.org

*Attorneys for Proposed Intervenor-Defendants*