Herbert G. Grey, OSB # 810250
Email: herb@greylaw.org
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908

Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060
* Admitted *pro hac vice*
Counsel for Proposed Defendant-Intervenor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| ELIZABETH HUNTER, et al., | |
| Plaintiffs, | No. 6:21-CV-00474-AA |
| v. | PROPOSED INTERVENOR CCCU'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, ECF NO. 72 |
| U.S. DEPARTMENT OF EDUCATION, et al., | |
| Defendants, | ORAL ARGUMENT REQUESTED |
| v. | |
| COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, | |
| Proposed Defendant-Intervenor. | |

## INTRODUCTION

The Council for Christian Colleges & Universities (CCCU) opposes Plaintiffs' Motion to Strike, ECF No. 72, because it is the latest of many filings unmoored from proper procedure and plagued with legal error. In it, they request that this Court close the door on CCCU by striking the documents it has filed to defend the interests of its members nationwide. But that motion puts the cart before the horse. CCCU's motion to intervene is still pending. And if this Court grants that motion to intervene—as it should—then the documents that Plaintiffs seek to strike will have been filed by a group that has full-party status. *See United States v. Cal. Mobile Park Mgmt. Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997). That CCCU has attempted to speed up the resolution of this case by filing those documents now, rather than later, is a service to the Court, not a slight to the Plaintiffs.

Indeed, before the Court decides Plaintiffs' motion to strike, it should resolve CCCU's motion to intervene. Resolution of that motion will determine the correct way to resolve Plaintiffs' motion to strike. But even if this Court were inclined to resolve Plaintiffs' motion to strike now, it should deny that motion, as each of the documents Plaintiffs seek to strike have been filed with a motion for this Court's leave, which should be granted. Alternatively, if this Court is not yet prepared to resolve CCCU's motion to intervene, the briefs that are the subject of Plaintiffs' motions should be received and treated, provisionally, as amicus briefs in support of the relief sought by the Department.

## BACKGROUND

Plaintiffs in this case are a group of LGBTQ+ students and former students at religious colleges. They challenge, facially and as applied, the constitutionality of the Title IX religious exemption. First Am. Complaint ¶¶ 621-708, ECF No. 35. Recognizing both that the claims alleged in the initial Complaint were frivolous and that, if successful, they would pose an existential threat to religious higher education, CCCU moved to intervene. CCCU's Mot. to Intervene, ECF No. 26. At the time, CCCU indicated its intent to formally file a motion to dismiss "after intervention is granted." CCCU's Mot. to Intervene at 9.

The federal defendants (collectively, the Department) opposed CCCU's motion, because they stated they could and would "vigorously" defend the religious exemption and represented that it "shared" with CCCU the goal of defending the religious exemption. Dep't's Opp'n to Mots. to Intervene at 7-8, ECF No. 36. However, the Department then back-tracked from that representation in an amended opposition that promised simply to "adequately defend the religious exemption." Dep't's Am. Opp'n to Mots. to Intervene at 2, ECF No. 37. The Department's change of position, and its subsequent criticisms of the policies of the religious colleges involved in this case, and of some of CCCU's members, highlighted the need for CCCU to be granted intervenor status. *See* Dep't's Mot. to Dismiss at 2, 22, 24, ECF No. 56; Dep't's Opp'n to Mot. for TRO at 2, ECF No. 62 (same). CCCU filed its reply supporting its motion to intervene not long after the Department filed its amended opposition. CCCU's Reply, ECF No. 41.

More than four months after their initial complaint and nearly two months after CCCU finished briefing its motion to intervene, Plaintiffs moved for a temporary restraining order, Mot. for TRO, ECF No. 44. That motion for TRO asks this Court to make legal rulings with respect to "thirty-five Title IX complaints" currently pending before "several regional offices" of the

Department of Education (DOE) scattered across the country. Mot. for TRO at 8, 21. Plaintiffs claimed that the TRO was desperately and urgently needed, Mot. for TRO at 9, but that claim seems grounded in misrepresentations from Plaintiffs' counsel. *See* Decl. of Camille D. Lee ¶¶ 10-11, ECF No. 83 (providing that several of the statements Plaintiffs relied on to support the urgency of their TRO motion were never made). As to relief, Plaintiffs asked the Court to enjoin the regional DOE offices from allowing religious colleges and universities to raise the religious college exemption to Title IX in these DOE proceedings. Mot. for TRO at 10. But none of those complaints has ever been before this Court—or any other. Moreover, each of those complaints involves a specific religious college or university that is also not before this Court. If the Court were to grant either the requested TRO (in whole or in part) or the preliminary injunction, the substantive legal rights of these universities, who are not before Court, would be impaired. To bring those points before the Court, CCCU immediately filed its opposition, CCCU's Opp'n to Mot. for TRO, ECF No. 53, and then—when the urgency passed—sought leave to file its opposition nunc pro tunc, CCCU's Nunc Pro Tunc Mot. for Leave, ECF No. 73. CCCU has also filed a motion for leave to file a motion to dismiss and, at the same time, a proposed motion to dismiss. CCCU's Mot. for Leave to File Mot. to Dismiss, ECF No. 68; CCCU's Proposed Mot. to Dismiss, ECF No. 68-1 .

Plaintiffs now seek to strike both (1) CCCU's motion for leave to file its motion to dismiss and (2) its TRO opposition.

**ARGUMENT**

I. **Consideration Of The Motion To Strike Is Premature Until The Court Rules On CCCU's Motion to Intervene.**

Plaintiffs correctly recognize (at 3) that CCCU's motion to intervene is still pending before this Court. From this, they claim that CCCU's motion for leave to file its proposed motion to dismiss, ECF No. 68, and its response to their TRO motion, ECF No. 53, should be stricken. This is incorrect.

To begin, even though Plaintiffs are correct that CCCU did not become a party to this litigation when it applied to intervene, Mot. at 3 (quoting *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 171 F.3d 1083, 1089 (7th Cir. 1999)), they ignore that if intervention is granted, as it should be, "intervening parties have full party status in the litigation." *United States v. Cal. Mobile Park Mgmt. Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997). It would make little sense to strike CCCU's motions now when it is uncontested that, if this Court grants it intervention status, it will be able to immediately file those documents again as full parties. Plaintiffs ask this Court to add another step to the equation at the expense of all involved. But for what gain?

Plaintiffs provide no reason why an orderly resolution of CCCU's motion to intervene before determining the status of CCCU's other filed motions would harm them. And they cannot claim to be harmed by CCCU's failure to approach them before filing its TRO opposition, particularly after CCCU filed a motion for leave to file that document nunc pro tunc after an attempt to discuss the issues with Plaintiffs' counsel. Nor have they provided the Court with a single case requiring it to strike documents filed by would-be intervenors before the motion to intervene has been decided. To the contrary, in literally every case they cite, an intervention motion was denied. *PDC Energy, Inc. v. DCP Midstream, LP*, 2014 WL 12676230, at *1, *4 (D. Colo. Sept. 3, 2014) (affirming a magistrate judge's denial of a motion to intervene); *King Lincoln*

*Bronzeville Neighborhood Ass'n v. Blackwell,* 2009 WL 633192, at *4 (S.D. Ohio Mar. 5 2009) ("[T]he motion to intervene (# 36) is denied. *In light of such denial*, it is further ordered that the motion to initiate criminal contempt proceedings (# 37) and the motion for an expedited conference (# 70) are hereby stricken.") (emphasis added); *Gallucci v. Boiron, Inc.*, 2012 WL 12864924, at * 3 (C.D. Cal. April 25, 2012) (denying a motion to intervene and then denying a motion to strike filed by the would-be intervenor); *Coal. to Defend Affirmative Action v. Granholm*, 240 F.R.D. 368, 377–78 (E.D. Mich. 2006) (denying a motion to intervene and then striking a motion to dismiss filed by the failed intervenor).

Plaintiffs also ignore that the documents CCCU filed were proper even without intervenor status. This is illustrated in *East Bay Sanctuary Covenant v. Barr*, in which proposed intervenors successfully secured a temporary restraining order against one of the parties before intervention was granted. No. 19-cv-4073, 2020 WL 6135986, at *1, *6 (N.D. Cal. Oct. 17, 2020). If *proposed* intervenors can seek and receive relief against parties before intervention is granted, they can also file motions seeking nothing more than leave to file proposed documents, as CCCU has done here.

Rather than providing any reason grounded in law or equity for this Court to grant their motion to strike, they ask the Court to tax the resources of all involved and strike documents that CCCU could just file again once this Court grants its intervention motion. Here, the easier decision also happens to be the correct one: Before resolving Plaintiffs' motion to strike, this Court should resolve CCCU's motion to intervene. If CCCU's motion is granted, then it had every right to file the challenged documents. If CCCU's motion to intervene is denied, then the Court can determine whether to allow CCCU to appear as an amicus and, if so, whether CCCU should file substantively similar documents in that capacity. *See infra* Section III. Any other order of operations is nonsensical.

## II. Because Each Motion Is Now The Subject Of A Motion For Leave To File, Plaintiffs' Motion To Strike Should Be Denied As Moot.

Even if this Court considers Plaintiffs' motion to strike now, there is an independent reason to deny it: Both of the CCCU documents they seek to strike are the subject of a motion for leave to file. Rather than strike the documents, the Court could—and should—simply resolve those motions for leave. Denying those motions would have the same effect as granting the motion to strike. *Eastco Int'l Corp. v. Broan-Nu Tone LLC*, Case No. 16-C-1057, 2017 WL 1194014, at *1 (E.D. Wis. Mar. 30, 2017) (unpublished) (holding a motion to strike was moot when a court denied a motion for leave to file the very document the opposing party was seeking to strike); *Sutherland v. Boehringer-Ingelheim Pharms., Inc.,* No. 8:14-CV-2741-T-17TBM, 2016 WL 1092641, at *13 (M.D. Fla. Mar. 21, 2016) (unpublished), *aff'd*, 700 F. App'x 955 (11th Cir. 2017) (same).

Granting those motions would also, in practice, moot the motion to strike, as they would reflect this Court's decision that both CCCU's motion to dismiss and its TRO Opposition were properly filed. *See generally Blake v. GE Money Bank*, No. SA-10-CV-860-XR, 2011 WL 809356, at *3 (W.D. Tex. Mar. 2, 2011) (unpublished) (simultaneously granting a motion for leave and denying a motion to strike). It would make little sense for this Court to grant CCCU's motions for leave only to immediately strike the documents it allowed to be filed.

Moreover, nothing in the local rules required CCCU to seek Plaintiffs' permission before it filed its TRO opposition. And, to the extent Plaintiffs are claiming to be harmed by CCCU's quick response to their TRO Motion without first seeking leave of *Court*, CCCU cured that harm by seeking leave to file nunc pro tunc before this Court decided that motion. As in *Eastco, Southerland*, and *Blake*, whether this Court grants or denies that motion for leave nunc pro tunc or the motion for leave filed with CCCU's proposed motion to dismiss, Plaintiffs' motion to strike would become moot. There is, accordingly, no reason to act on the motion to strike without first

deciding the motions for leave. Here again, Plaintiffs have gotten ahead of themselves by seeking to have this Court do things out of the most sensible order.

**III.     Alternatively, CCCU's Opposition To The TRO Request And Motion To Dismiss Should Be Treated, Provisionally, As Amicus Briefs In Support Of The Department's Positions.**

Even if the Court is not yet ready to rule on CCCU's motion to intervene, it should still deny the motion to strike. In that case, the Court should keep CCCU's motion to dismiss and its TRO opposition on the docket by provisionally treating them as briefs filed by an amicus curiae.

Treating the filings of proposed intervenors as amicus briefs—even after the denial of intervention—is "common practice." 7C Fed. Prac. & Proc. Civ. § 1913 (3d ed.) (collecting cases). This Court has followed that practice. *Oregon Nat. Desert Ass'n v. Shuford*, No. CIV 06-242-AA, 2006 WL 2601073, at *1 (D. Or. Sept. 8, 2006) (Aiken, J.) (unpublished), *aff'd sub nom. Oregon Nat. Desert Ass'n v. McDaniel*, 405 F. App'x 197 (9th Cir. 2010) (denying motion to intervene in part, but allowing intervenor to participate as amicus). Consistent with that practice, courts have even considered proposed motions to dismiss or proposed oppositions to such motions as amicus briefs supporting the relief sought. *See, e.g.*, Order Denying Request for Motion to Appear Specially at 3, *Alto v. Salazar*, CASE NO. 11-cv-2276-IEG (S.D. Cal. Oct. 12, 2011) (unpublished) (directing Clerk to treat a motion to dismiss filed by a party whose motion to appear was denied "as an *amicus curiae* filing"), https://casetext.com/case/alto-v-salazar#pa27; *Rowland v. GGNSC Ripley, LLC*, No. 313-cv-11-DMB-SAA, 2016 WL 4136486, at *4 (N.D. Miss. Aug. 3, 2016) (treating a party's "response to the motion to dismiss as an amicus curiae brief" after denying a motion to substitute and, on that basis, denying a motion to strike that response).

Moreover, the documents Plaintiffs seek to strike raise points not raised by the Department that could assist this Court in resolving the issues before it. For that reason, even if this Court is not yet ready to resolve CCCU's intervention motion, it should provisionally follow the common

practice of allowing those documents to remain on the docket even if—for now—this Court is only going to consider them as amicus briefs in support of the Department's requested relief.

## CONCLUSION

The Court should stay the resolution of Plaintiffs' motion to strike until it grants CCCU's motion to intervene. If the Court decides to resolve the motion to strike, however, it should deny the motion as moot because CCCU has sought leave to file both its Motion to Dismiss and, nunc pro tunc, its Opposition to Plaintiffs' TRO motion, and those motions should be granted. Alternatively, even if this Court is not yet ready to resolve CCCU's motion to intervene, the briefs that are the subject of those motions should be received and treated, provisionally, as amicus briefs in support of the relief sought by the Department.

                Respectfully submitted.

DATED this 30th day of August, 2021.

/s/ Gene C. Schaerr
Gene C. Schaerr (DC Bar # 416368)*
Nicholas Miller (MI Bar# P70694)*
Joshua J. Prince (DC Bar # 1685532)*
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060
Email: gschaerr@schaerr-jaffe.com
* Admitted *pro hac vice*

/s/ Herbert G. Grey
Herbert G. Grey, OSB #810250
4800 SW Griffith Drive, Suite 320
Beaverton, OR 97005-8716
Telephone: 503-641-4908
Email: herb@greylaw.org

Attorneys for Proposed Intervenor
COUNCIL FOR CHRISTIAN COLLEGES
& UNIVERSITIES

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document was served on the following via the indicated method(s) of service:

| | |
|---|---|
| Paul Carlos Southwick<br>Paul Southwick Law, LLC<br>8532 N. Ivanhoe St. #208,<br>Portland, OR 97203<br>Email: paul@paulsouthwick.com<br>Phone: (503) 806-9517 | Carol Federighi<br>Elliott M. Davis<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br>Email: carol.federighi@usdoj.gov<br>Email: Elliott.m.davis@usdoj.gov<br>Phone: (202) 514-1903 |
| Alletta S. Brenner<br>Misha Isaak<br>Perkins Coie, LLP<br>1120 NW Couch Street, Tenth Floor<br>Portland, OR 97209<br>Email: ABrenner@perkinscoie.com<br>Email: MIssak@perkinscoie.com<br>Phone: (503) 727-2000 | Timothy R. Volpert<br>Tim Volpert Law<br>2111 NE Hancock St., Suite 2B<br>Portland, OR 97212<br>Email: tim@timvolpertlaw.com<br>Phone: (503) 703-9054 |

__x____   **ELECTRONIC FILING** utilizing the Court's electronic filing system

__x____   **EMAILING** certified full, true and correct copies thereof to the attorney(s) shown above at their last known email address(es) on the date set forth below.

DATED this 30th day of August, 2021.

/s/ Gene C. Schaerr
Gene C. Schaerr

Of Attorneys for Proposed Intervenor
COUNCIL FOR CHRISTIAN COLLEGES
& UNIVERSITIES