**Paul Carlos Southwick (OSB 095141)**
**Religious Exemption Accountability Project**
**Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208,
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517

**Misha Isaak**
**Alletta S. Brenner**
**Perkins Coie, LLP**
1120 NW Couch Street, Tenth Floor
Portland, OR 97209
Email: MIsaak@perkinscoie.com
Email: ABrenner@perkinscoie.com
Phone: 503-727-2000

**Timothy R. Volpert (OSB 814074)**
**Tim Volpert PC**
211 NE Hancock St. Ste. 2B
Portland, OR 97212
Email: tim@timvolpertlaw.com
Phone: 503-703-9054

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| Elizabeth HUNTER; Veronica Bonifacio PENALES; Alex DURON; Zayn SILVA; Rachel MOULTON; Victoria Joy BACON; Avery BONESTROO; Nathan BRITTSAN; Hayden BROWN; Devin BRYANT; Consolata BRYANT; Brooke C.; Gary CAMPBELL; Tristan CAMPBELL; Natalie CARTER; Saren CRAIG; Mortimer HALLIGAN; Rachel HELD; Lauren HOEKSTRA; Chandler HORNING; Louis JAMES; Jonathan JONES; Jamie LORD; Ashtin MARKOWSKI; Cameron MARTINEZ; Joanna MAXON; Mackenzie MCCANN; Darren MCDONALD; Scott MCSWAIN; Faith MILLENDER; Jaycen MONTGOMERY; Journey MUELLER; Jake PICKER; Danielle POWELL; Megan STEFFEN; Justin TIDWELL-DAVIS; Daniel TIDWELL-DAVIS; Spencer J. VIGIL; Lucas WILSON; and Audrey WOJNAROWISCH, on behalf of themselves and all others similarly situated,<br>　　　　　　　　　Plaintiffs,<br>　　v. | Case No. 6:21-cv-00474-AA<br><br>**JOINT RULE 26(f) REPORT** |

1 - JOINT RULE 26(f) REPORT

| | |
|---|---|
| U.S. DEPARTMENT OF EDUCATION; and Suzanne GOLDBERG, in her official capacity as Acting Assistant Secretary for the Office of Civil Rights, U.S. Department of Education. | ) ) ) ) ) ) |
| Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), on July 8, 2021 and September 24, 2021, via telephone, the parties to this action met and conferred on the topics outlined in this report. The parties were unable to agree on a schedule and have requested a telephonic conference with the Court pursuant to part B of the Court's Case Management Order (Dkt. # 2).

1. **Nature and Complexity of the Case**

This is a putative class action brought by LGBTQ+ current and former students of, or applicants to, religious educational institutions that are recipients of federal financial assistance against the U.S. Department of Education concerning the religious exemption to Title IX. Plaintiffs seek declaratory and injunctive relief on behalf of themselves and the putative class asserting violations of (1) substantive due process rights; (2) establishment clause; (3) religion, speech and assembly rights; (4) Administrative Procedure Act; and (5) RFRA. Defendants have filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

2. **Discovery Plan and Case Schedule**

<u>Plaintiffs' Position</u>: Plaintiffs seek to move forward with discovery. Plaintiffs propose that discovery proceed in three phases. The first phase of discovery will focus the issues relevant to the

preliminary injunction hearing scheduled for November 4-5, 2021. The second phase of discovery will focus on class certification issues. The third phase of discovery will focus on merits discovery.

Plaintiffs' proposed discovery and case schedule is as follows:

- Initial PI-focused discovery period commenced: July 8, 2021
- Initial disclosures due: October 8, 2021
- Hearing on Plaintiffs' PI: November 4-5, 2021
- Class certification discovery commences: November 6, 2021
- Motion for Class Certification Due: June 10, 2022
- Defendants Opposition to Class Cert Due: August 5, 2022
- Plaintiffs' Reply ISO Class Cert Due: September 1, 2022
- Hearing on Class Cert Motion: October 2022
- Merits discovery commences: November 1, 2022
- Close of fact discovery: January 31, 2023
- Exchange merits expert reports: March 31, 2023
- Exchange merits expert response reports: April 28, 2023
- Close of expert discovery: May 12, 2023
- Dispositive motions due: June 15, 2023
- Responses to dispositive motions due: July 13, 2023
- Replies ISO dispositive motions due: July 27, 2023
- Hearing on dispositive motions: August 2023
- Mediation dates: October/November 2023
- Trial: Three-week trial beginning in February 2024

Defendants' Position: Defendants believe that the discovery period lapsed as of July 28, 2021 and that the Court should enter a modified scheduling order only if Defendants' motion to dismiss is denied. As the resolution of Defendants' motion to dismiss may affect the scope of this action, the parties will be in a better position to determine the next steps in litigation after the Court issues its ruling. If Defendants' motion to dismiss is denied in full or in part, Defendants respectfully request that, at that time, the parties meet and confer regarding the scope of and a schedule for discovery. In all events, Plaintiffs' proposed schedule, which extends to 2024, is premature and unnecessarily lengthy. Defendants also believe that it would be more efficient to set a discovery schedule after the Court's ruling on the pending motions to intervene.

### 3. Limitations on Discovery

If the Court permits discovery, the parties agree to a total of 140 hours of depositions for each side, exclusive of expert witness depositions. The parties agree to maintain the 7-hour time limit for both fact and expert witness depositions. Plaintiffs do not agree to a 7-hour time limit for 30(b)(6) depositions. Defendants believe that the default rules should apply and there should thus be a 7-hour time limit for individual 30(b)(6) witnesses.

If the Court permits discovery, the parties agree to a combined total of 25 interrogatories from Plaintiffs to Defendants. The parties agree that Defendants will not serve more than 5 interrogatories per Plaintiff.

### 4. Electronically Stored Information and Privilege Issues

The parties will negotiate a protective order, which they anticipate will be modelled after the Court's two-tier protective order and will include provisions relating to disclosures pursuant to the Privacy Act and the Federal Educational Rights and Privacy Act as appropriate. The parties

will also seek a Rule 502 clawback order. The parties will work cooperatively to create an ESI protocol.

Date: September 30, 2021

<div style="margin-left: 50%;">

s/ Paul Carlos Southwick

**Paul Carlos Southwick (OSB 095141)
TRIAL ATTORNEY
Religious Exemption Accountability Project
Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208,
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517

*Attorney for Plaintiffs*

BRIAN M. BOYNTON
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

/s/  Carol Federighi
CAROL FEDERIGHI, TX Bar No. 06872950
*Lead Counsel*
ELLIOTT M. DAVIS, NY Reg. No. 4596755
HILARIE E. SNYDER, DC Bar No. 464837
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
carol.federighi@usdoj.gov

*Attorneys for Defendants*

</div>

5 - JOINT RULE 26(f) REPORT