IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ELIZABETH HUNTER, et al.,

        Plaintiffs,

vs.

U.S DEPARTMENT OF EDUCATION,
et al.,

        Defendants.

Case No. 6:21-cv-00474-AA
**OPINION AND ORDER**

AIKEN, District Judge:

      Three Christian universities, Western Baptist University, d/b/a Corban University, William Jessup University, and Phoenix Seminary (the "Religious Schools"), and the Council for Christian Colleges & Universities ("CCCU") (together, ("proposed intervenors") seek to intervene in this action to defend the validity of the religious exemption included in Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a)(3). The Religious Schools and CCCU filed separate Motions to Intervene, but in each, proposed intervenors assert that they are entitled to intervene

Page 1 – OPINION AND ORDER

under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, that they should be permitted to intervene under Rule 24(b)(1)(B). Federal defendants filed a joint response opposing the motions. The Religious Schools' motion indicates that plaintiffs also oppose intervention, but plaintiffs did not file a brief explaining their opposition. For the following reasons, the motions (docs. 8, 26) are GRANTED and the Religious Schools and CCCU are permitted to intervene pursuant to Rule 24(b)(1)(B) subject to the conditions outlined in this Opinion and Order.

## STANDARD

Intervention is a procedural device that strives for balance between the varying interests of parties to a suit, nonparties believing the suit may affect them, and the public interest in an efficient judiciary. 7C Fed. Frac. & Proc. Civ. § 1901 (Wright & Miller). The Federal Rules of Civil Procedure offer interested nonparties two main paths of intervention: Rule 24(a) establishes when nonparties have a right to intervene and Rule 24(b) permits intervention at the court's discretion.

Courts must permit a nonparty to intervene on timely motion where (1) the nonparty has a "significantly protectable" interest relating to the property or transaction that is the subject of the action, (2) is so situated that the action's disposition may as a practical matter impair or impede the nonparty's ability to protect that interest, and (3) the existing parties inadequately represent that interest, Fed. R. Civ. P. 24(a)(2). The Ninth Circuit has construed Rule 24(a)(2) broadly in favor of intervenors, *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 2273,

1179 (9th Cir. 2011), but the nonparty bears the burden of showing that each element is met, *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

Courts may permit a nonparty to intervene on timely motion where a nonparty has a claim or defense that shares a common question of law or fact with the main action, Fed. R. Civ. P. 24(b)(1)(B). A court, in exercising its discretion to decide whether permissive intervention is appropriate, must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *Id.* 24(b)(3).

## DISCUSSION

Proposed intervenors seek intervention as of right under Rule 24(a)(2), or in the alternative, permissive intervention under Rule 24(b). Federal defendants, for the purposes of the Motions to Intervene only, do not dispute that proposed intervenors satisfy the first three requirements to intervene as of right and all requirements to intervene permissively. Am. Resp. in Opp'n to Mot. to Intervene (doc. 37) at 5, 9. Federal defendants oppose intervention on the grounds that proposed intervenors interests are adequately represented by the existing parties. *Id.*

## I.    *Intervention as of Right*

Federal defendants concede that proposed intervenors meet the first three requirements to intervene as of right, and the Court agrees that these requirements have been met. While not disputed, these requirements do merit discussion as courts have deemed them part of the setting in which the fourth requirement of inadequate

representation is examined. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

### A.  *Proposed Intervenors' Motions Are Timely*

The Ninth Circuit considers three factors "in determining whether a motion to intervene is timely: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836–37 (9th Cir. 1996) (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)).  The Religious Schools filed their motion (doc. 8) ten days after plaintiffs filed their Class Action Complaint (doc. 1).  CCCU filed its motion (doc. 26) about six weeks later, but still before federal defendants filed their initial Motion to Dismiss (doc. 56).  Thus, proposed intervenors motions are timely.

### B.  *Proposed Intervenors Have a Significantly Protectable Interest in Plaintiffs' Class Action*

A nonparty "has a 'significantly protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interests and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).  A nonparty generally satisfies the "relationship" requirement where resolution of the plaintiff's claims will affect the nonparty.  *Id.* This test, as recognized by the Ninth Circuit, "is primarily a practical guide to disposing lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Forest Conservation Council v. U.S.*

*Forest Serv.*, 66 F.3d 1489, 1496 (9th Cir. 1995) (quoting *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)).

Proposed intervenors have a legally protected interest in the action as the direct beneficiaries of Title IX's Religious Exemption that this suit seeks to invalidate. Mots. to Intervene (docs. 8, 26). *See State ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (finding the proposed intervenors had a "significantly protectable" interest where they were the intended beneficiaries of a congressional enactment seeking to protect their "conscience rights").

## C. *Disposition of Plaintiffs' Class Action May Impair or Impede Proposed Intervenors' Interests*

In determining whether a nonparty's interests would as a practical matter be impaired or impeded by the disposition of an action, the Ninth Circuit follows the guidance of the Rule 24 advisory committee's note: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24(a) advisory committee's note to 1966 amendment).

Even if this action would affect proposed intervenors' interests, their interests might not be impaired if they have "other means" to protect them. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). But where a suit, such as here, might strike down or substantially narrow a statute that affects the proposed intervenor's interest and where the proposed intervenor would have no alternative

forum to contest such an interpretation, this prong is satisfied.  *See Lockyer*, 450 F.3d at 443.

### D.    *Proposed Intervenors' Interests are Adequately Represented by the Existing Parties*

In determining the adequacy of representation, courts consider three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.  *Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003).  "The 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of the existing parties.'"  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947 (9th Cir. 2009) (quoting *Arakaki*, 324 F.3d at 1086).

The burden on proposed intervenors in showing inadequate representation is typically minimal and would be satisfied if they could demonstrate that representation of their interests "may be" inadequate.  *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).  However, where a party and a proposed intervenor share the same "ultimate objective," a presumption of adequacy arises, and the proposed intervenors must make a "compelling showing" of inadequate representation.  *See Perry*, 587 F.3d at 951; *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).  Where a government entity is acting on behalf of its citizens and shares the proposed intervenor's same interest, a

"very compelling showing" is required. *Arakaki*, 342 F.3d at 1086 (citing 7C Wright, Miller & Kane, § 1909, at 332). "This presumption of adequacy is 'nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.'" *Freedom from Religion Found., Inc.*, 644 F.3d at 841 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006)).

A proposed intervenor makes a "very compelling showing" of the government's inadequacy by demonstrating a likelihood that the government will abandon or concede a potentially meritorious reading of the statute. *Lockyer*, 450 F.3d at 444. In *California ex rel. Lockyer*, the proposed intervenors—beneficiaries of the congressional enactment at issue that protected them from prosecution under California law—made a "very compelling showing" by presenting direct evidence that the positions that the federal defendants took in their motion for summary judgment would compromise and potentially eviscerate the protections of the enactment. *Id.* at 444–45.

Proposed intervenors assert that federal defendants will not undoubtedly make all of their arguments in part because proposed intervenors intend to argue that Title IX's prohibition of "sex" discrimination does not extend to sexual orientation or gender identity. Reply Mot. to Intervene (doc. 40) at 7. By contrast, federal defendants have already confirmed that "Title IX prohibits discrimination based on sexual orientation and gender identity" and that this prohibition is subject to Title IX's Religious Exemption. Def.'s Mot. to Dismiss (doc. 56), at 17 (internal

citation omitted).  This definition of "sex," however, does not equate to abandoning or conceding a potentially meritorious reading of the religious exemption.  Regardless of the definition of "sex," federal defendants have made clear that the religious exemption continues to protect proposed intervenors.  It certainly cannot be said that the definition compromises and potentially eviscerates the protections of the enactment, as was the case in *Lockyer*.  Thus, proposed intervenors fail to make a "very compelling showing" of inadequate representation.

The Ninth Circuit in *Arakaki* made a distinction between the requirement of a "very compelling showing," outlined above, and a "compelling showing," where the proposed intervenor and an existing party share the ultimate objective.  The *Arakaki* court followed this distinction by stating where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention.  *Id.* Here, proposed intervenors and federal defendants share the same ultimate objective: To defend the constitutionality of the Title IX Religious Exemption.

Proposed intervenors also assert that federal defendants may be inadequate representatives for their interests because federal defendants' Motion to Dismiss does not assert all the grounds for dismissal that proposed intervenors would assert. Federal defendants seek dismissal for lack of standing and failure to state a claim. Docs. 56, 92.  Proposed intervenors also seek to assert that plaintiffs' requested relief would violate their constitutional and statutory rights, doc. 54 at 21–26, and that plaintiffs failed to join necessary parties pursuant to Rules 12(b)(7) and 19, doc. 68, Ex. A at 19–25.  These differences, however, amount to no more than differences in

litigation strategy, and thus, proposed intervenors fail to make a "compelling showing" of inadequate representation. *Arakaki*, 324 F.3d at 1086. Consequently, proposed intervenors are not entitled to intervene as of right.

## II.    *Permissive Intervention*

Courts may permit a nonparty to intervene on timely motion where a nonparty has a claim or defense that shares a common question of law or fact with the main action if intervention will not unduly delay or prejudice the proceeding. Fed. R. Civ. P. 24(b)(1)(B), (b)(3). "Thus, the decision regarding whether to grant permissive intervention is always subject to the inherently discretionary considerations of equity and judicial economy." *See* 6 Moore's Federal Practice – Civil § 24.10 (2021). Federal defendants do not dispute that proposed intervenors have met the requirements of permissive intervention but oppose intervention on the grounds that proposed intervenors are adequately represented by federal defendants. Defs.' Am. Opp'n to Mots. to Intervene (doc. 37).

In the Ninth Circuit, courts review the *Spangler* factors when considering permissive intervention, including:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (footnotes omitted).

The Court finds that proposed intervenors have an extensive interest in the case.    Because of their proposed status as intervenor-defendants, proposed intervenors do not need to demonstrate standing.    *See Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 573 (9th Cir. 2014).    Proposed intervenors seek to defend the constitutionality of the religious exemption, and while proposed intervenors' interests are adequately represented by existing parties, limited intervention would not prolong or unduly delay the litigation.    Finally, proposed intervenors may significantly contribute to the full development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented.    Accordingly, proposed intervenors are permitted to intervene.

"The district court's discretion . . . to grant or deny an application for permissive intervention includes discretion to limit intervention to particular issues." *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974); *see Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992) (providing that "[w]hen granting an application for permissive intervention, a federal district court is able to impose almost any condition").    Because intervention creates a risk of significantly increasing the amount of documents that both the parties and the Court must review in resolving this dispute, additional conditions are warranted.    Thus, the Religious Schools and CCCU shall file a joint response to plaintiffs' preliminary injunction motion and joint motion to dismiss and take care not to duplicate

arguments raised by federal defendants whenever possible.  Where one intervenor-defendant seeks to advance an argument that the other does not wish to join, they shall do so in a separate section within the same brief.

## CONCLUSION

The Religious Schools' and CCCU's Motions to Intervene (docs. 8, 26) are GRANTED.  Further, to litigate this matter in the most efficient and economic manner, intervenor-defendants are ORDERED to consolidate their response to plaintiffs' Motion for Preliminary Injunction, in accordance with the limitations outlined above.  Intervenor-defendants' joint response is due October 15, 2021, and plaintiffs' reply is due on October 22, 2021.  At the October 20, 2021, telephonic status conference, the Court will discuss a schedule for intervenor-defendants' joint Motion to Dismiss and the scope of their intervention going forward.

IT IS SO ORDERED.

Dated this <u>8th</u> day of October 2021.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge