CAROL FEDERIGHI
TX Bar No. 06872950
*Lead Counsel*
ELLIOTT M. DAVIS
NY Reg. No. 4596755
HILARIE E. SNYDER
DC Bar No. 464837

BRIAN M. BOYNTON
Acting Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 305-0747
hilarie.e.snyder@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | Civil Action No. 6:21–cv–00474–AA <br><br> **STIPULATION FOR REMOTE DEPOSITIONS** |

      The Parties, Plaintiffs, Defendants, and Intervenors, hereby stipulate pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure that all depositions in the above-captioned matter that are to be taken by remote means shall comply with the following agreed upon protocol:

1. The deposition will be taken via software operated by a third-party service (the "Service"), which will be selected by the Party noticing the deposition. To the extent practicable, the Party noticing the deposition will notify the Party defending the deposition and counsel of record for any other Parties of its choice of Service no less than 5 days prior to the day of the deposition. To the extent practicable, a Party will endeavor to use the same Service for all of the depositions it takes, but the selection of a Service by one party does not obligate any other Party to select the same Service. The Party noticing the deposition is obligated to inform the Service of all parts of this Stipulation for Remote Depositions that reference or apply to the Service, including by providing a copy of this Stipulation to the Service.

2. The Party noticing the deposition will also notify the Party defending the deposition at least 5 days prior to the day of the deposition how Technical Support for the Service can be obtained, including a phone number, email address, and any other applicable instructions, e.g., a button to click during the deposition. If the instructions for obtaining Technical Support are the same for each deposition, the Party noticing the deposition is not required to separately provide instructions in advance of each deposition once it has first done so.

3. Attendance at the deposition will be limited to: (1) the Witness and their counsel; (2) Plaintiffs; (3) Defendants and their representatives, including agency counsel; (4) the Parties' counsel of record; (5) any staff from the Service required for the administration of the deposition. At least 2 days prior to the day of the deposition, the Parties shall send to the Service the email addresses of attendees that will require links to attend the deposition. If the

Party noticing the deposition plans to send hard copy exhibits to the Witness, the Party defending the deposition will provide mailing addresses for the Witness and the defending attorney at least 3 days prior to the day of the deposition.

4. The Witness, the lawyer questioning the Witness, the Court Reporter, and any Videographer will all be in different physical locations from one another during the deposition. The Witness and the lawyer defending the deposition may be in the same physical location if they so choose. The Witness, the lawyer questioning the Witness, and the lawyer defending the deposition shall state their locations on the record at the start of the deposition.  The lawyer questioning the Witness and the lawyer defending the deposition may be in a room with other counsel of record in the case if they so choose or participate in the deposition from a location separate from that of other counsel of record.  Defendants' agency counsel may also attend the deposition in a room with counsel of record in this case if they so choose or attend from a location separate from that of counsel of record.

5. Prior to the deposition, at a time that is mutually convenient to the Parties, the Witness, and the Service, and the Parties must connect to a test environment (the "Test Session") using instructions sent to them by email from the Service.  The Parties and the Witness do not need to be part of the same Test Session but rather may schedule their respective Test Session separately with the Service as they prefer.  The Service will demonstrate the features of the Service to the attendees, and the Party defending the deposition will have an opportunity to test the features of the Service during the Test Session.  If technical problems occur during a Test Session and cannot be resolved prior to the date and time of the

deposition, the deposition may be postponed until a date and time that is agreeable to all Parties.

6. On the day of the deposition, the Witness and at least one attorney for each Party will connect to the audio and video and any necessary transcript and/or exhibit feeds by clicking on a link that will be emailed to them by the Service at least 24 hours prior to the deposition. Attendees will connect at least 15 minutes prior to the scheduled start time for the deposition. Attendees who are not speaking may choose not to receive the video and any transcript and/or exhibit feeds by dialing in by phone only.

7. The Witness, the Party taking the deposition, and the Party defending the deposition are each responsible for having all necessary equipment and high-speed internet access in good working order to enable the Party taking the deposition to depose the Witness by the means specified in the deposition notice and in an environment reasonably free of distraction and interference.

8. The Party taking the deposition may choose to transmit exhibits by any of the following means:

- Upload to the Service during or prior to the deposition;

- Transmittal to the Parties and the Witness during or prior to the deposition by file transfer service, e.g., JEFS Box.com, or hard copy; or

- Email to the Parties and to the Witness during or prior to the deposition, provided that no email is larger than 20 MB and that no single document is split across multiple emails.

Exhibits may be marked during the deposition using the Service. The official copies of the exhibits will be designated using the Service. If hard copy documents are entered as exhibits during the deposition, the Parties shall cooperate to ensure the secure and timely transmission of all such exhibits to the court reporter following the conclusion of the deposition. Nothing in this stipulation alters any Party's obligations regarding documents subject to any protective order entered in the matter. To the extent that a Party chooses to transmit exhibits in advance of the deposition, the defending Party and the Witness will not open those until instructed to do so at the deposition by the attorney taking the deposition. Also, the defending Party is responsible for instructing the Witness not to open the exhibits in advance of the deposition.

9. The Witness shall state if they have brought any documents with them to the deposition (other than any hard copy transmittal of exhibits provided by the Party taking the deposition as referred to in Paragraph 8, *supra*). The Party defending the deposition will make available during the deposition a copy of any documents brought to the deposition by the Witness.

10. The Party noticing the deposition will pay all fees and costs associated with the Service other than: (a) any per-participant fee for participants associated with any other Party other than the Witness and one attorney of record; *and* (b) the transcript copy fees, delivery fees and any expedited or real-time transcript fees for copies of the transcript and exhibits ordered by any other Party.

11. During the deposition, the Witness, the lawyer questioning the Witness, the lawyer defending the deposition, and all lawyers in the same room as the Witness must be on

5

Stipulation for Remote
Depositions

camera at all times that the deposition is on the record.  The Witness may not use a digital background while appearing on camera.  The Witness will position his/her webcam to provide a wide angle sufficient to capture his or her hand and other movements, and to provide a clear picture of the Witness, to the Witness's best ability.  The court reporter may appear on camera at his or her discretion.  Other attendees must be identified on the record but may choose not to be on camera in order to avoid buffering and/or reduced video quality.  Other attendees will minimize speaking on the record or otherwise disrupting the deposition, and must keep their phones on mute.

12. In the event of technological difficulties or other interruptions affecting the Witness, the court reporter, the questioning attorney, or the defending attorney, the deposition shall be suspended for an appropriate length of time.  In the event of technological difficulties or other interruptions affecting other participants (but not the Witness, the court reporter, the questioning attorney, the defending attorney, or the videographer), the deposition will continue.

13. During the deposition examination, no person is permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (e.g., no text or email exchanges with the witness). All private chat features on the remote connection being utilized shall be disabled. All applications on the witnesses' device other than the applications being utilized to conduct the deposition shall be closed. No witness shall communicate with any person (verbally, in writing, or by conduct) while on the record at the deposition in a manner that the examining attorney cannot personally observe through the videoconference technology. However, the witness's counsel may communicate with the

6

Stipulation for Remote
Depositions

witness telephonically, in person, or by other electronic means (including, but not limited to, the use of the remote connection software) during breaks in the deposition, consistent with the Federal Rules of Civil Procedure and the Local Rules of the District of Oregon.

14. In the event that progress at the deposition is slowed by technological limitations, the Parties may stipulate to extend the deposition or to resume the deposition on an alternate date and time that is mutually agreeable to the Parties and the Witness.

15. The Parties waive administration of the oath in person and consent to this deposition being conducted remotely. The Parties agree that nothing about this process will impair in any way the use of this deposition as otherwise permitted by the Federal Rules of Civil Procedure.

16. Nothing in this stipulation waives the rights of any Party to seek any appropriate relief from the Court.

Dated: October 20, 2021

s/ *Paul Carlos Southwick*
**Paul Carlos Southwick**
**(OSB 095141)**
**TRIAL ATTORNEY**
**Religious Exemption Accountability Project**
**Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208,
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517

**Timothy R. Volpert (OSB 814074)**
**Tim Volpert PC**
211 NE Hancock St. Ste. 2B
Portland, OR 97212
Email: tim@timvolpertlaw.com
Phone: 503-703-9054

**Misha Isaak**
**Alletta S. Brenner**
**Perkins Coie, LLP**
1120 NW Couch Street, Tenth Floor
Portland, OR 97209
Email: MIsaak@perkinscoie.com
Email: ABrenner@perkinscoie.com
Phone: 503-727-2000

*Attorney for Plaintiffs*

s/ *Mark Lippelmann*
KRISTEN K. WAGGONER,
OR Bar No. 067077
*Lead Counsel*
RYAN J. TUCKER* AZ Bar No. 034382
MARK A. LIPPELMANN*
AZ BAR No. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
kwaggoner@ADFlegal.org
rtucker@ADFlegal.org
mlippelmann@ADFlegal.org

*Attorneys for Intervenor-Defendants,*

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

CARLOTTA WELLS
Assistant Director

/s/ *Elliott M. Davis*
CAROL FEDERIGHI, TX Bar No. 06872950
*Lead Counsel*
ELLIOTT M. DAVIS, NY Reg. No. 4596755
HILARIE E. SNYDER, DC Bar No. 464837
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-0747
hilarie.e.snyder@usdoj.gov

*Attorneys for Defendants*

8

Stipulation for Remote
Depositions

*Western Baptist College d/b/a Corban University, William Jessup University and Phoenix Seminary*

/s/ *Gene C. Schaerr*
Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060

/s/ *Herbert G. Grey*
Herbert G. Grey, OSB # 810250
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908
Email: herb@greylaw.org

*Counsel for Defendant-Intervenor
Council for Christian Colleges & Universities*

* Admitted *pro hac vice*