CAROL FEDERIGHI
TX Bar No. 06872950
*Lead Counsel*
ELLIOTT M. DAVIS
NY Reg. No. 4596755
HILARIE E. SNYDER
DC Bar No. 464837

BRIAN M. BOYNTON
Acting Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 514-4336
elliott.m.davis@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 6:21–cv–00474–AA<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　One or more of the parties has requested or may request the production of documents or information that at least one party considers to be or to contain confidential information, including information required to be protected by federal law, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

1 – STIPULATED PROTECTIVE ORDER

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action is a putative class action brought by LGBTQ+ current and former students of, or applicants to, religious educational institutions that are recipients of federal financial assistance against the U.S. Department of Education ("ED") concerning the religious exemption to Title IX. If discovery commences, the parties expect to exchange documents and information that may be protected by the Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, or the Privacy Act of 1974, as amended ("Privacy Act"), 5 U.S.C. § 552a, as well as other confidential information concerning individual plaintiffs or other students. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to adequately safeguard the privacy and confidentiality of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.  Defendants are authorized to produce documents and information covered by the Privacy Act or FERPA that are relevant to the subject matter involved in the pending action as set forth in this Protective Order without obtaining the prior written consent of the applicable individuals.

2.  Upon the entry of this Protective Order under the authority of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Privacy Act, 5 U.S.C. § 552a(b)(11), and FERPA, 20 U.S.C. § 1232g(b)(2) and 34 C.F.R. §§ 99.31(a)(9), 99.33, the production of documents and information in this case will be pursuant to an order from a court of competent jurisdiction as those terms are defined under the Privacy Act and pursuant to a judicial order under FERPA.

3.  ED reserves the right to make "reasonable efforts," as set forth in the Privacy Act, 5 U.S.C. § 552a(e)(8), and FERPA, 20 U.S.C. § 1232g(b)(2) and 34 C.F.R. §§ 99.31(a)(9), 99.33, to serve

notice on any individuals whom ED believes will be affected by the disclosure of documents or information because the individuals' personally identifiable information is contained therein. ED does not waive this right by marking documents or information "Confidential" or "Attorneys' Eyes Only" or producing them in redacted form. Nothing in this Protective Order, however, should be construed as requiring ED to serve notice on the individuals.

4.     All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding and only as set forth in this Protective Order.

5.     Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose, including business, commercial, or competitive purposes. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

6.     The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards, such as information covered by the Privacy Act or FERPA. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

7.     If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court,

they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 10 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 11 OF THE PROTECTIVE ORDER.

If a party is filing a document that the party has designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten (10) calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

8.  Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 7. Unless otherwise agreed, all deposition

transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

9. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 7 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

10. Use and disclosure of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless the party who designated the aforementioned information or documents as "Confidential" provides its prior written consent or pursuant to a court order:

> a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.
>
> b. In-house counsel for the parties, including government agency counsel, and the administrative staff for each in-house counsel.
>
> c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.
>
> d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.
>
> e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,
>
> f. The authors and the original recipients of the documents.

       g.    Any court reporter or videographer reporting a deposition.

       h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

       i.    Any deponent in this case or testifying witness in this case during the course of their deposition/testimony or in preparation for that deposition/testimony.

11.    Use and disclosure of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 10(a), 10(b), 10(d), 10(e), 10(f), 10(g), 10(h), or 10(i), unless additional persons are stipulated by counsel or authorized by the Court.

12.    Prior to being shown any information or documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 10(c), 10(d), 10(g), 10(h), and 10(i) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as Exhibit A.

13.    All "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order, any copies thereof, and any and all information contained therein, must be stored at all times in a secure location at counsel's offices or in secure files on counsel's computer systems and may not be sent to or reviewed by any person listed in paragraph 10(c), 10(d), or 10(i) above outside of that location or, if sent electronically, in a manner that ensures access is limited to the persons authorized under this Protective Order.

14.    Whenever information or documents designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 10 and 11, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

15. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

16. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

17. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence

in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

18. Within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive information or documents designated "Confidential" or "Attorneys' Eyes Only" must certify to the designating party or third party that all information and documents designated as such and subject to this Protective Order (i) have been returned to the designating party or third party, or (ii) have been destroyed. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. Notwithstanding the foregoing, subject to the provisions of this Protective Order and applicable law, counsel for a party may retain archival copies of documents covered by this Protective Order, such as copies of exhibits filed under seal with the Court, counsel's file copies of papers prepared in connection with this action, e.g., pleadings, court papers and other papers served in this litigation, counsel's file copies of expert reports, depositions and trial transcripts, and work product referencing "Confidential" or "Attorneys' Eyes Only" information, and Defendants and counsel for Defendants may retain documents and records that are required to be retained under the Federal Records Act or any other applicable federal law or regulation.

19. This Protective Order shall not constitute a waiver of any party's or non- party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information. Nothing in this Protective Order shall be construed to affect any party's or non-party's right to withhold or redact material on the basis of any applicable privilege or other protection, and the production of "Confidential" or "Attorneys' Eyes Only" information under this Protective Order shall not be construed to waive any such privilege in this or any other proceeding.

20. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

21. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

Dated: October 20, 2021

s/ *Paul Carlos Southwick*
**Paul Carlos Southwick**
**(OSB 095141)**
**Religious Exemption Accountability Project**
**Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208,
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517

**Timothy R. Volpert (OSB 814074)**
**Tim Volpert PC**
211 NE Hancock St. Ste. 2B
Portland, OR 97212
Email: tim@timvolpertlaw.com
Phone: 503-703-9054

**Misha Isaak**
**Alletta S. Brenner**
**Perkins Coie, LLP**
1120 NW Couch Street, Tenth Floor
Portland, OR 97209
Email: MIsaak@perkinscoie.com
Email: ABrenner@perkinscoie.com
Phone: 503-727-2000

*Attorney for Plaintiffs*

BRIAN M. BOYNTON
Acting Assistant Attorney General

CARLOTTA WELLS
Assistant Director

*/s/ Elliott M. Davis*
CAROL FEDERIGHI, TX Bar No. 06872950
*Lead Counsel*
ELLIOTT M. DAVIS, NY Reg. No. 4596755
HILARIE E. SNYDER, DC Bar No. 464837
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-0747
hilarie.e.snyder@usdoj.gov

*Attorneys for Defendants*

9 – STIPULATED PROTECTIVE ORDER

*s/ Mark Lippelmann*
KRISTEN K. WAGGONER,
OR Bar No. 067077
*Lead Counsel*
RYAN J. TUCKER* AZ Bar No. 034382
MARK A. LIPPELMANN*
AZ BAR No. 036553
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
kwaggoner@ADFlegal.org rtucker@ADFlegal.org
mlippelmann@ADFlegal.org

*Attorneys for Intervenor-Defendants,*
*Western Baptist College d/b/a Corban*
*University, William Jessup University*
*and Phoenix Seminary*


*/s/ Gene C. Schaerr*
Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060

*/s/ Herbert G. Grey*
Herbert G. Grey, OSB # 810250
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908
Email: herb@greylaw.org

*Counsel for Defendant-Intervenor*
*Council for Christian Colleges & Universities*

   * Admitted *pro hac vice*

10 – STIPULATED PROTECTIVE

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED:  October 20, 2021


　　　　　　　　　　　　　　　　　/s/Ann Aiken
　　　　　　　　　　　　　　　　Ann Aiken
　　　　　　　　　　　　　　United States District Judge

EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in *Hunter v. United States Department of Education,* No. 6:21–cv–00474–AA (D. Or.), of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Date