HAMEIN
10/15

#3

*Office of the President*

September 24, 1976

Mr. Martin H. Gerry, Director
Office of Civil Rights
Department of Health, Education, and Welfare
Washington, D.C.   20201

Dear Mr. Gerry;

The College seeks exemptions from the following sections of the Final
Title IX Regulations: 86.21(c); 86.40(b)(1) and (5); 86.57 (a)(1)(b)(c)(d);
86.60(a).

The substance of all of the above sections deals with items such as
martial status, pregnancy, pregnancy as a temporary disability, pregnancy
leave, etc.  Normally, the College is not concerned with the marital status
of either a prospective student or faculty member if the status is either
that of single or married.  Such persons are not discriminated against on
the basis of sex.  On the subject of divorce, however, the College takes
a different stance.

Scripture teaches that a person is to be married to one partner for
life barring certain circumstances.  And when a person procures a divorce
because of circumstances which are specifically contrary to Biblical teach-
ing, the acceptance of such a person as a student or member of the faculty/
staff can jeopardize the Biblecal stance/teaching/education process of
this church-owned College.  For example, assume two persons are married.
Person one involves himself in all kinds of extramarital immoral sexual
activity while married which leads to his partner's procural of a divorce.
Since this College takes a very clear position on the high moral behavior
of students and faculty, and since these expectations are based on clear
Biblical teachings, the acceptance of such a student or employee (assuming
the student or employee still practices the immoral behavior) will jeopardize
the integrity of the College community and its religious teachings.

Under section 86.21(c), the College may make no pre-admission inquiries
as to the martial status of the applicant.  This same prohibition exists with
regard to employees in 86.60(a).  In sum, both of these prohibitions are con-
trary to religious tenets of the institution in that it prevents the College
from seeking to select the kind of students and employees it desires for its
student body.  It should be noted here that both men and women divorcees are
treated in identical manners so that in fact no sexual discrimination exists
here.

GEORGE FOX COLLEGE / NEWBERG, OREGON 97132 / (503) 538-8383

*Assurance*

Mr. Martin H. Gerry                                    September 24, 1976

Page 2

With regard to the pregnancy sections (sections 86.40 and 86.57) the
College is only concerned here with an out-of-wedlock pregnancy. : As long
as the pregnancy, childbirth, false pregnancy, termination of pregnancy
or recovery therefrom occur in wedlock, the College is in compliance with
sections 86.40 and 86.57. But where either a student or employee becomes
pregnant out of wedlock, the College reserves the right to exclude such
persons (bother mother and father) from any or all of its programs.   To
do otherwise would be to run counter to the College's position with re-
gard to sexual morality, which position is based on a religious/Biblical
tenet.

Further, consistent with the expectations of HEW Form 639, the College
submits the following information:

(1) The name of the religious organization governing the College is
    the Northwest Yearly Meeting of Friends Church.  The College is
    controlled by such organization.

(2) Implementing the sections of Title IX as hereinbefore noted
    without exemptions asked for would conflict with a specific
    religious tenet of religion as practiced by the Northwest Yearly
    Meeting of Friends Church.

I trust this is acceptable to you.

                                          Cordially,

                                          David C. Le Shana, President
                                          GEORGE FOX COLLEGE
                                          Newberg, OR  97132

DLS:gj

Enclosure



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS



AUG 3 1985

Dr. Edward F. Stevens
President
George Fox College
Newberg, Oregon  97132

Dear Dr. Stevens:

The Office for Civil Rights of the Department of Education (OCR/ED) is in
the process of clearing a backlog of requests for religious exemption from
Title IX of the Education Amendments of 1972.  Our records indicate that
George Fox College filed such a request, but there is no record that OCR
adequately acknowledged this request.

We have recently reviewed the request filed by former President David C.
Le Shana (copy enclosed) in which he described several policies practiced
at George Fox College as consistent with the tenets of the religious organi-
zation that controls the institution.  These policies would violate certain
sections of the regulation implementing Title IX (copy enclosed) absent a
religious exemption.  Dr. Le Shana supplied information in his request
letter that establishes that the institution is controlled by a religious
organization and that tenets followed by this organization conflict with
specific sections of the Title IX regulation.  Therefore, I am granting
George Fox College an exemption to those sections of the Title IX regulation
specified in the request letter.  The exemption is limited to the extent
that compliance with the Title IX regulation conflicts with the religious
tenets followed by the institution.  George Fox College is hereby exempted
from the requirements of the following sections of the Title IX regulation:
34 C.F.R. §§ 106.21(c); 106.40(b)(1) and (5); 106.57(a)(1), (b), (c), (d);
and, 106.60(a).  The basis for our decision to grant this exemption is
discussed in further detail below.

Dr. Le Shana's letter indicated that the religious organization governing
George Fox College is the Northwest Yearly Meeting of Friends Church (NYMFC),
and that the College is controlled by this organization.  This relationship
between the NYMFC and George Fox College adequately establishes that George
Fox College is controlled by a religious organization as is required for
consideration for exemption under § 106.12 of the Title IX regulation.

In his letter Dr. Le Shana indicated that "Scripture teaches that a person
is to be married to one partner for life barring certain circumstances.  And
when a person procures a divorce because of circumstances which are specif-
ically contrary to Biblical teaching, the acceptance of such a person as a
student or member of the faculty/staff can jeopardize the Biblical stance/
teaching/education process of this church-owned college."  Thus, with
respect to admissions and hiring, George Fox College "takes a very clear
position on the high moral behavior of students and faculty, and . . .
these expectations are based on clear Biblical teachings[.]"

Case 6:21-cv-00474-AA   Document 118-9   Filed 10/25/21   Page 4 of 9

Page 2 - Dr. Edward F. Stevens

Based on the above principle, George Fox College has requested and is granted
by this letter, exemption to 34 C.F.R. § 106.21(c), which pertains to
prohibitions with respect to consideration of marital or parental status in
admission of students; and 34 C.F.R. § 106.60(a), which pertains to pre-
employment inquiries with respect to the marital status of an applicant.

Dr. Le Shana also indicated in his letter that, based on a religious/Biblical
tenet concerning sexual morality, George Fox College reserves the right to
exclude from its programs persons who become pregnant out of wedlock.

Based on the above principle, George Fox College has requested and is granted
by this letter, exemption to:  § 106.40(b)(1) and (5), which prohibits
different treatment of students for reasons concerning pregnancy and related
conditions; and § 106.57(a)(1), (b), (c), (d), which prohibits taking any
employment action for reasons concerning a person's potential marital, parental,
or family status, or concerning pregnancy and related conditions.

This letter should not be construed to grant exemption from any section of
the Title IX regulation not specifically mentioned. In the event that OCR
receives a complaint against George Fox College, we are obligated to determine
initially whether the allegations fall within the exemption herein granted.
Also, in the unlikely event that a complainant alleges that the practices
followed by George Fox College are not based on the religious tenets of the
NYMFC, OCR is obligated to contact the NYMFC to verify those tenets. If the
NYMFC provides an interpretation of tenets that has a different practical
impact than that described by George Fox College, or if the NYMFC denies
that it controls the institution, this exemption will be rescinded.

I hope this letter responds fully to your institution's request. I regret
the inordinate delay in responding to the original request. If you have
any questions, please do not hesitate to contact the Seattle Regional Office
for Civil Rights. The address is:

> Gary D. Jackson
> Regional Civil Rights Director
> Office for Civil Rights, Region X
> Department of Education
> 2901 Third Avenue, M/S 106
> Seattle, Washington  98101

Sincerely,

Harry M. Singleton
Assistant Secretary
for Civil Rights

Enclosures

cc:  Gary D. Jackson, Regional Civil Rights Director, Region X



414 N. Meridian St., Newberg, OR 97132

503.538.8383

March 31, 2014

Catherine Lhamon, Assistant Secretary
U.S. Department of Education, Office for Civil Rights
Lyndon Baines Johnson Department of Education Building
400 Maryland Avenue, SW
Washington, DC 20202-1100

Re:     George Fox University's Request for Title IX Religious Exemption

Dear Ms. Lhamon:

I have become aware that the Departments of Education and Justice recently interpreted Title IX's ban on sex discrimination in education to include discrimination based on gender identity.[1]  As President of George Fox University, a private, religious liberal arts college in Oregon, I hereby request, under 34 C.F.R. §106.12, an exemption for George Fox from this interpretation of Title IX, due to the religious beliefs of our institution.

George Fox University, a Christ-centered community, prepares students spiritually, academically, and professionally to think with clarity, act with integrity, and serve with passion. Since its founding more than a century ago, George Fox has been committed to providing a Christian education – from its early days as Friends Pacific Academy, established in 1885, to the present. Its name honors the founder of the Friends (Quaker) movement and the University is owned by the Northwest Yearly Meeting of Friends (in fact, 4/7 of the Board of Trustees must be Friends).

. In its Statement of Faith, the University expresses its belief that, "[i]n love and joy, God creates and sustains the universe, including humanity, male and female, who are made in God's image."[2]  The University believes "that God inspired the Bible and has given it to us as the uniquely authoritative, written guide for Christian living and thinking.  As illumined by the Holy Spirit, the Scriptures are true and reliable." These theological beliefs are also embedded in the doctrinal statements of the Northwest Yearly Meeting of Friends.

The University believes that human beings, fashioned by God in His own image, are created male and female (Genesis 1:27). In the New Testament, Jesus confirms the heterosexual creation of human beings: God made them male and female (Matthew 19:4). Like the rest of

---

[1] Resolution Agreement Between the Arcadia Unified School District, the U.S. Department of Education, Office for Civil Rights, and the U.S. Department of Justice, Civil Rights Division, *available at*
http://www.justice.gov/crt/about/edu/documents/arcadiaagree.pdf
[2] George Fox University, *About George Fox- Statement of Faith*,
http://www.georgefox.edu/about/mission_vision_values/faith_statement.html (last visited Mar. 17, 2014).

Letter to Ms. Catherine Lhamon
March 31, 2014
Page 2 of 3


God's creation, the sexual differences between man and woman are pronounced "very good" (Genesis 1:31).

This distinction between men and women is also assumed in our lifestyle statement with regard to issues of sexual morality. The statement says that "in regard to sexual morality, we believe that only marriage between a man and a woman is God's intention for the joyful fulfillment of sexual intimacy. This should always be in the context of mutual compassion, love, and fidelity. Sexual behaviors outside of this context are inconsistent with God's teaching. We recognize these principles may conflict with the practice or opinion of some within the larger culture. We are convinced that this is God's design for providing the most loving guidance and practice for individuals and our community."


We affirm the dignity of all human beings. We also separate the value of each person from the behavioral choices one makes. We believe that, as Christians, we are called to treat all people with compassion, and to extend the gospel of repentance, forgiveness, and transformation through Jesus Christ to such persons without reservation. However, in keeping with our biblical beliefs surrounding the morality of such actions, we cannot in good conscience support or encourage an individual to live in conflict with biblical principles.

Based on the resolution recently entered into by the Department and a California school district,[3] it appears that the Department is now interpreting Title IX's ban on discrimination in education because of sex to also mean that educational institutions may not "discriminate" on the basis of "gender identity." Specifically, the school district in that dispute was ordered to allow a female student presenting herself as male to use the restroom, locker room, and living accommodations of her choice, and to participate in boys' athletic programs.

We would not be able to make similar accommodations consistent with our religious beliefs. Because of our biblical beliefs regarding gender and sexual morality, our practices might be deemed a violation of this interpretation of Title IX. However, under 20 U.S.C. §1681(a)(3) and 34 C.F.R. §106.12(a), this interpretation does not apply to George Fox: "This part does not apply to an educational institution which is controlled by a religious organization to the extent application of this part would not be consistent with the religious tenets of such organization."

Thus, on behalf of George Fox University, I hereby request an official exemption from compliance with that interpretation of Title IX. George Fox gladly complies with Title IX with respect to granting equal opportunities in educational programs or employment to members of both sexes; our request for exemption is limited to the recent interpretation that "sex" under Title IX also includes gender identity.

---

[3] See *supra* note 1.

Letter to Ms. Catherine Lhamon
March 31, 2014
Page 3 of 3

If you require anything further, please do not hesitate to contact me.

Very truly yours,

Dr. Robin Baker
President
George Fox University

cc:     Gregory S. Baylor, Esq., Alliance Defending Freedom



## UNITED STATES DEPARTMANT OF EDUCATION

OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

May 23, 2014

Dr. Robin Baker
President
George Fox University
414 N. Meridian St.
Newberg, Oregon   97132

Dear Dr. Baker:

The purpose of this letter is to respond to your March 31, 2014, letter to the U.S.
Department of Education, Office for Civil Rights (OCR), in which you requested a
religious exemption for George Fox University (University) of Newberg, Oregon
from Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681.
Title IX prohibits discrimination on the basis of sex in any education program or
activity operated by a recipient of Federal financial assistance.

The implementing regulation at 34 C.F.R. § 106.12 provides that Title IX does not
apply to educational institutions controlled by religious organizations to the extent that
application of Title IX would be inconsistent with the institution's religious tenets.
Therefore, such educational institutions are allowed to request an exemption from
Title IX by identifying the provisions of Title IX that conflict with a specific tenet of
the religious organization. The request must identify the religious organization that
controls the educational institution and specify the tenets of that organization and the
provisions of the law and/or regulation that conflict with those tenets.

Your request explained that the University, which is owned by the Northwest Yearly
Meeting of Friends (part of the Quaker movement), is "a Christ-centered community"
that is "committed to providing a Christian education." You note that four of the
University's seven Board of Trustees members must be Friends. You state that the
University's biblical belief is that human beings are created male and female, and that the
University "cannot in good conscience support or encourage an individual to live in
conflict with biblical principles."

Your exemption request points to a recent OCR resolution agreement in which a school
district agreed to allow a transgender male student to use the restroom, locker room, and
living facilities consistent with the student's gender identity, and to play on boys' athletic
teams. You explain that the University "would not be able to make similar
accommodations consistent with [your] religious beliefs." You further state that, for
these reasons, the University is requesting an exemption from Title IX and its

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-1100
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness
by fostering educational excellence and ensuring equal access.*

Dr. Robin Baker, George Fox University
May 23, 2014
Page 2 of 2

implementing regulation to the extent that they prohibit discrimination based on gender identity. We interpret this statement as a request for exemption from provisions 34 C.F.R. §§ 106.32 (governing housing), 106.33 (governing comparable facilities such as restrooms and locker rooms), and 106.41 (governing athletics). The University is exempt from these provisions to the extent that they require a recipient to treat students consistent with their gender identity, but doing so would conflict with the controlling organization's religious tenets.

Please note that this letter should not be construed to grant exemption from the requirements of Title IX and the regulation other than as stated above. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption here granted. Also, in the unlikely event that a complainant alleges that the practices followed by the institution are not based on the religious tenets of the controlling organization, OCR is obligated to contact the controlling organization to verify those tenets. If the organization provides an interpretation of tenets that has a different practical impact than that described by the institution, or if the organization denies that it controls the institution, this exemption will be rescinded.

I hope this letter responds fully to your request. If you have any questions, please do not hesitate to contact me.

Sincerely,

Catherine E. Lhamon
Assistant Secretary for Civil Rights
Office for Civil Rights
U.S. Department of Education