121

# MEMORANDUM

UNITED STATES DEPARTMENT OF EDUCATION
WASHINGTON, D.C. 20202

TO    :  Regional Civil Rights Directors
         Regions I - X

FROM     Harry M. Singleton
         Assistant Secretary
         for Civil Rights

DATE:  **FEB 19 1985**

ELIZABETH HUNTER et al.
v.
U.S. DEPARTMENT OF EDUCATION, et al.
Case No. 6:21-cv-00474 (AA)

**GOV Ex. 10**

SUBJECT:  Policy Guidance for Resolving Religious Exemption Requests

## INTRODUCTION

Headquarters is in the process of clearing a backlog of requests for
religious exemption from Title IX of the Education Amendments of 1972. I
am referring these requests to the regional offices for initial staff work
in obtaining further information, where necessary, and in preparing draft
responses to the institutions.[1] You should draft letters to the institu-
tions for my signature which either grant or deny the exemption, and, as
letters are completed, forward them and the accompanying case files to
Frederick T. Cioffi, Acting Director, Policy and Enforcement Service (PES).
You should attempt to resolve these requests and forward your recommendations
within 180 days of the date of this memorandum. PES will conduct a final
review before these letters are submitted for my signature. For further
instructions, see the section on "Procedure" below.

In addition to the guidance provided below, there are several attachments
that will provide further assistance. At Tab A is a list of cases being
returned to your particular region that are divided into three categories
based on a preliminary review completed in headquarters. These categories
indicate whether headquarters staff believe more information is needed for
a determination, whether sufficient information is already provided or
whether the institution need not have applied for an exemption. At Tab B
is a copy of an attachment that accompanied the assurance of compliance
forms routinely forwarded to all institutions in the 1970's. This attach-
ment includes a statement of what constitutes "control" by a religious
organization. The statement is included primarily for guidance and you
should not assume a strict interpretation (see the subsection on "Control"
below). At Tab C are three form letters that will assist in responding
to these requests and ensure consistency among the regional offices. At
Tab D are the case files for your particular region.

## BACKGROUND

Section 106.12 of the Title IX regulation states that the regulation does
not apply to institutions controlled by a religious organization where
such application is not consistent with the religious tenets of the

---

[1]Institution refers to the institution itself or to representatives
of the institution.

ED2.000046

organization. Institutions wishing an exemption are directed to submit a written request to the Assistant Secretary identifying the provisions of the Title IX regulation which are inconsistent with a specific tenet.

These instructions were also outlined on the HEW Form 639 Assurance of Compliance with Title IX that institutions were required to file for consideration for Federal financial assistance from the Department of Health, Education and Welfare. The assurance forms used by the Department of Education no longer contain a provision for claiming a religious exemption.

Headquarters received over 200 requests for religious exemption between 1975 and 1979. These requests specify several sections of the Title IX regulation from which institutions controlled by a religious organization have requested exemption. The sections most frequently specified are: § 106.21 regarding admissions (institutions want to remain single-sex); § 106.21(c), § 106.40, § 106.57 and § 106.60 regarding marital and parental status of students and employees: § 106.34 regarding access to course offerings (institutions offer courses training individuals for the priesthood, ministry or rabbinate only to men); and § 106.31(b)(5) regarding rules of appearance (this section was rescinded and deleted from the regulation in 1982).

Headquarters is forwarding 215 case files to the regional offices, of which: 126 have insufficient information to make a determination, 68 contain sufficient information, and 21 need not have been submitted. These figures are based on a preliminary review. The following discussion provides guidance in handling these requests.

POLICY

In submitting a request, an institution must name the religious organization that controls the institution and specify the tenets of that organization and the sections of the Title IX regulation that conflict. More than half of the original requests contained insufficient information. However, you should not conduct any investigative activity to determine whether the information already supplied by the institution is correct. Instead, any information provided by the institution should be accepted as fact. The form letters at Tab C contain qualifying language which protects OCR authority in the event that an institution has supplied erroneous information. Contacting the controlling organization to confirm either control over the institution or the tenets followed by the organization would be obtrusive. The following provides guidance for each element required for a complete request.

Control

The institution should indicate that it is controlled by a religious organization. This "control" was defined for institutions in a March 1977 version of the old HEW Form 639A (see Tab B). Approximately three institutions failed to provide any indication of which religion or church influences the institution. Some institutions indicated that they are

ED2.000047

Page 3 - Regional Civil Rights Directors

independently controlled and do not require faculty or students to be members of the particular religious organization affiliated with the institution. You will need to request more information from those institutions providing no information at all. However, you should accept as fact that an institution is controlled by a religious organization where the specific organization is named even when no information is provided on how that organization controls the institution. To reserve OCR authority, you should include the language contained in form letter two (see Tab C, form letter two, next to last paragraph). This paragraph indicates that in the event that OCR receives a complaint against the institution, and subsequent contact with the religious organization reveals that that organization does not control the institution, then OCR will rescind any exemption granted.

## Tenets

OCR cannot question what institution representatives claim as their beliefs. Only where one tenet clearly contradicts another could OCR question the institution policies based on those contradictory tenets. (A preliminary review of the case files revealed no cases where tenets were contradictory.) Several institutions claim adherence to written references such as the Bible and quote sections as religious tenets or as support for religious tenets. I suggest that staff check these cited passages, if feasible and necessary, to determine that the written reference is cited or quoted correctly. Under no circumstances should OCR appear to be interpreting the Bible.

Unfortunately, many institutions have not been so clear regarding the tenets of the religious organization as to quote sections of the Bible. For example, many institutions have requested exemption from the marital and parental status sections of the regulation (§ 106.21(c), § 106.40, § 106.57, and § 106.60). Several of these institutions state only that these sections prevent them from screening students and employees whose behavior is not in accordance with the "Christian" or "biblical morals" followed by the institution. You should accept these very general tenets for those sections of the regulation regarding marital and parental status of students and employees (sections noted above) since the prohibitions in these sections are so specific. For all other sections of the regulation, which are more complex, you should require that institutions be more specific than to simply claim Christian or biblical morals as tenets.

In granting an exemption, OCR may reserve its authority by stating that the exemption is limited to the extent that compliance with the Title IX regulation conflicts with the religious tenets followed by the institution (see Tab C, form letter two, paragraph two). This permits a potential complainant an opportunity to dispute those tenets, at which time, OCR may contact the appropriate religious organization for an explanation of the practical application of tenets.

## Regulations

The remaining information that institutions should specify in requests is the sections of the Title IX regulation from which they seek exemption. The vast majority of those institutions specifying sections requested

Page 4 - Regional Civil Rights Directors

exemption from § 106.21(c), § 106.40, § 106.57, and § 106.60 regarding
marital and parental status of students and employees. Many institutions
also indicated that only men could be trained as religious leaders and
requested exemption from § 106.34 regarding access to courses and certain
employment sections since only men were allowed to teach these courses.
In applying for these requests, some institutions realized that exemption
would be needed from several sections of the regulation for one of its
policies. However, most institutions did not. For example, if only men
are permitted to teach a particular course that trains future religious
leaders, institutions tended to request exemption from § 106.51, which
generally prohibits sex discrimination in employment, but did not request
exemption from § 106.53 (recruitment), § 106.55 (job classification and
structure), or § 106.59 (advertising). Despite the fact that some of
these requests call for exemption to sections that are not specified in
the request letter, you should recommend an exemption only for those
sections specified by the institution, with the following exceptions.
If an institution has clearly erred in specifying the section of the
Title IX regulation from which exemption was requested, or an exemption
to general regulatory provisions will not suffice in addressing the
policies or practices that the institution has clearly described, then
you should determine which sections are the most appropriate and draft a
letter for my signature including your recommendation.

Other Considerations

Many institutions were not specific in their request to the point of
specifying a particular education program. For example, institutions
providing courses that train only men as religious leaders have tended to
ask for exemption to § 106.34 regarding access to courses. Institutions
have not asked for exemption for only those courses training men, and often,
the institution does not indicate what the courses are or how many related
courses there may be. You may recommend an exemption for the entire section
of the regulation and limit the exemption by stating that it is limited to
the extent that complying with the regulation conflicts with the religious
tenets of the organization (see Tab C, form letter two, paragraph two).
Again, this language will reserve OCR authority and provide a potential
complainant with the opportunity to dispute any claim that a discriminatory
practice is in accordance with religious tenets.

Some of these institutions may not receive Federal funds. Over half of
the requests are from institutions with less than 500 students, and
approximately 17% have fewer than 100 students. Although most institutions
probably have students in attendance who receive Department of Education
student financial assistance, it is quite likely that some institutions
receive absolutely no Federal money. For now, you should simply respond
to the requests of the institutions. Attempting to determine funding
for these mostly small schools, especially with Grove City[2] considerations,
is not feasible administratively. Inasmuch as the institution initiated
the correspondence, if an institution now refuses to correspond with OCR

---

[2]Grove City College v. Bell, ___ U.S. ___, 104 S. Ct. 1211 (1984).

ED2.000049

while you are attempting to decide on an exemption recommendation, you should draft a letter for my signature informing the institution that OCR is closing the exemption request file. The only reason to correspond with the institution in the future is if OCR actually receives a complaint against the institution. OCR may determine jurisdiction at that time.

## PROCEDURE

Below are specific procedures for handling requests with varying amounts of information.

### Sufficient Information

Approximately one-third of the exemption requests contain sufficient information for a determination. You should review each file carefully and determine: 1) whether the institution has specified a controlling religious organization; 2) whether the religious tenets and institution practices described as based on those tenets would violate Title IX; and, 3) whether the sections of the regulation have been properly identified. You should then draft a letter to the institution for my signature which grants or denies an exemption. You should forward this draft recommendation to PES for final review. Also, you should include copies of the original request letter and the Title IX regulation in the package forwarded for my signature. You may use form letter two at Tab C as a guide.

### Insufficient Information

Just over half of the exemption requests do not contain sufficient information for a determination. You should correspond with the institution and request whatever information is necessary. (You may use form letter one at Tab C as a guide.) In sending this request for more information, you should include copies of the original request and the Title IX regulation. Since these requests were submitted prior to 1980, institutions may not be aware that the regulation was recodified. You should not impose any time limits for returning this information. Upon receiving complete information, you should draft a letter to the institution, for my signature, granting or denying an exemption and forward it to PES for final review. If the institution refuses to provide the necessary information, you should document this position and draft a letter to the institution, for my signature, indicating that OCR is closing the exemption request file due to this refusal to supply sufficient information. You should submit this draft letter to PES for final review.

### Request Unnecessary

Some institutions submitted a religious exemption request asking that they be allowed to limit admission to students of one sex. In some cases, these institutions are private undergraduate institutions which already have an exemption for admissions under § 106.15(e) of the Title IX regulation. If you determine this to be the case, you should draft a letter for my signature indicating that the institution need not have applied for an exemption. (You may use form letter three at Tab C as a guide. You should note that form

ED2.000050

Page 6 - Regional Civil Rights Directors

letter three is the only letter that includes a time limit.  If institutions do not indicate within 60 days that they need an exemption to sections of the regulation other than undergraduate admissions, then OCR should close the exemption request file.)  Again, you should include copies of the request letter and the Title IX regulation in the package forwarded to headquarters.

You should be careful in reviewing these files.  Many of the requests from single-sex institutions are from professional schools which are not presently exempted and must submit a religious exemption request.  Moreover, some private undergraduate institutions have asked for exemption from other sections of the regulation in addition to the admissions section.  You should draft appropriate letters to these institutions and submit them to PES. · If the request letter does not clearly indicate that the school is a private undergraduate institution, it will be necessary to check an education directory or contact the institution.

Approximately eight files contain form letters that were sent to institutions in 1980 informing the institution that an exemption request was unnecessary. Copies of these letters have been placed in the appropriate files.  You should carefully review the file and determine if the form letter sent in 1980 was appropriate.  If so, and there are no other materials in the file dated after the 1980 form letter, you may consider the file closed.  However, if a careful review of the file indicates that the 1980 letter may not have disposed of all the issues, you should contact the institution to request the information you deem necessary, and then draft an appropriate letter.

FINAL RECOMMENDATIONS

I recommend that you exercise leniency in handling these requests and in making final recommendations for exemptions.  These institutions make no secret of the religious tenets that influence the institution and potential faculty and students are aware of this influence upon joining the institution community.  OCR authority will be reserved by using the properly worded conditions noted in the form letters (see Tab C).  The vast majority of these exemption requests are between five and nine years old.  You should avoid the appearance of demanding detailed, lengthy explanations of religious tenets, religious organization control and institution practices in order that OCR may decide on an exemption.  You should also avoid imposing time limits for receipt of information.  Only those institutions that need not have applied for a request have a time limit on contacting OCR.  As indicated in Tab C, form letter three, final paragraph, if OCR does not receive notification that an institution needs exemption other than that indicated in the original letter, OCR will assume after 60 days that the institution has no need for an exemption and close the request file.

I have asked you to submit these letters to PES for final review so that headquarters may ensure accuracy and consistency in our responses to institutions.  The form letters at Tab C will help ensure that letters drafted by the regional offices are consistent.  You should be aware that many requests are form letters from institutions controlled by the same religious organization, but that the institutions controlled by the same organization are in several different OCR regions.  It will be necessary for headquarters to ensure that our responses to these institutions are consistent.

Page 7 - Regional Civil Rights Directors

It will be apparent when you review the requests for your region that
responding to these institutions will involve applying common sense in
addition to standard policy. You should attempt to draft an appropriate
response even where requests have unfamiliar policy implications. However,
if a substantial policy issue arises, you may choose to refer the issue to
headquarters before attempting to draft a response. If you have questions
regarding policy, you should submit them in writing to Frederick T. Cioffi,
Acting Director, Policy and Enforcement Service. If you wish clarification
regarding portions of this memorandum, you may contact Jeanette Lim, Chief,
Postsecondary Education Branch, at FTS 732-1677.

Attachments

ED2.000053

List of Religious Exemption Request Files for Region I - Boston

Files with Insufficient Information for a Determination - Further
Information Must Be Requested (Tab C, Form Letter One)

None


Files with Sufficient Information for a Determination - Analyze and Draft
Letter to Institution to be Signed by Assistant Secretary (Tab C, Form
Letter Two)

1.  Pope John XXIII National Seminary, MA
2.  St. John's Seminary, MA


Files for Institutions that Need not Have Submitted Request - Analyze and
Confirm; Draft Letter to Institution (If Necessary) to be Signed by
Assistant Secretary (Tab C, Form Letter Three)

3.  St. Thomas Seminary, CT
4.  St. Hyacinth College and Seminary, MA
5.  Saint Basil's College, CT
6.  St. Alphonsus College, CT
7.  College of Our Lady Of The Elms, MA

List of Religious Exemption Request Files for Region II - New York

Files with Insufficient Information for a Determination - Further
Information Must Be Requested (Tab C, Form Letter One)

1. Saint Bernard's Seminary, NY
2. Seton Hall University, NJ
3. Wadhams Hall, NY
4. Concordia College, NY
5. Rabbinical Seminary of Munkacs, NY
6. Rabbinical Seminary of New Square, NY
7. Rabbinical Seminary Yeshivas Ch'san Sofer, NY
8. Rika Breuer Teachers Seminary for Girls, NY
9. Sara Schenirer Teachers Seminary, NY
10. Sh'or Yoshuv Rabbinical College, NY
11. Talmudical Academy of New Jersey, NJ
12. United Talmudical Academy, NY
13. Yeshivah Chofetz Chaim of Radun, NY
14. Yeshiva Kibbutz Tashbar, NY
15. Yeshivah Nachlas Haleviyim, NY
16. Yeshiva of Nitra Rabbinical College, NY
17. Yeshivath Zichron Moshe Rabbinical Seminary, NY
18. Hebrew Union College-Jewish Institute of Religion, NY branch
19. Derech Ayson Rabbinical Seminary/Yeshiva of Far Rockaway, NY
20. Kehilath Yakov Rabbinical Seminary, NY
21. Long Island Seminary of Jewish Studies for Women, NY
22. Mesivta of Eastern Parkway Rabbinical Seminary, NY
23. Mesivtha Tifereth Jerusalem of America, NY
24. Mesivta Torah Vodaath Rabbinical Seminary, NY
25. Mesivta Yeshiva Rabbi Chaim Berlin, NY
26. Mirrer Yeshiva Central Institute, NY
27. Ohr Kameir Theological College, NY
28. Yeshiva and Mesivta Ohr Yisroel, NY
29. P'nimia Teachers College, NY
30. Rabbinical College Beth Shraga, NY
31. Rabbinical College Kamenitz Yeshivah of America, NY
32. Rabbinical College of Long Island, NY
33. Mesivta Nachlas Yakov of K'hal Adas Yereim, NY
34. Rabbinical College of Sanz, NY
35. Rabbinical College of Queens, NY
36. Rabbinical Seminary of America, NY
37. Rabbinical Seminary M'kor Chaim, NY
38. Ayelet Hashachar Teacher's Seminary, NY
39. Rais Yaakov Seminary of Brooklyn, NY
40. Be'er Shmuel Talmudical Academy, NY
41. Belzer Yeshiva Machzikei Torah Seminary, NY
42. Beth Hatalmud Rabbinical College, NY
43. Beth Hamedrash Shaarei Yosher, NY

ED2.000055

Page Two - Region II List of Cases

44. Beth Jacob Hebrew Teachers College, NY
45. Central Yeshiva Beth Joseph Rabbinical Seminary, NY
46. Yeshiva Emek Halacha, NY
47. Beth Medrash Govoha, NY
48. Beth Rivkah Schools, NY
49. B'nai Torah Institute, NY
50. Rabbinical College Bobover Yeshiva, NY
51. Central Yeshiva Tomchei Tmimim Lubavitz, NY

Files with Sufficient Information for a Determination - Analyze and Draft Letter to Institution to be Signed by Assistant Secretary (Tab C, Form Letter Two)

52. The Jewish Theological Seminary of America, NY
53. Roberts Wesleyan College, NY
54. Antillian College, PR
55. St. Michael's Passionist Monastery, NJ
56. Christ the King Seminary, NY

Files for Institutions that Need not Have Submitted Request - Analyze and Confirm; Draft Letter to Institution (If Necessary) to be Signed by Assistant Secretary (Tab C, Form Letter Three)

57. Cathedral College of the Immaculate Conception, NY
58. Don Bosco College, NJ

ED2.000056

List of Religious Exemption Request Files for Region III - Philadelphia

Files with Insufficient Information for a Determination - Further
Information Must he Requested (Tab C, Form Letter One)

1. Northeastern Christian Junior College, PA
2. De Sales Hall School of Theology, MD
3. Immaculata College, PA
4. Westminster Theological Seminary, PA
5. The Reformed Presbyterian Theological Seminary, PA
6. Ner Israel Rabbinical College, MD
7. Talmudical Yeshiva of Philadelphia, PA

Files with Sufficient Information for a Determination - Analyze and Draft
Letter to Institution to be Signed by Assistant Secretary (Tab C, Form
Letter Two)

8. Appalachian Bible College, WV
9. United Wesleyan College, PA
10. Columbia Union College, MD
11. Ohio Valley College, WV
12. The Catholic University of America, DC
13. St. Charles Borromeo Seminary, PA
14. Baptist Bible College and School of Theology, PA

Files for Institutions that Need not Have Submitted Request - Analyze and
Confirm; Draft Letter to Institution (If Necessary) to be Signed by
Assistant Secretary (Tab C, Form Letter Three)

None

List of Religious Exemption Request Files for Region IV - Atlanta

Files with Insufficient Information for a Determination - Further
Information Must Be Requested (Tab C, Form Letter One)

1. Campbell College, NC
2. Friendship Junior College, SC
3. David Lipscomb College, TN
4. Blue Mountain College, MS
5. LaGrange College, GA
6. Miami Christian College, FL
7. Mid-South Bible College, TN
8. Southeastern Bible College, AL
9. Alabama Christian College, AL
10. Bethune-Cookman College, FL
11. Carson-Newman College, TN
12. Gardner-Webb College, NC
13. Samford University, AL
14. Tennessee Temple College, TN
15. Belmont College, TN
16. Brescia College, KY
17. Alabama Lutheran Junior College, AL

Files with Sufficient Information for a Determination - Analyze and Draft
Letter to Institution to be Signed by Assistant Secretary (Tab C, Form
Letter Two)

18. Campbellsville College, KY
19. Johnson Bible College, TN
20. Lees Junior College, KY
21. Berea College, KY
22. Asbury College, KY
23. Ashury Theological Seminary, KY
24. Central Wesleyan College, SC
25. Oakwood College, AL
26. Freed-Hardeman College, TN
27. Harding Academy, TN
28. Southeastern Christian College, KY
29. Cumberland College, KY
30. Chowan College, NC
31. Union University, TN

Files for Institutions that Need not Have Submitted Request - Analyze and
Confirm; Draft Letter to Institution (If Necessary) to be Signed by
Assistant Secretary (Tab C, Form Letter Three)

32. St. John Vianney Minor Seminary, FL
33. Seminary of St. Pius X, KY

ED2.000058

List of Religious Exemption Request Files for Region V - Chicago

Files with Insufficient Information for a Determination - Further
Information Must Be Requested (Tab C, Form Letter One)

1.  Calvin Theological Seminary, MI
2.  Trinity Christian College, IL
3.  Grace Bible College, MI
4.  Grand Rapids School of the Bible and Music, MI
5.  Saint Mary's College, MN
6.  Saint Mary's College, IN
7.  The Saint Paul Seminary, MN
8.  Sacred Heart Seminary College, MI
9.  Lourdes College, OH
10. Circleville Bible College, OH
11. Michigan Christian College, MI
12. Concordia College, MI
13. Concordia Senior College, IN
14. Northwestern Lutheran Theological Seminary, MN
15. Brisk Rabbinical College, IL
16. Hebrew Union College-Jewish Institute of Religion, OH
17. Telshe Yeshiva, Rabbinical College of Telshe, OH


Files with Sufficient Information for a Determination - Analyze and Draft
Letter to Institution to be Signed by Assistant Secretary (Tab C, Form
Letter Two)

18. Bethel College, IN
19. Trinity Evangelical Divinity School, IL
20. Wheaton College, IL
21. Dr. Martin Luther College, MN
22. Wisconsin Evangelical Lutheran Synod, WI (controls Dr. Martin
    Luther College in Minnesota)
23. Detroit Bible College, MI
24. Grace College and Grace Theological Seminary, IN
25. Bethany Lutheran College, MN
26. Marion College, IN
27. Andrews University, MI
28. Kettering College of Medical Arts, OH
29. The Cincinnati Bible Seminary, OH
30. Athenaeum of Ohio, OH
31. College of Saint Benedict, MN
32. Saint John's University, MN
33. Saint Mary of the Lake Seminary, IL
34. Grand Rapids Baptist College, MI
35. Cedarville College, OH

ED2.000059

Page Two - Region V - st of Cases

Files for Institutions that Need not Have Submitted Request - Analyze and
Confirm; Draft Letter to Institution (If Necessary) to be Signed by
Assistant Secretary (Tab C, Form Letter Three)

36.  The Hebrew Theological College, IL
37.  McCormick Theological Seminary, IL
38.  Felician College, IL
39.  Duns Scotus College, MI
40.  Crosier Seminary, MN
41.  Concordia College, MN
42.  College of Mount St. Joseph on the Ohio, OH
43.  Saint Francis de Sales College, WI

List of Religious Exemption Request Files for Region VI - Dallas

Files with Insufficient Information for a Determination - Further
Information Must Be Requested (Tab C, Form Letter One)

1.  Gulf Coast Bible College, TX
2.  Southwestern Assemblies of God College, TX
3.  Lubbock Christian College, TX
4.  Dallas Theological Seminary, TX
5.  University of Dallas, TX
6.  Oklahoma Christian College, OK
7.  Concordia Lutheran College, TX

Files with Sufficient Information for a Determination - Analyze and Draft
Letter to Institution to be Signed by Assistant Secretary (Tab C, Form
Letter Two)

8.  Oral Roberts University, OK
9.  Bartlesville Wesleyan College, OK
10. Southwestern Adventist College, TX
11. Harding College, Main Campus, AR
12. Crowley's Ridge College, AR
13. Notre Dame Seminary, LA
14. Louisiana College, LA
15. Southern Baptist College, AR
16. Baylor University, TX

Files for Institutions that Need not Have Submitted Request - Analyze and
Confirm; Draft Letter to Institution (If Necessary) to be Signed by
Assistant Secretary (Tab C, Form Letter Three)

17. St. Mary's Dominican College, LA

ED2.000061

List of Religious Exemption Request Files for Region VII - Kansas City

Files with Insufficient Information for a Determination - Further
Information Must Be Requested (Tab C, Form Letter One)

1. Mount Mercy College, IA
2. Divine Word College, IA
3. Grace College of the Bible, NE
4. Northwestern College, IA
5. Faith Baptist Bible College, IA
6. Union College, NE
7. Concordia Seminary, MO
8. Concordia Teacher's College, NE
9. St. John's College, KS
10. St. Paul's College, MO
11. St. Louis Rabbinical College, MO


Files with Sufficient Information for a Determination - Analyze and Draft
Letter to Institution to be Signed by Assistant Secretary (Tab C, Form
Letter Two)

12. York College, NE
13. Kenrick Seminary, MO


Files for Institutions that Need not Have Submitted Request - Analyze and
Confirm; Draft Letter to Institution (If Necessary) to be Signed by
Assistant Secretary (Tab C, Form Letter Three)

14. Cardinal Glennon College, MO

List of Religious Exemption Request Files for Region IX - San Francisco

Files with Insufficient Information for a Determination - Further
Information Must Be Requested (Tab C, Form Letter One)

1.  Biola College, CA
2.  Chaminade College, HA
3.  Dominican School of Philosophy and Theology, CA
4.  Grand Canyon College, AZ
5.  Loyola Marymount University, CA
6.  Saint Patrick's Seminary, CA
7.  Pacific Union College, CA

Files with Sufficient Information for a Determination - Analyze and Draft
Letter to Institution to be Signed by Assistant Secretary (Tab C, Form
Letter Two)

8.  West Coast Bible College, CA
9.  Ambassador College, CA
10. Pepperdine University, CA
11. St. John's Seminary, CA
12. Los Angeles Baptist College, CA

Files for Institutions that Need not Have Submitted Request - Analyze and
Confirm; Draft Letter to Institution (If Necessary) to be Signed by
Assistant Secretary (Tab C, Form Letter Three)

13. California Lutheran College, CA
14. Holy Family College, CA

List of Religious Exemption Request Files for Region X - Seattle

Files with Insufficient Information for a Determination - Further
Information Must Be Requested (Tab C, Form Letter One)

1.  Mt. Angel Seminary, OR
2.  Ricks College, ID
3.  St. Thomas Seminary, WA
4.  Northwest Baptist Seminary, WA
5.  Concordia College, OR
6.  Lutheran Bible Institute, WA

Files with Sufficient Information for a Determination - Analyze and Draft
Letter to Institution to be Signed by Assistant Secretary (Tab C, Form
Letter Two)

7.  George Fox College, OR
8.  Walla Walla College, WA
9.  Western Baptist Bible College, OR

Files for Institutions that Need not Have Submitted Request - Analyze and
Confirm; Draft Letter to Institution (If Necessary) to be Signed by
Assistant Secretary (Tab C, Form Letter Three)

None

ED2.000064

TAB
B

ED2.000065

ED2.000066

Explanation Of

HEW FORM 639 A (3/77), ENTITLED "ASSURANCE OF COMPLIANCE WITH TITLE IX
OF THE EDUCATION AMENDMENTS OF 1972 AND THE REGULATION OF THE
DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE IN IMPLEMENTATION THEREOF"

Section 901 of Title IX of the Education Amendments of 1972 provides
that no person shall, on the basis of sex, be excluded from participation
in, be denied the benefits of, or be subjected to discrimination under any
education program or activity receiving Federal financial assistance.
Section 902 of Title IX authorizes and directs the Department of Health,
Education, and Welfare (hereinafter the "Department") to effectuate the
nondiscrimination requirements of section 901 by issuing rules, regulations,
and orders of general applicability. Pursuant to section 902, the Department
has issued 45 C.F.R. Part 86 (hereinafter "Part 86") which became effective
on July 21, 1975.

Section 86.4 of Part 86 requires that every application for Federal
financial assistance for any education program or activity shall, as a
condition of its approval, contain or be accompanied by an assurance from
the applicant satisfactory to the Director of the Office for Civil Rights
(hereinafter the "Director") that each education program or activity
operated by the applicant and to which Title IX of the Education Amendments
of 1972 and Part 86 apply will be operated in compliance with Part 86.

Section 86.4 also provides that the Director will specify the form
of the assurance required and the extent to which such assurance will be
required of the applicant's subgrantees, contractors, subcontractors,
transferees, or successors in interest. Under this authority,
HEW Form 639 A, (3/77) has been specified as the form of assurance which
shall apply to all recipients of and applicants for Federal financial
assistance subject to the provisions of Title IX and awarded by the Department.

HEW Form 639 A, (3/77) constitutes a legally enforceable agreement to
comply with Title IX and all of the requirements of Part 86. Applicants
are urged to read Part 86 and the accompanying preamble. The obligation
imposed by Title IX and Part 86 are independent of, and do not alter, the
obligation not to discriminate on the basis of sex imposed by Title VII of
the Civil Rights Act of 1964 (20 U.S.C. 2000e et seq.); Executive Order 11246,
as amended; sections 799A and 855 of the Public Health Service Act
(42 U.S.C. 295h-9 and 298b-2); and the Equal Pay Act (29 U.S.C. 206 and 206 (d))

ED2.000067

2

## PERIOD OF ASSURANCE

HEW Form 639 A, (3/77) is binding on a recipient for a period during which Federal financial assistance is extended to it by the Department. With respect to Federal financial assistance used to aid in the purchase or improvement of real or personal property, such period shall include the time during which the real or personal property is used for the purpose of providing an education program or activity. A recipient may, transfer or otherwise convey title to real and personal property purchased or improved with Federal financial assistance so long as such transfer or conveyance is consistent with the laws and regulations under which the recipient obtained the property and it has obtained a properly executed HEW Form 639 A, (3/77) from the party to wh   it wishes to transfer or convey the title unless the property in question is no longer to be used for an education program or activity or the Federal share of the fair market value of such property has been refunded or otherwise properly accounted for to the Federal government.

An applicant or recipient which has submitted an HEW Form 639 A, (3/77) to the Director need not submit a separate form with each grant application but may, if the information contained therein remains accurate, simply incorporate by reference, HEW Form 639 A, (3/77), giving the date it was submitted. On the other hand, a revised HEW Form 639 A, (3/77) must be submitted within 30 days after information contained in the submitted form becomes inaccurate, even if no additional financial assistance is being sought.

## OBLIGATION OF RECIPIENT TO OBTAIN ASSURANCES FROM OTHERS

As indicated in Article III, paragraph 2, of the Assurance, if a recipient subgrants to, or contracts, subcontracts, or otherwise arranges with an individual, organization, or group to assist in the conduct of an education program or activity receiving Federal financial assistance from the Department or to provide services in connection with such a program or activity, the recipient continues to have an obligation to ensure that the education program or activity is being administered in a nondiscriminatory manner. (See 45 C.F.R. 86.31.) Accordingly, the recipient must take reasonable steps to ensure that the individual, organization, or group in question is complying with Title IX and Part 86. These steps may include, but do not necessarily require, obtaining assurances of compliance from such subgrantees, contractors, and subcontractors in the form of, or modeled on, the HEW Form 639A, (3/77). These steps to require, however, such activities as may be reasonably necessary to monitor the compliance of these subgrantees, contractors, or subcontractors, regardless of whether they have submitted assurances to the recipient. If a recipient is unable to assure itself that any contractor, subcontractor, subgrantee, or other individual or group with whom it arranges to provide services or benefits to its students and employees does not discriminate on the basis of sex as described in Part 86, the recipient may not initiate or continue contracts, subcontracts, or other arrangements with that individual or group or make subgrants to it.

Case 6:21-cv-00474-AA   Document 124-10   Filed 10/29/21   Page 24 of 30

## ADMINISTRATIVELY SEPARATE UNITS

If an educational institution is composed of more than one administratively separate unit, a separate HEW Form 639 A, (3/77) may be submitted for each unit or one may be submitted for the entire institution. If separate forms are submitted, the administratively separate unit for which the form is submitted should be clearly identified in the first line of HEW Form 639 A, (3/77). An "administratively separate unit" is defined as a school, department or college of an educational institution (other than a local educational agency) admission to which is independent of admission to any other component of such institution. See 45 C.F.R. 86.2(o).

## STATE EDUCATION AGENCIES

State education agencies are generally not responsible for running pre-school, kindergarten,, elementary or secondary programs. Such responsibility is generally left to local education agencies although some supervisory authority may be vested with the state education agency. Consequently, most state agencies should not check the boxes for "Pre-school," "Kindergarten," or "Elementary or Secondary" in Article I of HEW Form 639 A, (3/77). If the state agency runs special programs for the handicapped, including those on the pre-school, kindergarten, elementary, or secondary level, the box marked "Other" should be checked and the appropriate description inserted in the space provided.

Under Article III, paragraph 5, of HEW Form 639A, (3/77) a state education agency may be called upon from time to time to submit reports necessary to determine Title IX compliance by local education agencies within its jurisdiction. The form and content of such reports will be specified by the Director at the time the request is made.

## RELIGIOUS EXEMPTION

Applicants or recipients which are educational institutions controlled by a religious organization are not covered by Part 86 to the extent that application of Part 86 would be inconsistent with the religious tenets of the controlling religions organization.

Section 86.12 of Part 86 requires an institution seeking an exemption to submit a written statement to the Director identifying the provisions of Part 86 which conflict with a specific tenet of the controlling religious organization. Such a statement must be signed by the highest ranking official of the educational institution claiming the exemption. An applicant or recipient claiming an exemption is not relieved of its obligations to comply with that portion of Part 86 not specified in its statement to the Director as being inconsistent with the tenets of the controlling religious organization.

4

Although 86.12 imposes no time restrictions when a recipient or applicant may claim an exemption, applicants or recipients are urged to make such claims when they initially submit HEW Form 639 A, (3/77) by checking the appropriate box in Article I of HEW Form 639 A, (3/77) and attaching thereto the statement required by 86.12(b). Such an approach will avoid misunderstandings on the part of both the Department and the applicant or recipient as to what, if any, action is required under Part 86.

An applicant or recipient will normally be considered to be controlled by a religious organization if one or more of the following conditions prevail:

(1) It is a school or department of divinity; or

(2) It requires its faculty, students or employees to be members of, or otherwise espouse a personal belief in, the religion of the organization by which it claims to be controlled; or

(3) Its charter and catalog, or other official publication, contains explicit statement that it is controlled by a religious organization or an organ thereof or is committed to the doctrines of a particular religion, and the members of its governing body are appointed by the controlling religious organization or an organ thereof, and it receives a significant amount of financial support from the controlling religious organization or an organ thereof.

The term "school or department of divinity" means an institution or a department or branch of an institution whose program is specifically for the education of students to prepare them to become ministers of religion or to enter upon some other religious vocation, or to prepare them to teach theological subjects. (This definition is adopted from section 1201(1) of the Higher Education Act of 1965, P.L. 89-329.)

TAB
C

ED2.000071

'FORM LETTER ONE

near President _____:

The Office for Civil Rights of the Department of Education (OCR/ED) is in
the process of clearing a backlog of requests for religious exemption from
Title IX of the Education Amendments of 1972. Our records indicate that
[institution name] filed such a request (copy enclosed) but there is no
record that OCR adequately acknowledged your request. We have recently
reviewed your request and have determined that we need further information
to make a decision to grant an exemption. In order for this office to make
a determination, an institution should provide the following information:

1. The name of the religious organization that controls the institution and
   a brief description of how the organization controls the institution.

2. A brief description of the religious tenets of the controlling organiza-
   tion that are followed by the institution.

3. The section number (and paragraph if applicable) of the Title IX
   regulation (copy enclosed) from which exemption is requested. The
   institution should indicate which tenet conflicts with which section
   of the regulation.

Please understand that OCR cannot presume to know the tenets followed by an
institution because the name of the religion practiced by the controlling
organization has been identified. Similarly, OCR cannot presume to determine
from which section of the Title IX regulation an exemption is sought because
the institution has clearly stated the tenets.

Your original request letter included sufficient information regarding
[control, tenets, regs] but did not specify [control, tenets, regs]. If
you wish this office to make a determination regarding a religious exemption,
please indicate the [control, tenets, regs] and return the information to
this office. If you no longer desire a religious exemption, please simply
note your desire to withdraw the request so that we may close your request
file.

Thank you for your cooperation. I regret the inordinate delay in responding
to your original request. If you have any questions, please feel free to
contact [names and numbers] of my staff.

                                    Sincerely,


                                    [Regional Director's Name]
                                    Regional Civil Rights Director
                                    [Region Number]
                                    Office for Civil Rights


Enclosures

FORM LETTER TWO

Dear President _____ :

The Office for Civil Rights of the Department of Education (OCR/ED) is in
the process of clearing a backlog of requests for religious exemption from
Title IX of the Education Amendments of 1972. Our records indicate that
[institution name] filed such a request but there is no record that OCR
adequately acknowledged this request.

We have recently reviewed your request (copy enclosed) in which you describe
several policies practiced at [institution name] as consistent with the
tenets of the religious organization that controls the institution. These
policies would violate certain sections of the regulation implementing
Title IX (copy enclosed) absent a religious exemption. You have supplied
information in your request letter that establishes that the institution
is controlled by a religious organization and that tenets followed by this
organization conflict with specific sections of the Title IX regulation.
Therefore, I am granting [institution name] an exemption to those sections
of the Title IX regulation specified in your request letter [or appropriate
sections]. The exemption is limited to the extent that compliance with the
Title IX regulation conflicts with the religious tenets followed by the
institution. [Institution name] is hereby exempted from the requirements
of the following sections of the Title IX regulation: [list sections].
The basis for our decision to grant this exemption is discussed in further
detail below.

Your letter indicates that [institution name] is controlled by [name of
controlling organization]. The [organization] and the [institution name]
practice the tenets of [summarize practice in one or two statements].
[Summarize institution's description of control by organization.] This
relationship between the [controlling organization] and [institution]
adequately establishes that [institution] is controlled by a religious
organization as is required for consideration for exemption under § 106.12
of the Title IX regulation.

In your letter you indicate that [summarize any practices that faculty and
students must be aware of and follow]. Thus, the institution practices the
following:

1. [Briefly describe practice as its based on religious tenet.]

Based on the above principle, [institution name] has requested and is
granted by this letter, exemption to:

>   [list sections of regulation pertinent to above principle and
>   indicate what section of regulation covers - e.g. § 106.21(a),
>   (b) and (c)(2) and (3) admission of students; inquiry regarding
>   parental and marital status of potential students].

2. [Briefly describe practice as its based on religious tenet.]

ED2.000073

Page 2 - FORM LETTER TWO

Based on the above principle, [institution name] has requested and is granted by this letter, exemption to:

[list sections of regulation pertinent to above principle and indicate what section of regulation covers].

3.  Continue listing practices and tenets as necessary.

This letter should not be construed to grant exemption from any section of the Title IX regulation not specifically mentioned. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption here granted. Also, in the unlikely event that a complainant alleges that the practices followed by the institution are not based on the religious tenets of the controlling organization, OCR is obligated to contact the controlling organization to verify those tenets. If the organization provides an interpretation of tenets that has a different practical impact than that described by the institution, or if the organization denies that it controls the institution, this exemption will be rescinded.

I hope this letter responds fully to your request. I regret the inordinate delay in responding to your original request. If you have any questions, please do not hesitate to contact me.

Sincerely,

Harry M. Singleton
Assistant Secretary
 for Civil Rights
Office for Civil Rights

Enclosures

ED2.000074

FORM LETTER THREE

Dear President _____ :

The Office for Civil Rights of the Department of Education (OCR/ED) is in the process of clearing a backlog of requests for religious exemption from Title IX of the Education Amendments of 1972. Our records indicate that [institution name] filed such a request (copy enclosed) but we have no record that OCR adequately acknowledged this request. We have recently reviewed your request and have determined that your institution need not have applied for a religious exemption. The reasons for our determination are discussed below.

Subpart C of the Title IX regulation (copy enclosed) prohibits discrimination in the admission and recruitment of students. Section 106.15(e) of the Title IX regulation specifically exempts private undergraduate institutions from compliance with Subpart C. Based on the information provided in your letter (copy enclosed), you sought a religious exemption because your undergraduate education programs are limited to one sex. Under § 106.15(e), the exemption for limiting admissions is already provided.

The statutory exemption from the admission and recruitment provisions of Subpart C does not relieve the institution of its obligation to comply with the regulation as it relates to graduate or other programs. Should there be conflicts in this regard, it would be necessary to request exemption from specific provisions of the regulation which are deemed to be inconsistent with certain tenets of your religion.

If we do not hear from you within 60 days, we will assume that your institution has no need for a religious exemption and close your original request file. If you have any questions, please do not hesitate to contact me.

Sincerely,

Harry M. Singleton
Assistant Secretary
  for Civil Rights
Office for Civil Rights

Enclosures

ED2.000075