

UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS

SEP 3 1985

Dr. Robert E. Craig
President
Union University
Jackson, Tennessee  38305

Dear President Craig:

The Office for Civil Rights of the Department of Education (OCR/ED) has reviewed your response to our letter of March 25, 1985, requesting clarification of your request for a religious exemption from Title IX of the Education Amendments of 1972.

In your letters you describe several policies practiced at Union University as consistent with the tenets of the religious organization that controls the institution. These policies would violate certain sections of the regulation implementing Title IX absent a religious exemption. You have supplied information that establishes that the institution is controlled by a religious organization and that tenets followed by this organization conflict with specific sections of the Title IX regulation. Therefore, I am granting Union University an exemption to those sections of the Title IX regulation appropriate to your request letters. The exemption is limited to the extent that compliance with the Title IX regulation conflicts with the religious tenets followed by the institution. Union University is hereby exempted from the requirements of the following sections of the Title IX regulation:  34 C.F.R. §§ 106.21(c); 106.37(a) and (b); 106.39; 106.40; 106.51(b)(6); 106.57(a)(1), (b), and (c); and 106.60(a). The basis for our decision to grant this exemption is discussed in further detail below.

Your letters indicate that Union University is owned and operated by the Tennessee Baptist Convention, which is affiliated with the Southern Baptist Convention. The Tennessee Baptist Convention elects all 48 of the trustees who set policies and employ personnel. Additionally, the Tennessee Baptist Convention "furnishes a great percentage of [the university's] financial support." This relationship between the Tennessee Baptist Convention and Union University adequately establishes that Union University is controlled by a religious organization as is required for consideration for exemption under § 106.12 of the Title IX regulation.

ELIZABETH HUNTER et al.
v.
U.S. DEPARTMENT OF EDUCATION, et al.
Case No. 6:21-cv-00474 (AA)
**GOV Ex. 12**

400 MARYLAND AVE., S.W. WASHINGTON, D.C. 20202

Page 2 - Dr. Robert E. Craig

In your letters you indicate that the University considers sexual immorality as contrary to the tenets of Southern Baptists and "insist[s] upon high levels of moral conduct. Sexual activities outside of marriage are deemed contrary to Baptist interpretation of Biblical standards." Based on these principles, Union University has requested and is granted by this letter, exemption to: 34 C.F.R. § 106.21(c) (marital or parental status of applicants for admission); § 106.39 (health and insurance benefits and services to students); § 106.40 (marital or parental status of students); § 106.51(b)(6) (leaves of absence for pregnancy and related conditions and child care); § 106.57(a)(1), (b) and (c) (marital and parental status of employees, including pregnancy); and § 106.60(a) (pre-employment inquiries as to marital status).

Your letter indicates that since Union University does not ordinarily practice the ordination of women, it does not permit an equal number of male and female students to select church-related vocations or receive equal scholarship assistance for these church-related vocations. Based on this principle, Union University has requested and is granted by this letter, exemption to 34 C.F.R. § 106.37(a) and (b) (financial assistance for students).

You also requested exemption to § 106.51 (employment, general), § 106.53 (recruitment for employment) and § 106.55 (job classification and structure) based on your tenets and practices regarding morality and the award of financial assistance to students selecting church-related vocations. Sections 106.51(b)(6), 106.57(a)(1), (b) and (c) and 106.37(a) and (b), to which Union University is granted exemption by this letter, more appropriately address the practices you have described in your letters than do §§ 106.53, 106.55 or all of § 106.51. Therefore, based upon the information in your letters, an exemption to §§ 106.53, 106.55 and all of § 106.51 is not necessary.

This letter should not be construed to grant exemption from any section of the Title IX regulation not specifically mentioned. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption herein granted. Also, in the unlikely event that a complainant alleges that the practices followed by the institution are not based on the religious tenets of the controlling organization, OCR is obligated to contact the controlling organization to verify those tenets. If the organization provides an interpretation of tenets that has a different practical impact than that described by the institution, or if the organization denies that it controls the institution, this exemption will be rescinded.

Page 3 - Dr. Robert E. Craig

I hope this letter responds fully to your request. I regret the inordinate delay in responding to your original request. If you have any questions, please do not hesitate to contact the Atlanta Regional Office for Civil Rights. The address is:

> William H. Thomas
> Regional Civil Rights Director
> Office for Civil Rights, Region IV
> Department of Education
> 101 Marietta Street, N.W., 27th Floor
> Atlanta, Georgia  30323

Sincerely,

Harry M. Singleton
Assistant Secretary
for Civil Rights

cc:   William H. Thomas, Regional Civil Rights Director, Region IV



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS

OCT 25 1985

Dr. Benjamin R. Wygal
President
Union College
3800 South 48th Street
Lincoln, Nebraska  68506

Dear President Wygal:

The Office for Civil Rights of the Department of Education (OCR/ED) recently requested additional information regarding Union College's request for religious exemption from Title IX of the Education Amendments of 1972.

In your response, you describe certain policies practiced at the College as being consistent with the tenets of the religious organization that controls the institution. These policies would violate certain sections of the regulation implementing Title IX (copy enclosed) absent a religious exemption. The College has provided information that establishes that the institution is controlled by a religious organization and that tenets followed by this organization conflict with specific sections of the Title IX regulation. Therefore, I am granting Union College an exemption to those sections of the Title IX regulation specified in your September 30, 1985, letter. The exemption is limited to the extent that compliance with the Title IX regulation conflicts with the religious tenets followed by the institution. Union College is hereby exempted from the requirements of the following sections of the Title IX regulation: 34 C.F.R. §§ 106.21, 106.40 and 106.57. The basis for our decision to grant this exemption is discussed in further detail below.

Your letter indicates that Union College is owned and operated by the Seventh-day Adventist Church. Members "of its constituency and Board of Trustees are Seventh-day Adventists, as are its faculty and staff." This relationship between Union College and the Seventh-day Adventist Church adequately establishes that Union College is controlled by a religious organization as is required for consideration for exemption under § 106.12 of the Title IX regulation.

Your request letter states that "pregnancy outside of marriage is considered immoral conduct inappropriate for a student in a Seventh-day Adventist educational institution." The Church "'must register its decisive, emphatic disapproval of the sin of fornication, adultery, all acts of moral indiscretions and other . . . sin[.]'" You state that the College must hold to this religious standard in its relationship with its students and employees. Based on this principle, Union College has requested and is granted by this letter exemption to: 34 C.F.R. § 106.21, to the extent that this section addresses marital and parental status of applicants for admission, § 106.40 (marital or parental status of students), and § 106.57 (marital or parental status of employees and applicants for employment).

Page 2 - Dr. Benjamin R. Wygal

This letter should not be construed to grant exemption from any section of the Title IX regulation not specifically mentioned. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption herein granted. Also, in the unlikely event that a complainant alleges that the practices followed by the institution are not based on the religious tenets of the controlling organization, OCR is obligated to contact the controlling organization to verify those tenets. If the organization provides an interpretation of tenets that has a different practical impact than that described by the institution, or if the organization denies that it controls the institution, this exemption will be rescinded.

I hope this letter responds fully to the College's request. I regret the inordinate delay in responding to the original request. If you have any questions, please do not hesitate to contact the Kansas City Regional Office for Civil Rights. The address is:

> Jesse L. High
> Regional Civil Rights Director
> Office for Civil Rights
> Department of Education, Region VII
> 324 East 11th Street, 24th Floor
> Kansas City, Missouri 64106

Sincerely,

Harry M. Singleton
Assistant Secretary
for Civil Rights

Enclosure

cc: Jesse L. High, Regional Civil Rights Director, Region VII



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

March 24, 2015

Samuel W. Oliver, Ph.D.
President
Union University
1050 Union University Drive
Jackson, Tennessee 38305-3697

Dear President Oliver:

The purpose of this letter is to respond to your January 19, 2015, letter to the U.S. Department of Education, Office for Civil Rights (OCR), in which you requested a religious exemption from Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681, for Union University (University) of Jackson, Tennessee. Title IX prohibits discrimination on the basis of sex in any education program or activity operated by a recipient of Federal financial assistance.

The implementing regulation at 34 C.F.R. § 106.12 provides that Title IX does not apply to an educational institution controlled by a religious organization to the extent that application of Title IX would be inconsistent with the controlling organization's religious tenets. Therefore, such educational institutions are allowed to request an exemption from Title IX by identifying the provisions of Title IX that conflict with a specific tenet of the religious organization. The request must identify the religious organization that controls the educational institution and specify the tenets of that organization and the provisions of the law and/or regulation that conflict with those tenets.

Your request explained that the University "is controlled by a religious organization. That organization is the Tennessee Baptist Convention." Your letter states that "the trustees of Union University are elected by and responsible to the Tennessee Baptist Convention." Your letter also references the University's Bylaws (2.1.1. Control and Management) which state "[t]he Charter vests the control of the affairs of Union University in its Board of Trustees, which consists of not fewer than eighteen nor more than thirty-six in number, elected by the Tennessee Baptist Convention."

Your letter requests a religious exemption "from provisions of Title IX to the extent application of those provisions would not be consistent with the Convention's religious tenets regarding marriage, sex outside of marriage, sexual orientation, gender identity (including but not limited to transgendered status), pregnancy, and abortion." In support of this request, you cite to The Baptist Faith and Message 2000, the most recent statement of faith affirmed by the Tennessee Baptist Convention. According to your letter, that statement of faith explains that the tenets of the Convention are that marriage is between one man and one woman and serves as the means for procreation, that God made man in male and female form, and that the "gift of gender is thus part of the goodness of God's creation." You further cite the Convention's belief that one should "speak on behalf of the unborn and contend for the sanctity of all human life from conception to natural death."

You explain that it would not be consistent with the Convention's religious tenets for the University to comply with Title IX to the extent that it prohibits the College from "engaging in recruiting and admissions under a policy which called for the consideration of an applicant for admission's sexual orientation, gender identity (including but not limited to transgendered status), marital status, past and

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-1100
www.ed.gov

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

Samuel W. Oliver – page 2

present practices regarding marriage, sex outside marriage, pregnancy and abortion; . . . from subjecting students to rules of behavior, sanctions, or other treatment because of these student characteristics[; or from] making all employment decisions. . . in a manner which takes into consideration these employee characteristics."

You state that, for these reasons, The University is requesting an exemption from the following regulatory provisions "to the extent the regulation would require the institution to treat marriage, sex outside of marriage, homosexuality, gender identity, pregnancy and abortion in a manner that is inconsistent with the religious tenets of the Convention:"

- 34 C.F.R. § 106.21 (governing admission);
- 34 C.F.R. § 106.23 (governing recruitment of students);
- 34 C.F.R. § 106.31(b)(4) (governing different rules of behavior or sanctions);
- 34 C.F.R. § 106.31(b)(7) (governing the limitation of rights, privileges, advantages, or opportunities);
- 34 C.F.R. § 106.32 (governing housing);
- 34 C.F.R. § 106.33 (governing comparable facilities such as restrooms and locker rooms);
- 34 C.F.R. § 106.40 (governing different rules based on marital or parental status of students);
- 34 C.F.R. § 106.41 (governing athletics);
- 34 C.F.R. § 106.51 (governing employment);
- 34 C.F.R. § 106.52 (governing employment criteria);
- 34 C.F.R. § 106.53 (governing recruitment of employees);
- 34 C.F.R. § 106.57 (governing the consideration of marital or parental status in employment decisions);
- 34 C.F.R. § 106.60 (governing pre-employment inquiries).

The University is exempt from these provisions to the extent that they prohibit discrimination on the basis of marriage status, sex outside of marriage, sexual orientation, gender identity, pregnancy, or abortion and compliance would conflict with the controlling organization's religious tenets.

Please note that this letter should not be construed to grant exemption from the requirements of Title IX and the regulation other than as stated above. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption here granted. Also, in the unlikely event that a complainant alleges that the practices followed by the institution are not based on the religious tenets of the controlling organization, OCR is obligated to contact the controlling organization to verify those tenets. If the organization provides an interpretation of tenets that has a different practical impact than that described by the institution, or if the organization denies that it controls the institution, this exemption will be rescinded.

I hope this letter responds fully to your request. If you have any questions, please do not hesitate to contact me.

Sincerely,

Catherine E. Lhamon
Assistant Secretary for Civil Rights
U.S. Department of Education