ELLEN F. ROSENBLUM
Attorney General
CHRISTOPHER A. PERDUE #136166
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 378-4402
Fax: (503) 378-6306
Email: chris.perdue@doj.state.or.us

Attorneys for Amicus Curiae
State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELIZABETH HUNTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants,<br><br>WESTERN BAPTIST COLLEGE d/b/a/ CORBAN UNIVERSITY, et al.,<br><br>Defendant-Intervenors,<br><br>STATE OF OREGON, et al.,<br><br>Proposed Amici Curiae. | Case No. 6:21-cv-00474-AA<br><br>MOTION OF OREGON AND 17 OTHER STATES FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS |

The Amici States of Oregon, California, Connecticut, Delaware, Hawaii, Illinois, Maryland, Massachusetts, Michigan, Minnesota, New Jersey, New Mexico, New York, Nevada, Pennsylvania, Vermont, and Washington, as well as the District of Columbia (collectively "the

Page 1 - MOTION OF OREGON AND 17 OTHER STATES FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS
CP3/mkf/75130647

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402 / Fax: (503) 378-6306

States") move for leave to file an amicus brief supporting plaintiffs' argument that rules adopted in 2020 by the United States Department of Education are unlawful.  This Court may consider amicus briefs in its discretion.  *See Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (noting that "the role of amici is threefold: (1) to aid in a matter of general public interest; (2) to supplement efforts of counsel; and (3) to highlight relevant law that has escaped consideration").

This case involves the statutory exemption from Title IX for educational institutions "controlled by a religious organization."  In addition to challenging the exemption itself, plaintiffs challenge the Department's promulgation of two rules implementing it: (1) an August 2020 rule removing the previous requirement that schools file a request for the religious exemption in writing; and (2) a November 2020 rule specifying eligibility criteria for the exemption.

The States have a substantial interest in robust enforcement of Title IX to protect students against sex-based discrimination and sexual assault and harassment.  The states, too, are committed to upholding and protecting religious freedom, but the revised rules go well beyond that.  Where a religious organization truly controls a school and application of Title IX would not be consistent with the religious tenets of the controlling religious organization a waiver is statutorily permitted.  However, Congress expressly rejected prior attempts to "loosen[] the standard" in the ways that the 2020 rules do, in order to avoid "open[ing] a giant loophole" that could "lead to widespread sex discrimination in education."  S. Rep. No. 100-64, at 23 (1987).

The 2020 rule changes are contrary to Congress' objective in enacting Title IX, undermining anti-discrimination protections for the States' students.  The August 2020 written filing rule deprives students of necessary notice of a school's policies based on its religious practices.  Students are entitled to know before they enroll whether their schools will comply with Title IX's anti-discrimination, anti-harassment, and anti-retaliation protections.  The November 2020 eligibility rule impermissibly broadens the bases on which an educational

Page 1 -   MOTION OF OREGON AND 17 OTHER STATES FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS
CP3/mkf/75130647

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402 / Fax: (503) 378-6306

institution can claim a statutory religious exemption in defiance of Congress' intent to create a narrow exemption.

In combination, the rules harm students, place them at higher risk of being victims of sex discrimination, and make it more difficult to hold schools accountable for the resulting harm. States have a duty to protect students from the short-term and long-term harm of discrimination and harassment. States also have an interest in ensuring that students can learn in an environment free from those harms. For those reasons, the States support plaintiffs in arguing that the August 2020 and November 2020 rules are unlawful.

DATED: November 1, 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM #753239
Attorney General
BENJAMIN GUTMAN #160599
Solicitor General

MICHAEL C. KRON #074328
Assistant Attorney General

/s/ Christopher A. Perdue
CHRISTOPHER A. PERDUE #136166
Assistant Attorney General
chris.perdue@doj.state.or.us

Attorneys for Amicus Curiae
State of Oregon

**Additional Counsel for Amici Curiae:**

Rob Bonta
Attorney General of California

William Tong
Attorney General of Connecticut

Kathleen Jennings
Attorney General of Delaware

Karl A. Racine
Attorney General for the District of Columbia

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402 / Fax: (503) 378-6306

Clare E. Connors
Attorney General of Hawaii

Kwame Rauol
Attorney General of Illinois

Brian E. Frosh
Attorney General of Maryland

Maura Healey
Attorney General of Massachusetts

Dana Nessel
Attorney General of Michigan

Keith Ellison
Attorney General of Minnesota

Andrew J. Bruck
Acting Attorney General of New Jersey

Hector Balderas
Attorney General of New Mexico

Letitia James
Attorney General of New York

Aaron D. Ford
Attorney General of Nevada

Josh Shapiro
Attorney General of Pennsylvania

Thomas J. Donovan, Jr.
Attorney General of Vermont

Robert W. Ferguson
Attorney General of Washington

Page 1 - MOTION OF OREGON AND 17 OTHER STATES FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS
CP3/mkf/75130647

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402 / Fax: (503) 378-6306