**Paul Carlos Southwick (OSB 095141)**
**TRIAL ATTORNEY**
**Religious Exemption Accountability Project**
**Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517

**Timothy R. Volpert (OSB 814074)**
**Tim Volpert PC**
2111 NE Hancock St. Ste. 2B
Portland, OR 97212
Email: tim@timvolpertlaw.com
Phone: 503-703-9054

**Alletta S. Brenner (OSB 142844)**
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Email: ABrenner@perkinscoie.com
Phone: 503-727-2000

**Misha Isaak (OSB 086430)**
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Email: misaak@perkinscoie.com
Phone: 503-727-2000

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| Elizabeth HUNTER; et al,<br><br>      Plaintiffs,<br><br>      v.<br><br>U.S. DEPARTMENT OF EDUCATION; and Suzanne GOLDBERG, in her official capacity as Assistant Secretary for the Office of Civil Rights, U.S. Department of Education,<br><br>      Defendants,<br><br>COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, WESTERN BAPTIST COLLEGE d/b/a CORBAN UNIVERSITY, WILLIAM JESSUP UNIVERSITY AND PHOENIX SEMINARY,<br><br>      Intervenor-Defendants. | Case No. 6:21-cv-00474-AA<br><br>**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**PURSUANT TO FRCP 15**<br><br>**ORAL ARGUMENT REQUESTED** |

Religious Exemption Accountability Project<br>Paul Southwick Law, LLC

## LR 7-1 CONFERRAL

The parties made a good faith effort through telephone conference, voicemail and email on December 1 and 2, 2021, to resolve the issues in dispute in this Motion but were unable to do so. Counsel for Plaintiffs provided counsel for Defendants and Defendant-Intervenors with an advance, redlined copy of the Proposed Second Amended Complaint on December 1, 2021.

## MOTION

Plaintiffs hereby move for leave to Amend to file their Proposed Second Amended Complaint ("SAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure. This Motion is supported by the enclosed Memorandum of Law; a clean copy of the Proposed SAC as Exhibit 1; a redline version of the Proposed SAC as Exhibit 2; and the Exhibits to the Proposed SAC as Exhibits A-LL. The Exhibits to the SAC are the same Exhibits as attached to the original Complaint and the First Amended Complaint ("FAC").

Thus, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and grant Plaintiffs leave to file the Proposed SAC.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court for leave to file the proposed SAC attached as Exhibit 1. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave" but "the court should freely give leave when justice so requires." FRCP 15(a)(2).

Plaintiffs filed their original Complaint on March 29, 2021. Plaintiffs filed their First Amended Complaint on June 7, 2021, prior to Defendants' filing a response to Plaintiffs' Complaint. As

Plaintiffs have already amended their complaint once, Plaintiffs seek leave of the court to amend the complaint. The proposed changes to the complaint primarily include the following:

    (a) Adding allegations regarding Plaintiffs' Title IX administrative complaints filed subsequent to the FAC;

    (b) Amending the prayer for relief for greater consistency with the relief requested in Plaintiffs' Motion for Preliminary Injunction;

    (c) Replacing Defendant Goldberg, who had been serving as Acting Assistant Secretary of OCR, with Catherine Lhamon, the recently confirmed Assistant Secretary of OCR;

    (d) Adding eight (8) new Plaintiffs; and

    (e) Updating the caption and formatting.

Allowing Plaintiffs to file the SAC would serve justice and promote judicial efficiency. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility. For all these reasons, and those stated below, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached SAC.

    **II.    STANDARD**

"The Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). The Federal Rule of Civil Procedure 15(a)(2) states that, other than the right to amend under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

### III. ARGUMENT

#### A. This Court should freely grant Plaintiffs' Motion.

Under Rule 15, the Ninth Circuit has "repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15...to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal citation omitted).

In the absence of undue delay, bad faith, dilatory motive, undue prejudice, or futility, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). A bald assertion of prejudice is insufficient to "overcome the strong policy reflected in Rule 15(a)." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (internal citations omitted). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

None of those concerns are present here. There is no undue delay because the litigation is in its early stages. Moreover, Plaintiffs acted with sufficient speed to amend to include new allegations of the filing of Title IX complaints. Additionally, some of the proposed new plaintiffs describe discrimination that occurred after the filing of the FAC in June 2021.

There is no evidence of bad faith or dilatory motive.

Plaintiffs' Motion would not cause undue prejudice to Defendants or Intervenor-Defendants. Only very limited discovery has occurred. Additionally, Plaintiffs have not proposed new claims. Moreover, Defendants and Intervenor-Defendants have ample time to prepare a defense to the new allegations, particularly as many of the new allegations relating to Title IX administrative complaints were previously addressed in briefing by the parties regarding Plaintiffs'

Motion for Preliminary Injunction. Testimony from the preliminary injunction hearing also placed Defendants and Defendant-Intervenors on notice of at least some of the proposed allegations, including testimony by one of the new proposed plaintiffs, Kalie Hargrove, who provided testimony that she intended to join the litigation as a plaintiff.

The new allegations in Plaintiffs' proposed SAC are not futile. The legal claims and Defendants remain the same. Moreover, the operative facts from the FAC and the Motion for Preliminary Injunction briefing and hearing remain largely the same. Plaintiffs' new allegations are not futile for the same reasons that Plaintiffs' allegations in the FAC and arguments in the Motion for Preliminary Injunction briefing and hearing are not futile.

Consequently, justice requires allowing Plaintiffs to amend their complaint. Moreover, the proposed new plaintiffs provide allegations that demonstrate that unlawful action and discrimination by the government is ongoing and occurring on a widespread basis at taxpayer-funded, religious universities across the country. These proposed new plaintiffs seek to be heard. Their allegations contribute to the full consideration of the issues before the Court and will facilitate a decision on the merits.

Thus, because there is no demonstration of prejudice, undue delay, bad faith, futility or dilatory motive, this Court should grant Plaintiffs' Motion.

### CONCLUSION

For the foregoing reasons, Plaintiffs ask that the Court grant them leave to amend their Complaint in this action and allow them to file their proposed Second Amended Complaint.

////

////

Dated: December 2, 2021

                                        s/ Paul Carlos Southwick

**Paul Carlos Southwick**
**(OSB 095141)**
**TRIAL ATTORNEY**
**Religious Exemption**
**Accountability Project**
**Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208,
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517