Herbert G. Grey, OSB # 810250
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908
Email: herb@greylaw.org

Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060

* Admitted *pro hac vice*

*Counsel for Defendant-Intervenor*
*Council for Christian Colleges &*
*Universities*

Kristen K. Waggoner, OSB # 067077
  *Lead Counsel*
Email: kwaggoner@ADFlegal.org
David A. Cortman, GA Bar # 188810*
Email: dcortman@ADFlegal.org
Ryan J. Tucker, AZ Bar # 034382*
Email: rtucker@ADFlegal.org
Mark A. Lippelmann, AZ Bar # 036553*
Email: mlippelmann@ADFlegal.org
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020

* Admitted *pro hac vice*

*Counsel for Defendants-Intervenors*
*Western Baptist College d/b/a Corban*
*University, William Jessup University*
*and Phoenix Seminary*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| ELIZABETH HUNTER, et al.,<br>              Plaintiffs,<br>       v.<br>U.S. DEPARTMENT OF EDUCATION,<br>et al.,<br>              Defendants,<br>       v.<br>COUNCIL FOR CHRISTIAN<br>COLLEGES & UNIVERSITIES,<br>WESTERN BAPTIST COLLEGE d/b/a<br>CORBAN UNIVERSITY, WILLIAM<br>JESSUP UNIVERSITY, AND<br>PHOENIX SEMINARY,<br>              Defendants-Intervenors. | No. 6:21-CV-00474-AA<br><br>DEFENDANTS-INTERVENORS'<br>OPPOSITION TO MOTION FOR<br>LEAVE TO AMEND COMPLAINT |

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

ARGUMENT .............................................................................................................. 1

I.     The proposed amendment is futile and fails to cure the deficiencies in
       the First Amended Complaint. ........................................................................ 2

       A.     The Second Amended Complaint is futile because, like the prior
              complaints, it cannot survive a motion to dismiss. ............................... 3

       B.     Because the "futility" analysis is the same as the 12(b) analysis,
              this Court should resolve and grant the pending motions to
              dismiss as it considers futility. ............................................................ 4

II.    Plaintiffs have no excuse for their undue delay. ............................................. 5

III.   The proposed amendment would unduly prejudice the Defendants ................ 5

CONCLUSION ........................................................................................................... 8

CERTIFICATE OF SERVICE ....................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Cravalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876 (9th Cir. 2010)........................ 1

*Davis v. Astrue*, 250 F.R.D. 476 (N.D. Cal. 2008).......................................... 6

*E.E.O.C. v. Boeing Co.,* 843 F.2d 1213 (9th Cir. 1988)................................... 5

*Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,*
    792 F.2d 1432 (9th Cir. 1986) .................................................................. 6, 7

*Hampton v. Steen,*
    No. 2:12-CV-00470-AA, 2017 WL 11573592 (D. Or. Nov. 13, 2017) ....................... 1

*Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) .................................... 5, 6

*Jordan v. Los Angeles Cnty.*, 669 F.2d 1311 (9th Cir. 1982)...................................... 6

*Maxon v. Fuller Theological Seminary,*
    No. 20-56156, 2021 WL 5882035 (9th Cir. 2021) (unpublished) ............................ 4

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) ...................... 3

*Novak v. United States*, 795 F.3d 1012 (9th Cir. 2015)................................................. 3

*Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir. 2004)........................................................ 2

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) .................. 1

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.,*
    No. 08cv335-IEG-NLS, 2009 WL 10668682 (S.D. Cal. May 19, 2009).................... 7

*Rediger v. Country Mut. Ins. Co.,*
    No. 6:16-CV-02263-AA, 2017 WL 11593663 (D. Or. Dec. 3, 2017)................. 2, 3, 5

*Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30 (N.D.N.Y. 2009) .................................. 6

*Tadros v. Wilmington Tr., Nat'l Ass'n as Tr. to Citibank, N.A.,*
    No. 3:17-CV-01623-AA, 2018 WL 5298144 (D. Or. Oct. 25, 2018) ...................... 2, 3

## INTRODUCTION

Plaintiffs exhausted their right to amend their complaint six months ago. *See* First Am. Compl., ECF No. 35. They now seek this Court's leave to amend it again, with unnecessary and futile changes that fall into four categories: (1) substituting parties that Rule 25(d) automatically substitutes; (2) increasing the number of plaintiffs from 40 to 48; (3) attempting to remedy their failure to file administrative complaints—the subject of the pending preliminary-injunction motion—before starting this action; and (4) amending the prayer for relief to seek declaratory judgment against the two 2020 Final Rules and injunctive relief against the dismissal of their administrative complaints. But none of these proposed changes fixes the myriad problems that have plagued this case from the beginning, such as a failure to adequately invoke jurisdiction, include necessary parties, or state a claim. This Court should thus deny their futile and unnecessary request to amend the Complaint.

## ARGUMENT

In resolving a motion to amend, courts ask (1) if Plaintiffs have acted with undue delay, bad faith, or dilatory motive; (2) if Plaintiffs have failed to cure deficiencies with previous amendments; (3) if granting leave to amend would cause undue prejudice to the other parties; or (4) if any amendment would be futile. *Hampton v. Steen*, No. 2:12-CV-00470-AA, 2017 WL 11573592, at *3 (D. Or. Nov. 13, 2017) (citing *Cravalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892 (9th Cir. 2010)); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001);

*Tadros v. Wilmington Tr., Nat'l Ass'n as Tr. to Citibank, N.A.*, No. 3:17-CV-01623-AA, 2018 WL 5298144, at *2 (D. Or. Oct. 25, 2018).

Here, Plaintiffs' requested amendment can and should be denied for all of those four reasons. To begin, none of the proposed changes could save the First Amended Complaint ("FAC") from the two pending motions to dismiss, and this Court should resolve—and grant—those motions at the same time as it denies the instant motion to amend. And other reasons to deny the motion abound: Not only does this proposed amendment come six months after this case began—with no explanation for the delay—but it also has the sole effect of requiring the Defendants to needlessly expend resources in discovery responding to additional facts that add nothing to the legal allegations or claims in this case. For each of these reasons, the motion should be denied.

## I.    The proposed amendment is futile and fails to cure the deficiencies in the First Amended Complaint.

The clearest reason to deny Plaintiffs' motion is that any amendment would be futile because their Second Amended Complaint ("SAC") doesn't fix their case's fatal problems. In the Ninth Circuit, "[f]utility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). As this Court has recognized, an amendment is futile if it would not withstand a motion to dismiss. *Rediger v. Country Mut. Ins. Co.*, No. 6:16-CV-02263-AA, 2017 WL 11593663, at *4 (D. Or. Dec. 3, 2017). Plaintiffs' motion should be denied for that reason, and the Court should dismiss the pending claims.

**A. The Second Amended Complaint is futile because, like the prior complaints, it cannot survive a motion to dismiss.**

The new plaintiffs and their factual experiences do not materially change the merits of the claims in the proposed complaint, and they are as doomed to dismissal now as they were when Plaintiffs filed this case nearly a year ago. Indeed, the putative plaintiffs do not offer anything different than the existing ones, and their claims would be just as dismissible as their colleagues already before the Court. As this Court has repeatedly emphasized, an "[a]mendment is futile if the amended claim 'would also be subject to dismissal.'" *Rediger*, 2017 WL 11593663, at *4 (citing *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015)); *Tadros*, 2018 WL 5298144, at *2 (citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

A comparison between *Tadros* and *Rediger* is instructive. In *Tadros,* this Court rejected a motion to amend after concluding that the amendment did not add facts or legal theories to remedy already dismissed claims. *See* 2018 WL 5298144, at *4. By contrast, in *Rediger*, this Court allowed many proposed amendments because the newly added claims could lead to later factual developments that would inform whether affirmative defenses would be successful. *See* 2017 WL 11593663, at *4. Despite their differences, those cases teach an important lesson: "In evaluating whether an amendment is futile," this Court should first undergo a rigorous analysis to determine "whether [the amended complaint] would survive a 12(b)(6) motion to dismiss." *Id.*

Here, the proposed amendments do nothing to fix the manifold and fatal problems identified in the two pending motions to dismiss. Intervenors' Joint Mot. to Dismiss, ECF No. 137; Dep't's Mot. to Dismiss, ECF No. 56. The proposed SAC—just like the FAC and the original complaint before it—fails to properly invoke this Court's jurisdiction, include necessary parties, or state a claim.[1] And, as the Intervenors recently informed this Court, the Ninth Circuit provided even further reason to dismiss Plaintiffs' APA claims when it determined that the substance of both the August and November Rules are consistent with the plain meaning of Title IX and with the Department's longstanding internal practices. Intervenors' Notice of Suppl. Authority at 4, ECF No. 155 (citing *Maxon v. Fuller Theological Seminary*, No. 20-56156, 2021 WL 5882035 (9th Cir. 2021) (unpublished)). Because the proposed SAC does not help the Court evaluate the merits of Plaintiffs' claims, and because it places the Plaintiffs in no better position legally, the amendment is futile. The motion should thus be denied.

### B. Because the "futility" analysis is the same as the 12(b) analysis, this Court should resolve and grant the pending motions to dismiss as it considers futility.

Because this Court must conduct a 12(b) analysis as it considers whether amendment is futile, it should decide the motions to dismiss together with the motion for leave to amend. This can be done without additionally burdening already limited judicial resources because, as addressed previously, this Court has already recognized

---

[1] The necessary-party point and the fact that Plaintiffs failed to state a claim under the APA were unique to the Joint Intervenors' Motion. Joint Mot. to Dismiss at 7–20, ECF No. 137.

4-Defendants-Intervenors' Opposition to Motion for Leave to Amend Complaint

that the analysis for resolving futility is indistinguishable from the analysis for resolving a 12(b) motion. *Rediger*, 2017 WL 11593663, at *4. Moreover, as Plaintiffs recognize, the legal theories and causes of action have not changed, save for some additions to the prayer for relief. Because the two inquiries are the same, this Court should resolve them together.

## II.    Plaintiffs have no excuse for their undue delay.

Yet another reason that this Court should deny leave to amend is that Plaintiffs' six-month delay is inexcusable. In evaluating undue-delay, courts ask whether "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also E.E.O.C. v. Boeing Co.,* 843 F.2d 1213, 1222 (9th Cir. 1988).

Here, Plaintiffs could have pleaded their allegations and prayer for relief correctly in their March 2021 original complaint or in their June 2021 FAC. They knew the legal theories that informed their prayer for relief. They knew of the August and November 2020 Final Rules. And they knew that they would bring Title IX complaints. Their failure to properly draft their allegations and prayer for relief as they drafted their initial complaint(s), despite their knowledge, is inexcusable and provides yet another reason to deny them leave to amend.

## III.    The proposed amendment would unduly prejudice the Defendants.

In addition to the amendment's futility and undue delay, the Court should deny the motion to amend because of the harms it would impose on the other parties as this case progresses.

5-Defendants-Intervenors' Opposition to Motion for Leave to Amend Complaint

Courts in the Ninth Circuit routinely consider the addition of new parties and facts to be prejudicial because they do nothing more than require defendants to "expend time and resources" to respond. *Davis v. Astrue*, 250 F.R.D. 476, 482 (N.D. Cal. 2008); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

In *Davis*, for example, the plaintiff sought to add facts that did nothing but "further support . . . previously alleged theories." 250 F.R.D. at 482. In evaluating the motion for leave, the court found that the Plaintiff's "required outlays" would prejudice the defendants by requiring them to "expend time and resources in drafting responses." *Id.* The same was true in *Fidelity*, where the Ninth Circuit affirmed a district court's finding that newly alleged facts and claims were "simply restating [plaintiffs'] prior claims under new labels." 792 F.2d at 1438. In such cases, the additional "time in the discovery process rather than engaging in . . . normal duties" is unduly prejudicial. *See Jackson*, 902 F.2d at 1387–88; *see also Jordan v. Los Angeles Cnty.*, 669 F.2d 1311, 1324 (9th Cir. 1982) (vacated on other grounds) (affirming the denial of a motion for leave when the defendants "would have been required to conduct extensive, costly discovery in order to respond to the amended complaint").

In sum, "if [an] amendment causes an undue prejudice by requiring additional discovery or unnecessarily complicates the litigation," *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 34 (N.D.N.Y. 2009), including by increasing the need for "further document requests, and third party discovery," *Presidio Components, Inc. v. Am.*

6-Defendants-Intervenors' Opposition to Motion for Leave to Amend Complaint

*Tech. Ceramics Corp.*, No. 08cv335-IEG-NLS, 2009 WL 10668682, at *3 (S.D. Cal. May 19, 2009), the motion to amend may be denied.

Each of those cases provides ample reason to reject the motion to amend. As addressed above, Plaintiffs themselves admit that the *operative* facts in the SAC are largely the same. Mot. to Am. at 5, ECF No. 148. Thus, as in *Fidelity*, their proposed "new" allegations repeat their same flawed mantra. *See* 792 F.2d at 1438. But Plaintiffs err in suggesting (at 4–5) that the addition of new plaintiffs seeking to "be heard," would be harmless.

To the contrary, if this case were to survive the motions to dismiss, the addition of multiple new plaintiffs from multiple new schools would lead to significant third-party discovery burdens, as the Defendants will be required to find witnesses to respond to the factual allegations raised against each of the schools mentioned in the SAC. Joint Mot. to Dismiss at 14–16, ECF No. 137 (explaining that the as-applied challenges to the Title IX religious exemption include "facts specific to each school").[2] Because this additional discovery would place additional and enormous burdens on the Defendants without materially changing the merits of Plaintiffs' frivolous claims, the amendment would unduly prejudice the Defendants.

---

[2] The addition of new schools and new plaintiffs, if anything, only compounds the problems with Plaintiffs' failure to include necessary parties.

## CONCLUSION

Plaintiffs' proposed amendments are unnecessary, futile, unduly delayed, and unduly prejudicial to the Defendants. For those reasons, the proposed SAC is as meritless as the previous two complaints and should be rejected. And because this Court will necessarily undergo an analysis of the SAC's merits in resolving whether the motion to amend is futile, it should grant the pending motions to dismiss in the process.

Respectfully submitted this 7th day of January, 2022.

/s/ Gene C. Schaerr
Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060

/s/ Herbert G. Grey
Herbert G. Grey, OSB # 810250
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908
Email: herb@greylaw.org

* Admitted *pro hac vice*

*Counsel for Defendant-Intervenor Council for Christian Colleges & Universities*

/s/ Mark A. Lippelmann
Kristen K. Waggoner, OSB # 067077
  *Lead Counsel*
Email: kwaggoner@ADFlegal.org
David A. Cortman, GA Bar # 188810*
Email: dcortman@ADFlegal.org
Ryan J. Tucker, AZ Bar # 034382*
Email: rtucker@ADFlegal.org
Mark A. Lippelmann, AZ Bar # 036553*
Email: mlippelmann@ADFlegal.org
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020

* Admitted *pro hac vice*

*Counsel for Defendants-Intervenors Western Baptist College d/b/a Corban University, William Jessup University and Phoenix Seminary*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document was served on all counsel of record in this case by ECF and by email.

January 7, 2022

*/s/ Gene C. Schaerr*
Gene C. Schaerr

*Counsel for Defendant-Intervenor*
*Council for Christian Colleges &*
*Universities*

9-Defendants-Intervenors' Opposition to Motion for Leave to Amend Complaint