CAROL FEDERIGHI
TX Bar No. 06872950
*Lead Counsel*
HILARIE E. SNYDER
D.C. Bar No. 464837

BRIAN M. BOYNTON
Acting Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 305-0747
Hilarie.e.snyder@usdoj.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants.<br><br>COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, WESTERN BAPTIST COLLEGE d/b/a/ CORBAN UNIVERSITY, WILLIAM JESSUP UNIVERSITY AND PHOENIX SEMINARY,<br><br>Intervenor-Defendants. | Civil Action No. 6:21–cv–00474–AA<br><br>**GOVERNMENT DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 15** |

## INTRODUCTION

Given the current procedural posture of this case, Defendants, U.S. Department of Education and Catherine Lhamon, in her official capacity as the Assistant Secretary for the Office for Civil Rights, oppose Plaintiffs' motion for leave to file a second amended complaint. The proposed amendments are futile because they do not cure the deficiencies in the first amended complaint, as neither the factual allegations nor claims for relief are materially different from what has been presented to the Court through the preliminary injunction hearing and prior briefing. Moreover, if Plaintiffs are permitted to file an amended complaint, Government Defendants would be prejudiced because consideration of their motion to dismiss would be delayed. In the interests of efficiency, this Court should deny Plaintiffs' motion for leave to amend without prejudice.

## BACKGROUND

Plaintiffs filed their First Amended Class Action Complaint ("FAC") on June 7, 2021. ECF No. 35. The FAC contained five causes of action—a Fifth Amendment claim alleging violations of substantive due process and equal protection; a First Amendment claim alleging violations of the Establishment Clause; another First Amendment claim based on alleged deprivations of freedom of religion, speech, assembly, and association; a claim under the Administrative Procedure Act ("APA") challenging 34 C.F.R. §§ 106.12(b) and (c); and a claim under the Religious Freedom Restoration Act. FAC at 73-86. About two months later, Plaintiffs filed a motion for preliminary injunction and temporary restraining order, ECF No 44, and Government Defendants moved to dismiss the FAC, ECF No 56. This Court denied the motion for temporary restraining order, holding that it "cannot find that plaintiffs have shown a likelihood of success on the merits of their" claims. Opinion and Order on TRO, ECF No. 88, at 6.

Subsequently, the Court authorized intervention by certain Christian universities and the Council for Christian Colleges & Universities, *see* Opinion and Order on Intervention, ECF No. 106, which collectively filed a motion to dismiss the FAC. *See* Defs.-Intervenors' Joint Mot. to Dismiss and Memorandum in Support, ECF No. 137. The Court then held an evidentiary hearing on the motion for preliminary injunction. *See* Hearing Notices, ECF Nos. 140-142. Thus, pending before the Court are two fully briefed motions to dismiss. By January 10, 2022, the deadline for post-hearing briefs, the Court will also have a fully developed record relating to Plaintiffs' motion for preliminary injunction.

On December 2, 2021, Plaintiffs filed a motion for leave to amend their complaint. *See* Pls.' Mot. and Memorandum in Support of Mot. for Leave to File Second Amended Complaint Pursuant to FRCP 15 ("Pls.' Mot. to Amend."), ECF No. 148. The proposed second amended complaint contains three substantive changes,[1] *id.* at 3, which would (1) add factual allegations about the filing of Plaintiffs' administrative complaints with the Department of Education, Office for Civil Rights, (2) adjust "the prayer for relief for greater consistency with the relief requested in" the motion for preliminary injunction, and (3) include eight new plaintiffs. *Id*. Plaintiffs neither add nor eliminate any cause of action. *Id*. at 4.

---

[1] Plaintiffs also seek to "[u]pdate the caption and formatting" and replace Suzanne Goldberg with the newly-confirmed Catherine Lhamon in her official capacity as Assistant Secretary for the Office for Civil Rights, U.S. Department of Education. Pls.' Mot. to Amend. at 3. Assistant Secretary Lhamon has already been substituted as a defendant for Suzanne Goldberg pursuant to Federal Rule of Civil Procedure 25(d). Thus, there is no reason to amend the complaint to substitute her or, for that matter, to reformat anything.

## ARGUMENT

Rule 15 directs the Court to "freely give leave" to amend "when justice so requires." Fed. R. Civ. Proc. 15(a)(2). In determining whether to grant a motion for leave to amend, courts consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up); *see also Alvarez v. Sitts*, Case No. 6:19-cv-01071-AA, 2020 WL 5027131, at *2 (D. Or. Aug. 25, 2020) (Aiken, J.) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Futility alone can justify the denial of a motion for leave to amend, and a proposed amendment is futile if it cannot survive a motion to dismiss. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Alvarez*, 2020 WL 5027131, at *2. Additionally, prejudice to the opposing party "'carries the greatest weight,'" *Sonoma Cnty Ass'n*, 708 F.3d at 1117, in evaluating whether to grant a motion for leave.

By their own admission, Plaintiffs have not added any new causes of action. Pls.' Mot. to Amend. at 4. And their proposed additions to the prayer for relief—asking for a declaration that the November and August 2020 rules violate the APA and an injunction to prevent Defendants from "using" those rules—and to the factual allegations—describing the filing of Plaintiffs' administrative claims with the Office for Civil Rights—are matters already considered and addressed by the parties in the existing motions to dismiss and the preliminary injunction briefing. *See* Pls.' Mot. to Amend. Ex. 2, Redlined Compl., ECF No. 148-2, at 5-12, 100. Moreover, adding more Plaintiffs would not materially change the legal and factual landscape currently being considered by the Court as it deliberates the pending motions to dismiss and the motion for

Gov. Defs.' Opp. To Mot. for Leave to Amend  4

preliminary injunction. In short, if Plaintiffs' motion for leave is granted, their proposed second amended complaint would just generate another round of motions to dismiss, but would have no effect on the law or facts necessary for resolution of the pending motion for preliminary injunction or any current or future motions to dismiss. Thus, a second amended complaint would not affect the Court's ability to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up); *see also* Pls.' Mot. to Amend, at 4-5.

Against that background, Plaintiffs' motion for leave should be denied. First, the proposed second amended complaint could not withstand a motion to dismiss. As Plaintiffs concede, the substance of the proposed revisions have already been addressed by the parties in the existing briefing and would not otherwise change the outcome of the pending motions. *See* Pls.' Mot. to Amend., at 5 ("[T]he operative facts from the FAC and the Motion for Preliminary Injunction briefing and hearing remain largely the same."); *see also* Gov. Defs.' Mot. to Dismiss, ECF No. 56, at 14, 18 (arguing that Plaintiffs' claims are not ripe because, although filed, Plaintiffs have not received decisions on their administrative complaints, and that Plaintiffs' APA claims should be dismissed because Plaintiffs have not alleged how the regulatory changes alter the behavior of the schools, Government Defendants' consideration of their administrative complaints, or requests for assurance of religious exemption); Gov. Defs.' Post-Hearing Brief, ECF No. 150, at 2, 13 (noting that Plaintiffs seek an order invalidating the 2020 regulations and requiring Government Defendants to process their administrative complaints without using the regulations, and arguing that Plaintiffs lack standing because their administrative complaints are still pending). Given that the proposed amendments would not change the facts presented and the issues to be resolved, they are futile for the same reasons that the FAC should be dismissed and the motion for preliminary

injunction should be denied. *See* Gov. Defs.' Mot. to Dismiss, ECF No. 56; Gov. Defs.' Reply in Further Support of their Mot. to Dismiss, ECF No. 92; Gov. Defs.' Memorandum of Law in Opposition to Pls.' Mot. for a Temporary Restraining Order & Order to Show Cause Why Preliminary Injunction Should Not Issue, ECF No. 62; and Gov. Defs.' Post-Hearing Brief, ECF No. 150.

Second, if this Court were to grant Plaintiffs' motion, it would moot Government Defendants' pending motion to dismiss and require them to file a new motion to dismiss. *See Moreno v. Castlerock Farming and Transp., Inc.*, No. 1:12-cv-00556-AWI-JLT, 2012 WL 4468439, at *2 (E.D. Cal. Sept. 26, 2012) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990)). Admittedly, this circumstance does not automatically cause undue prejudice or delay. *See WeRide Corp. v. Kun Huang*, No. 5:18-cv-07233-EJD, 2019 WL 3555343, at *1,*2 (N.D. Cal. Aug. 5, 2019); *Cuevas v. City of Campbell*, No. 5:12-cv-03087-EJD, 2012 WL 5077153, at *2 (N.D. Cal. Oct. 18, 2012). Nonetheless, courts can and do find undue prejudice and delay when plaintiffs move to amend their complaints and where, as here, motions to dismiss have been pending. *See Moreno*, 2012 WL 4468439, at *2, *3 (denying without prejudice motion for leave to amend complaint when motion to dismiss had been pending for two months and collecting cases denying motions to amend complaint when motion to dismiss is pending); *Cole v. Fischer*, No. 07-cv-11096 (BSJ), 2009 WL 1514691, at *1 (S.D.N.Y. May 29, 2009) (denying motion for leave to amend complaint when motion to dismiss had been pending for eight months); *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, 3:06-cv-0271-B, 2007 WL 9717289, at *2 (N.D. Tex. Jan. 16, 2007) (finding that defendants would suffer undue prejudice by allowing the amendments to the complaint because they already filed motions to dismiss in response to the first and second amended complaints and "[a]llowing [the plaintiff] to

Gov. Defs.' Opp. To Mot. for Leave to Amend  6

amend its complaint repeatedly would cost Defendants unnecessary litigation time and expense in briefing dispositive motion after dispositive motion after dispositive motion. . .").

Government Defendants' motion to dismiss raises, among other matters, threshold issues implicating this Court's subject matter jurisdiction. That motion has been fully briefed and pending since September. It would prejudice Government Defendants, as well as be inefficient, if Plaintiffs were permitted to amend their complaint again now, thereby necessitating a new round of motions to dismiss. As noted above, the proposed second amended complaint does not cure the deficiencies in the FAC, and Government Defendants would therefore move to dismiss on the previously-raised grounds.

Thus, Government Defendants respectfully request that this Court deny Plaintiffs' motion for leave to amend.

## CONCLUSION

Wherefore, for the reasons described above, Government Defendants respectfully request that this Court deny Plaintiffs' motion for leave to amend their complaint.

//
//
//
//
//
//
//
//
//
//

Gov. Defs.' Opp. To Mot. for Leave to Amend  7

DATED:  January 7, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

/s/ *Hilarie E. Snyder*
CAROL FEDERIGHI, TX Bar No. 06872950
*Lead Counsel*
HILARIE.E.SNYDER, DC Bar No. 464837
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 305-0747
hilarie.e.snyder@usdoj.gov

*Attorneys for Defendants*