**Paul Carlos Southwick (OSB 095141)**
**TRIAL ATTORNEY**
**Religious Exemption Accountability Project**
**Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517

**Timothy R. Volpert (OSB 814074)**
Tim Volpert PC
2111 NE Hancock St. Ste. 2B
Portland, OR 97212
Email: tim@timvolpertlaw.com
Phone: 503-703-9054

**Alletta S. Brenner (OSB 142844)**
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Email: ABrenner@perkinscoie.com
Phone: 503-727-2000

**Misha Isaak (OSB 086430)**
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Email: misaak@perkinscoie.com
Phone: 503-727-2000

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| Elizabeth HUNTER; et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>DEPARTMENT OF EDUCATION; and Catherine LHAMON, in her official capacity as Assistant Secretary for the Office of Civil Rights, U.S. Department of Education,<br><br>   Defendants,<br><br>COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, WESTERN BAPTIST COLLEGE d/b/a CORBAN UNIVERSITY, WILLIAM JESSUP UNIVERSITY AND PHOENIX SEMINARY,<br><br>   Intervenor-Defendants. | Case No. 6:21-cv-00474-AA<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND** |

I.  **ARGUMENT**

The allegations in Plaintiffs' First Amended Complaint ("FAC") are already sufficient to withstand the motions to dismiss filed by Government Defendants and Intervenor-Defendants. In seeking leave to amend to file Plaintiffs' proposed Second Amended Complaint ("SAC"), a primary purpose is to present a complaint to the Court that more completely contains factual allegations and requests for relief consistent with Plaintiffs' Motion for Preliminary Injunction (*e.g.* allegations regarding Title IX administrative complaint filings; requests for declaratory and injunctive relief regarding the 2020 Final Rules).[1]

An additional purpose of the SAC is to include new plaintiffs who demonstrate the widespread, ongoing nature and imminency of the harms stemming from the Title IX religious exemption, related administrative regulations, Government Defendants' administration of Title IX complaints, and Government Defendants' funding of avowedly discriminatory institutions.

Government Defendants argue, however, that "adding more Plaintiffs would not materially change the legal and factual landscape currently being considered by the Court as it deliberates the pending motions to dismiss and the motion for preliminary injunction." Dkt. 158, pp. 4-5; *see also* Dkt. 157, p. 10 (similar argument from Intervenor-Defendants). Not so. At least one of the new proposed plaintiffs, Kalie Hargrove, filed a Title IX administrative complaint that has now survived the timeliness and other jurisdictional hurdles of OCR's evaluation stage. Dkt. 160, pp. 10-11; Dkt. 162-1 (Southwick Declaration, Ex. A (OCR Investigation Letter)). OCR recently

---

[1] To the extent that Rule 15(d), which governs supplemental pleadings, would permit inclusion of any of the new allegations in the SAC, Plaintiffs request that the Court consider Plaintiffs' Motion to Amend to include an alternative Motion for Supplemental Pleading under Rule 15(d). *See* FRCP 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

opened Kalie's complaint for investigation. *Id*. However, OCR's letter states that "The University may claim an exemption from application of Title IX and its implementing regulation to this complaint by contacting OCR." Dkt. 162-1, p. 1. Consequently, Kalie's Title IX complaint is very likely to soon be dismissed based on Title IX's religious exemption after her institution asserts a religious exemption in response to the investigation. *See* Dkt. 162-2 (giving Kalie's university 20 days to respond to OCR investigation letter). The addition of Kalie as a plaintiff adds important, unique support for the immediate need for the Court's intervention through the relief requested in Plaintiffs' motion for preliminary injunction. The addition of the other plaintiffs further demonstrates the widespread, ongoing nature and imminency of the harms at issue.

Government Defendants also argue that they would be unduly prejudiced if the Court grants Plaintiffs' Motion to Amend. They argue that it will delay consideration of their Motion to Dismiss. However, Defendants will not be unduly prejudiced as a hearing on the motions to dismiss has not been set, nor has the Court indicated a timeframe in which it will decide the motions to dismiss. Consequently, any delay is purely hypothetical, much less prejudicial.

Government Defendants also argue that they will be prejudiced by being required to submit additional briefing for a new round of motions to dismiss. Dkt. 158, pp. 6-7. However, if the Court denies defendants' motions to dismiss, new motion to dismiss briefing may be unnecessary. As the Government-Defendants have acknowledged, Plaintiffs' "proposed additions to the prayer for relief—asking for a declaration that the November and August 2020 rules violate the APA and an injunction to prevent Defendants from 'using' those rules—and to the factual allegations—describing the filing of Plaintiffs' administrative claims with the Office for Civil Rights—are matters already considered and addressed by the parties in the existing motions to dismiss and the preliminary injunction briefing." Dkt. 158, p. 4. Consequently, new briefing would likely be

unnecessary in light of the briefing already before the Court in the motions to dismiss and motion for preliminary injunction. To the extent new briefing might be necessary, briefing could be limited to the new allegations in the SAC that have not already been fully briefed, if any.

Intervenor-Defendants argue that allowing the additional plaintiffs included in the SAC would impose an unduly prejudicial discovery burden. Dkt. 157, pp. 9-10. To the contrary, this case already involves 40 plaintiffs and is a proposed class action. The addition of 8 new plaintiffs in this context would not create an unduly prejudicial discovery burden. Moreover, the Title IX complaints filed by the proposed plaintiffs are proceeding through the same OCR administrative process, and at the same time, as those filed by the current plaintiffs. It would be more efficient for these new plaintiffs to have their claims tried before the same tribunal as the current plaintiffs.

Defendants also raise futility of amendment in their oppositions to Plaintiffs' motion to amend. However, Plaintiffs' claims are not futile for all the reasons extensively briefed in the motion for preliminary injunction, motions to dismiss and other briefing submitted to this Court. Intervenor-Defendants also argue that "the Ninth Circuit provided even further reason to dismiss Plaintiffs' APA claims when it determined that the substance of both the August and November Rules are consistent with the plain meaning of Title IX and with the Department's longstanding internal practices." Dkt. 157, p. 7 (citing *Maxon v. Fuller Theological Seminary*, No. 20-56156, 2021 WL 5882035 (9th Cir. 2021) (unpublished)). To begin, the *Maxon* opinion is unpublished and is not precedent. Moreover, the plaintiffs' complaint in *Maxon* did not advance the constitutional claims nor the Administrative Procedure Act claims at issue in this case. Likewise, the Ninth Circuit's unpublished opinion did not address constitutional or Administrative Procedure Act claims. For example, the unpublished opinion did not analyze whether the Department, in enacting the August and November 2020 Final Rules, adequately considered the impact of such

rules on the growing number of LGBTQ+ students at taxpayer-funded educational institutions or the significance of the severe and widespread harms resulting from the Department's internal practices regarding the religious exemption to Title IX. Additionally, the *Maxon* case involved claims against an educational institution, not claims against the government.

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File Second Amended Complaint.

Dated: January 21, 2022

s/ Paul Carlos Southwick

**Paul Carlos Southwick
(OSB 095141)
TRIAL ATTORNEY
Religious Exemption
Accountability Project
Paul Southwick Law, LLC**
8532 N. Ivanhoe St. #208,
Portland, OR 97203
Email: paul@paulsouthwick.com
Phone: 503-806-9517
