

# BAYLOR UNIVERSITY
Abner V. McCall • President
Waco, Texas 76703

McK
2/4

January 12, 1976

Director of the Office for Civil Rights
U. S. Department of Health, Education
       and Welfare
Washington, D. C.  20201

Dear Sir:

Pursuant to Sec. 86.12(b) of "Title IX Regulation Implementing Education Amendments of 1972 Prohibiting Sex Discrimination in Education," this letter is to advise that Baylor University of Waco, Texas, is an educational institution which is controlled by the Baptist General Convention of Texas and that the following portions of the above mentioned regulations are not consistent with the religious tenets of such organization.

1. Premarital unchastity whether on the part of a man or woman is contrary to the tenets of the Southern Baptists. Insofar as these regulations require Baylor University to treat the pregnancy, childbirth, false pregnancy or termination of pregnancy of an unmarried woman as a mere temporary disability such regulations conflict with the tenets of Southern Baptists. Such regulations pertaining to unmarried women whether students or prospective students or employees or prospective employees are inconsistent with the policies of the university and Southern Baptists. These inconsistent regulations include Sec. 86.21(c), 86.39, 86.40, 86.51(b)(6), 86.57(a)(1), (b), (c), 86.60(a).

2. It is the tenet and practice of practically all Southern Baptist churches that only men should be licensed and ordained for the ministry. The Baptist General Convention of Texas awards a partial scholarship to every licensed ministerial student attending Baylor University. Baylor University matches this partial scholarship. Section 86.37(a)(b) of such regulations is inconsistent with this Southern Baptist tenet. Educational programs

1/19/76
McCall

Director of the Office for Civil Rights
January 12, 1976

designed for ministerial students and campus clubs and programs primarily for ministerial students will reflect this tenet. The following regulations may be inconsistent therewith: Sec. 86.6(c), 86.11, 86.31, 86.34, 86.36(c), 86.38(a)(1)(2).

Licensed and ordained Baptist ministers are given preference in employment in certain offices, e.g. chaplain and certain academic departments, e.g. Department of Religion. Since women are not licensed or ordained as ministers, such tenet is inconsistent with Sec. 86.51, 86.53, 86.55(a).

Sincerely,

*Abner V. McCall*

Abner V. McCall
President

kt



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS

SEP 26 1985

Dr. Herbert H. Reynolds
President
Baylor University
Waco, Texas   76798

Dear President Reynolds:

The Office for Civil Rights of the Department of Education (OCR/ED) is in the process of resolving a number of pending requests for religious exemption from Title IX of the Education Amendments of 1972. Our records indicate that Baylor University filed such a request, but there is no record that OCR adequately acknowledged this request.

We have recently reviewed the request filed by former President McCall (copy enclosed) in which he described several policies practiced at Baylor University as being consistent with the tenets of the religious organization that controls the institution. These policies would violate certain sections of the regulation implementing Title IX (copy enclosed) absent a religious exemption. The former president supplied information in his request letter that establishes that Baylor University is controlled by a religious organization and that tenets followed by this organization conflict with specific sections of the Title IX regulation. Therefore, I am granting Baylor University an exemption to those sections of the Title IX regulation appropriate to the request letter. The exemption is limited to the extent that compliance with the Title IX regulation conflicts with the religious tenets followed by the institution. Baylor University is hereby exempted from the requirements of the following sections of the Title IX regulation:  34 C.F.R. §§ 106.6(c), 106.21(c), 106.31, 106.34, 106.36(c), 106.37(a) and (b), 106.38(a), 106.39, 106.40, 106.51, 106.53, 106.55(a), 106.57 and 106.60(a). The basis for our decision to grant this exemption is discussed in further detail below.

The request letter indicates that Baylor University is controlled by the Baptist General Convention of Texas. This relationship between the Baptist General Convention and Baylor University adequately establishes that Baylor University is controlled by a religious organization as is required for consideration for exemption under § 106.12 of the Title IX regulation.

Page 2 - Dr. Herbert H. Reynolds

In the request letter, the former president indicates that premarital unchastity is contrary to the religious tenets of Southern Baptists. Additionally, treating pregnancy, childbirth, false pregnancy, or termination of pregnancy of an unmarried woman as a temporary disability is contrary to the tenets of Southern Baptists. Based on these principles, Baylor University has requested and is granted by this letter exemption to: § 106.21(c) (marital or parental status of applicants for admission), § 106.39 (health and insurance benefits and services), § 106.40 (marital or parental status of students), 106.51(b)(6) (leaves of absence for pregnancy and related conditions and child care), § 106.57 (marital or parental status of employees) and § 106.60(a) (pre-employment inquiries regarding marital status).

The request letter indicates that almost all Southern Baptist churches allow only men to be licensed and ordained for the ministry. The Baptist General Convention of Texas awards a partial scholarship to every licensed ministerial student attending Baylor University, and Baylor University matches this partial scholarship. Also, some educational programs and campus clubs are designed for ministerial students. Based on this principle, Baylor University has requested and is granted by this letter exemption to: § 106.6(c) (effect of rules or regulations of private organizations), § 106.31 (education programs and activities), § 106.34 (access to course offerings), § 106.36(c) (counseling - disproportion in classes), § 106.37(a) and (b) (financial assistance) and § 106.38(a) (employment assistance to students).

The former president's letter indicates that licensed and ordained ministers are given preference in employment in certain offices, and women are not licensed or ordained as ministers. Based on this principle, Baylor University has requested and is granted by this letter exemption to: § 106.51 (employment), § 106.53 (recruitment of employees) and § 106.55(a) (job classification and structure).

Baylor University also requested exemption to § 106.11 regarding the application of the Title IX regulation. The request letter did not demonstrate that the institution's practices conflict with all sections of the Title IX regulation. Therefore, no exemption has been granted for § 106.11.

This letter should not be construed to grant exemption from any section of the Title IX regulation not specifically mentioned. In the event that OCR receives a complaint against your institution, we are obligated to determine initially whether the allegations fall within the exemption herein granted. Also, in the unlikely event that a complainant alleges that the practices followed by the institution are not based on the religious tenets of the controlling organization, OCR is obligated to contact the controlling organization to verify those tenets. If the organization provides an interpretation of tenets that has a different practical impact than that described by the institution, or if the organization denies that it controls the institution, this exemption will be rescinded.

Page 3 - Dr. Herbert H. Reynolds

I hope this letter responds fully to your request. I regret the inordinate delay in responding to your original request. If you have any questions, please do not hesitate to contact the Dallas Regional Office for Civil Rights. The address is:

> Taylor D. August
> Regional Civil Rights Director
> Office for Civil Rights, Region VI
> Department of Education
> 1200 Main Tower Building, Suite 400
> Dallas, Texas  75202

Sincerely,

Harry M. Singleton
Assistant Secretary
  for Civil Rights

Enclosures

cc: Taylor D. August, Regional Civil Rights Director, Region VI