# RE: Office for Civil Rights (OCR)

**Lee, Camille <camille.lee@ed.gov>**
Tue 7/20/2021 8:53 AM

**To:** Lauren Swain <lauren@paulsouthwick.com>

Ok, will send him an invite.

---

**From:** Lauren Swain <lauren@paulsouthwick.com>
**Sent:** Monday, July 19, 2021 5:10 PM
**To:** Lee, Camille <camille.lee@ed.gov>
**Subject:** Re: Office for Civil Rights (OCR)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Camille,

It turns out that Paul cannot join the meeting on Thursday, so we would to have our Legal and Policy Fellow, Josiah Robinson, to be invited in his stead.

His email is josiahr@paulsouthwick.com.

Thanks very much for your assistance.

Lauren

---

**From:** Lee, Camille <camille.lee@ed.gov>
**Sent:** Monday, July 19, 2021 8:47 AM
**To:** Lauren Swain <lauren@paulsouthwick.com>
**Subject:** RE: Office for Civil Rights (OCR)

Thanks, just sent meeting invite for Thursday.

---

**From:** Lauren Swain <lauren@paulsouthwick.com>
**Sent:** Friday, July 16, 2021 5:19 PM
**To:** Lee, Camille <camille.lee@ed.gov>
**Subject:** Re: Office for Civil Rights (OCR)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mortimer and I are also available next Thursday and Friday all day, and available before 1pm CT on Tuesday and Wednesday if necessary.

Thank you,

Lauren

**Lauren Swain**

**EXHIBIT F**         1

Administrative Assistant/Paralegal REAP

Paul Southwick Law, LLC

[lauren@paulsouthwick.com](lauren@paulsouthwick.com)

(303) 887-5951



---

**From:** Lauren Swain <lauren@paulsouthwick.com>
**Sent:** Friday, July 16, 2021 3:07 PM
**To:** Lee, Camille <camille.lee@ed.gov>
**Subject:** Re: Office for Civil Rights (OCR)

Thank you, Camille,

Mortimer and I are available on Monday except for 1-3pm CT. Attorney Paul Southwick also requests an invitation.

3pm CT on Monday would be optimal. If this time does not work for you, I will find out what other times work for them during the week.

Best,

Lauren

**Lauren Swain**

**Administrative Assistant/Paralegal REAP**

**Paul Southwick Law, LLC**

[lauren@paulsouthwick.com](lauren@paulsouthwick.com)

(303) 887-5951



---

**From:** Lee, Camille <camille.lee@ed.gov>
**Sent:** Monday, July 12, 2021 4:09 PM
**To:** Lauren Swain <lauren@paulsouthwick.com>
**Subject:** RE: Office for Civil Rights (OCR)

Hi Lauren, I would like to schedule a follow up interview with Mortimer to clarify a few allegations. Please let me know you and they's availability for an interview early next week. Thanks

Camille

---

**From:** Lauren Swain <lauren@paulsouthwick.com>
**Sent:** Tuesday, June 29, 2021 12:07 PM
**To:** Lee, Camille <camille.lee@ed.gov>
**Subject:** Re: Office for Civil Rights (OCR)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you, Camille.

Mortimer Halligan's email is ▇▇▇▇▇▇▇▇▇▇
Paul Southwick's email is paul@paulsouthwick.com

In addition to sending them the meeting information, would you also please send each of them the Complaint Processing Procedures you initially sent to me, and the password.

Thanks again,
Lauren

---

**From:** Lee, Camille <camille.lee@ed.gov>
**Sent:** Tuesday, June 29, 2021 7:49 AM
**To:** Lauren Swain <lauren@paulsouthwick.com>
**Subject:** RE: Office for Civil Rights (OCR)

Hi Lauren, let's schedule for this Friday from 1-2 pm CST. Please send me Paul and Mortimer's email addresses and I will send a virtual link for the meeting. Thanks
Camille

---

**From:** Lauren Swain <lauren@paulsouthwick.com>
**Sent:** Monday, June 28, 2021 6:45 PM
**To:** Lee, Camille <camille.lee@ed.gov>
**Subject:** Re: Office for Civil Rights (OCR)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Camille,

Attorney Paul Southwick, our client Mortimer Halligan, and I are available from Noon to 4pm Central Time this Thursday, July 1 and from 1pm to 2pm Central Time on Friday, July 2.

We will each need to call in separately from different locations, so please advise how to proceed accordingly.

Thank you,
Lauren

Lauren Swain

**Administrative Assistant/Paralegal REAP**

**Paul Southwick Law, LLC**

**lauren@paulsouthwick.com**

(303) 887-5951



---

**From:** Lee, Camille <camille.lee@ed.gov>
**Sent:** Monday, June 28, 2021 11:51 AM
**To:** Lauren Swain <lauren@paulsouthwick.com>
**Subject:** RE: Office for Civil Rights (OCR)

Hi Lauren, what is you and your client's availability for a telephone interview this week?

**From:** Lauren Swain <lauren@paulsouthwick.com>
**Sent:** Thursday, June 24, 2021 6:48 PM
**To:** Lee, Camille <camille.lee@ed.gov>
**Subject:** Re: Office for Civil Rights (OCR)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Lee,

Thank you for these documents. I have attached the consent form, signed by our client, Mortimer Halligan.

Best,

Lauren

---

**From:** Lee, Camille <camille.lee@ed.gov>
**Sent:** Thursday, June 24, 2021 8:45 AM
**To:** Lauren Swain <lauren@paulsouthwick.com>
**Cc:** Lee, Camille <camille.lee@ed.gov>
**Subject:** Office for Civil Rights (OCR)

Hi Lauren, I am an attorney with OCR, assigned to evaluate your client's complaint. Enclosed please find encrypted correspondence regarding the complaint. I will send the password separately. Also, please complete the attached consent form and send it to me via email as soon as possible. The signature page of the consent you

previously signed did not come through when you filed the complaint. I will be in contact next week to schedule an evaluation interview with you and your client. Thanks and have a good day,
Camille

Camille D. Lee
Civil Rights Attorney
U.S. Department of Education
Office for Civil Rights
Chicago Regional Office
John C. Kluczynski Federal Building

230 S. Dearborn Street, 37th Floor
Chicago, IL 60604
T (312)-730-1709
F (312)-730-1576
E Camille.lee@ed.gov



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

230 SOUTH DEARBORN ST., 37TH FLOOR
CHICAGO, IL 60604

REGION V
ILLINOIS
INDIANA
IOWA
MINNESOTA
NORTH DAKOTA
WISCONSIN

June 24, 2021

Ms. Lauren L. Swain
Sent via email to lauren@paulsouthwick.com

Re: OCR Docket #05-21-2226

Dear Ms. Swain:

The U.S. Department of Education, Office for Civil Rights (OCR), is evaluating your complaint, which was received by our office on June 24, 2021, to determine whether OCR has authority to investigate the allegations in your complaint. You may expect to receive additional information from us soon about your complaint.

Please read the enclosed document entitled "OCR Complaint Processing Procedures" for information about:

- OCR's complaint processing procedures;
- the laws that we enforce;
- protections against intimidation and retaliation for participating in an OCR investigation;
- what to do if you disagree with a determination by OCR to close your complaint; and
- the Freedom of Information Act and the Privacy Act.

We are also enclosing a consent form with this letter. Please have the individual on whose behalf the complaint is filed sign and return the signed form to us via email as soon as possible. If we do not receive the form within 20 calendar days of the date of this letter, we will close your complaint.

If you have any questions about this letter or need further assistance, please contact Camille Lee, OCR attorney, at 312-730-1709 or by email at Camille.Lee@ed.gov.

Sincerely,

*Jeffrey Turnbull*

Jeffrey Turnbull
Team Leader

Enclosures

---

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

EXHIBIT F                              www.ed.gov                                    6

**U.S. Department of Education**
**Office for Civil Rights (OCR)**
**COMPLAINT PROCESSING PROCEDURES**[1]

**LAWS ENFORCED BY OCR**

OCR enforces the following laws:

- Title VI of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color or national origin;
- Title IX of the Education Amendments of 1972, which prohibits discrimination on the basis of sex;
- Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination on the basis of disability;
- Age Discrimination Act of 1975, which prohibits discrimination on the basis of age;
- Title II of the Americans with Disabilities Act of 1990, which prohibits discrimination on the basis of disability;
- Boy Scouts of America Equal Access Act, which prohibits denial of access to or other discrimination against the Boy Scouts or other Title 36 U.S.C. youth groups in public elementary schools, public secondary schools, local education agencies, and state education agencies that have a designated open forum or limited public forum.

**EVALUATION**

OCR evaluates the written information that it receives to determine whether it constitutes a complaint that is subject to further processing. If so, OCR determines whether it can investigate the complaint. OCR makes this determination with respect to each allegation in the complaint. For example, OCR must determine whether OCR has legal authority to investigate the complaint; that is, whether the complaint alleges a violation of one or more of the laws OCR enforces. OCR must also determine whether the complaint is filed on time. Generally, a complaint must be filed with OCR within 180 calendar days of the date of the alleged discrimination.[2] If the complaint is not filed on time, the complainant should provide the reason for the delay and request a waiver of this filing requirement. OCR will decide whether to grant the waiver. In addition, OCR will determine whether the complaint contains enough information about the alleged discrimination to proceed to investigation. If OCR needs more information in order to clarify the complaint, it will contact the complainant; and the complainant has 14 calendar days within which to respond to OCR's request for information unless the complainant has requested additional time to provide the information.

Some of the reasons for OCR's dismissal of a complaint include:

- OCR does not have legal authority to investigate the complaint;
- The complaint fails to state a violation of one of the laws OCR enforces;
- The complaint was not filed timely (within 180 calendar days of the date of the alleged discrimination) and a waiver of the timeliness requirement was not granted;

---

[1] These procedures are a summary of OCR's Case Processing Manual (CPM); the CPM contains more detailed explanations of OCR's procedures.
[2] Complaints that allege discrimination based on age are timely if filed with OCR within 180 calendar days of the date the complainant first knew about the alleged discrimination.

Updated November 2018

EXHIBIT F                                                                                                                                  7

2 | Page U.S. Department of Education, Office for Civil Rights Complaint Processing Procedures

- The complaint is speculative, conclusory, or incoherent, or lacks sufficient detail to infer discrimination and the complainant does not provide the information that OCR requests within 14 calendar days of OCR's request, unless the complainant requests additional time to provide the requested information;
- The allegations raised by the complaint have been resolved and are therefore no longer appropriate for investigation;
- The complaint has been investigated by another Federal, state, or local civil rights agency or through a recipient's internal grievance procedures, including due process proceedings, and there was a comparable resolution process pursuant to legal standards that are acceptable to OCR or, if still pending, OCR anticipates that there will be a comparable resolution process pursuant to legal standards that are acceptable to OCR. OCR will advise the complainant that he or she may re-file within 60 days of the completion of the other entity's action;
- The same or similar allegations based on the same operative facts have been filed by the complainant against the same recipient in state or Federal court. OCR will advise the complainant that he or she may re-file within 60 days of the termination of the court proceeding if there has been no decision on the merits of the case or settlement of the court complaint;

## OPENING THE COMPLAINT FOR INVESTIGATION

If OCR determines that it will investigate the complaint, it will issue letters of notification to the complainant and the recipient. Opening a complaint for investigation in no way implies that OCR has made a determination with regard to the merits of the complaint. During the investigation, OCR is a neutral fact-finder. OCR will collect and analyze relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that the actions it takes in investigations are legally sufficient, supported by evidence, and dispositive of the allegations raised in the complaint.

## INVESTIGATION OF THE COMPLAINT

OCR may use a variety of fact-finding techniques in its investigation of a complaint. These techniques may include reviewing documentary evidence submitted by both parties, conducting interviews with the complainant, recipient's personnel, and other witnesses, and/or site visits. At the conclusion of its investigation, OCR will determine, with regard to each allegation, whether:

- There is insufficient evidence to support a conclusion that the recipient failed to comply with the law, or

- A preponderance of the evidence supports a conclusion that the recipient failed to comply with the law.

OCR's determination will be explained in a Letter of Findings sent to the complainant and recipient. Letters of Findings contain fact-specific investigative findings and dispositions of individual cases. Letters of Findings are not formal statements of OCR policy and they should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.

## RESOLUTION OF THE COMPLAINT UPON A DETERMINATION OF NONCOMPLIANCE

If OCR determines that a recipient failed to comply with the civil rights law(s) that OCR enforces, OCR will contact the recipient and will attempt to secure the recipient's willingness to negotiate a voluntary resolution agreement. If the recipient agrees to resolve the complaint, the recipient will negotiate and sign a written resolution agreement that describes the specific remedial actions that the recipient will undertake to address the area(s) of noncompliance identified by OCR. The terms and obligations of the resolution agreement, if fully performed, will remedy the identified violation(s) in compliance with applicable civil rights law(s). OCR will monitor the recipient's implementation of the terms and obligations of the resolution agreement to verify that the remedial actions agreed to by the recipient are being properly implemented .

If the recipient does not agree to correct its noncompliance with the civil rights law(s) by entering into a resolution agreement, OCR may initiate proceedings to suspend, terminate, or refuse to grant or continue Federal financial assistance to the recipient, or may refer the case to the Department of Justice.

## RESOLUTION OF THE COMPLAINT PRIOR TO THE CONCLUSION OF THE INVESTIGATION

**Facilitated Resolution Between the Parties :**

Facilitated Resolution Between the Parties (FRBP) allows the parties (the complainant and the recipient which is the subject of the complaint) an opportunity to resolve the complaint allegations quickly; generally, soon after the complaint has been opened for investigation. If both parties are willing to try this approach, and if OCR determines that FRBP is appropriate, OCR will facilitate settlement discussions between the parties and work with the parties to help them understand the legal standards and possible remedies. Staff assigned by OCR to conduct FRBP will not be the staff assigned to the investigation of the complaint.

OCR does not approve, sign or endorse any agreement reached between the parties as a result of FRBP, and OCR does not monitor the agreement. However, if the recipient does not comply with the terms of the agreement, the complainant may file another complaint with OCR within 180 days of the date of the original discrimination or within 60 days of the date the complainant learns of the failure to comply with the agreement, whichever date is later.

**Resolution Agreement Reached During an Investigation**

A complaint may also be resolved before the conclusion of an investigation, if the recipient expresses an interest in resolving the complaint **and** OCR determines that it is appropriate to resolve the complaint because OCR's investigation has identified issues that can be addressed through a resolution agreement.  The provisions of the resolution agreement must be tied to the allegations and the evidence obtained during the investigation, and will be consistent with applicable regulations.  OCR will inform the recipient that this resolution process is voluntary before proceeding to resolution under this section, and will notify the complainant of the recipient's interest in resolution.  OCR will monitor a resolution agreement reached with the recipient before the conclusion of an investigation . After the recipient signs the resolution agreement, OCR will issue a Resolution Letter, which will address all allegations in the case resolved pursuant to CPM Section 302.

**Appeal**

OCR affords complainants an opportunity to appeal a determination(s) based on a finding of noncompliance (Section 303(a) of OCR's CPM) and dismissals based on Sections 108(a), (b), (c), (d), (h), and (i) of OCR's CPM. An appeal can be filed electronically, by mail, or fax. The complainant must either submit electronically a completed appeal form or submit a written statement of no more than ten (10) pages (double-spaced, if typed) to the Office for Civil Rights, U.S. Department of Education, 400 Maryland Avenue SW, Washington, D.C. 20202; if submitted by e-mail, to OCR@ed.gov; if submitted by fax, to 202-453-6012. The filing date of an appeal submitted by mail is the date the appeal is postmarked or submitted electronically or by fax.

In the appeal, the complainant must explain why he or she believes the factual information was incomplete or incorrect, the legal analysis was incorrect, or the appropriate legal standard was not applied, and how correction of any error(s) would change the outcome of the case; failure to do so may result in dismissal of the appeal.

An appeal must be submitted within 60 calendar days of the date indicated on the letter of finding or the dismissal. A waiver of the 60-day timeframe may be granted where the complainant was unable to submit the appeal within the 60-day timeframe because of illness or other circumstances, or because of circumstances generated by OCR's action that have adversely affected the complainant's ability to submit the appeal timely.

OCR will forward a copy of the complainant's appeal to the recipient. The recipient has the option to submit to OCR a response to complainant's appeal. Any response to complainant's appeal must be submitted to OCR within 14 calendar days of the date that OCR forwarded a copy of the complainant's appeal to the recipient.

OCR will issue a written decision on the appeal to the parties.

## ADDITIONAL INFORMATION

### Right to File a Separate Court Action

The complainant may have the right to file suit in Federal court, regardless of OCR's findings. OCR does not represent the complainant in case processing, so if the complainant wishes to file a court action, he or she must do so through his or her own attorney or on his or her own through the court's pro se clerk's office.

If a complainant alleges discrimination prohibited by the Age Discrimination Act of 1975, a civil action in Federal court can be filed only after the complainant has exhausted administrative remedies. Administrative remedies are exhausted when either of the following has occurred:

1) 180 days have elapsed since the complainant filed the complaint with OCR and OCR has made no findings; or
2) OCR issues a finding in favor of the recipient. If this occurs, OCR will promptly notify the complainant and will provide additional information about the right to file for injunctive relief.

5 | Page U.S. Department of Education, Office for Civil Rights Complaint Processing Procedures

### Prohibition against Intimidation or Retaliation

A recipient under the jurisdiction of the Department of Education may not intimidate, threaten, coerce, or retaliate against anyone who asserts a right protected by the civil rights laws that OCR enforces, or who cooperates in an investigation. Anyone who believes that he or she has been intimidated or retaliated against should file a complaint with OCR.

### Investigatory Use of Personal Information

In order to investigate a complaint, OCR may need to collect and analyze personal information such as student records or employment records.
The Privacy Act of 1974, 5 U.S.C. § 552a (Privacy Act), Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g, and the Freedom of Information Act (FOIA), 5 U.S.C. §552, govern the use of personal information that is submitted to all Federal agencies and their individual components, including OCR. The Privacy Act protects individuals from the misuse of personal information held by the Federal government. It applies to records that are maintained by the Federal government and that are retrieved from a system of records by the individual's name, social security number, or other personal identifier. It regulates the collection, maintenance, use and dissemination of personal information in records contained in systems of records of Federal government.

The information that OCR collects is analyzed by authorized personnel within the agency and will be used by OCR only for authorized civil rights compliance and enforcement activities. However, in order to investigate or resolve a complaint, OCR may need to reveal certain information to persons outside the agency to verify facts or gather additional information. Such details could include, for example, the name, age, or physical condition of the person who is the alleged subject of discrimination. Also, OCR may be required to reveal information requested under FOIA, which gives the public the right of access to records of Federal agencies. Disclosure will only be made as consistent with the Privacy Act, FERPA, and FOIA.

However, OCR can release certain information about your complaint to the press or general public, including the name of therecipient; the date your complaint was filed; the type of discrimination included in the complaint; the date the complaint was resolved, dismissed or closed; the basic reasons for OCR's decision; or other related information. Any information OCR releases to the press or general public will not include the complainant's name or the name of the person on whose behalf the complaint was filed.
FOIA gives the public the right of access to records of Federal agencies. Individuals may obtain items from many categories of records of the Federal government, not just materials that apply to them personally. OCR must honor requests for records under FOIA, with some exceptions. If records are covered by the Privacy Act they must be required to be released under FOIA. Generally, OCR is not required to release records during the case evaluation and investigation process or enforcement proceedings, if the release could reasonably be expected to interfere with or affect the ability of OCR to do its job. 5 U.S.C. § 552(b)(7)(A). Also, a federal agency is not required to release records if they are pre-decisional documents that would be subject to certain privileges in litigation. See 5 U.S.C. § 552(b)(5). A Federal agency may refuse a request for records if their release would or could reasonably be expected to result in an unwarranted invasion of privacy of an individual. 5 U.S.C. §

**6 |** Page U.S. Department of Education, Office for Civil Rights Complaint Processing Procedures

552(b)(6) and (7)(C), such as medical records, which may be denied where disclosure would be a clearly unwarranted invasion of privacy.

EXHIBIT F												12

**CONSENT FORM - FOR REVEALING NAME AND PERSONAL INFORMATION TO OTHERS**

(Please print or type except for signature line)

**Your Name:** _____

**Name of School or Other Institution That You Have Filed This Complaint Against:** _____

_____

- This form asks whether the Office for Civil Rights (OCR) may share your name and other personal information when OCR decides that doing so will assist in investigating and resolving your complaint.

- For example, to decide whether a school discriminated against a person, OCR often needs to reveal that person's name and other personal information to employees at that school to verify facts or get additional information. When OCR does that, OCR informs the employees that all forms of retaliation against that person and other individuals associated with the person are prohibited. OCR may also reveal the person's name and personal information during interviews with witnesses and consultations with experts.

- If OCR is not allowed to reveal your name or personal information as described above, OCR may decide to close your complaint if OCR determines it is necessary to disclose your name or personal information in order to resolve whether the school discriminated against you.

    **NOTE**: If you file a complaint with OCR, OCR can release certain information about your complaint to the press or general public, including the name of the school or institution; the date your complaint was filed; the type of discrimination included in your complaint; the date your complaint was resolved, dismissed or closed; the basic reasons for OCR's decision; or other related information. Any information OCR releases to the press or general public will not include your name or the name of the person on whose behalf you filed the complaint.

    **NOTE**: OCR requires you to respond to its requests for information. Failure to cooperate with OCR's investigation and resolution activities could result in the closure of your complaint.

### Please sign section A or section B (but not both) and return to OCR:

- If you filed the complaint on behalf of yourself, you should sign this form.
- If you filed the complaint on behalf of another specific person, that other person should sign this form.

    **EXCEPTION**: If the complaint was filed on behalf of a specific person who is younger than 18 years old or a legally incompetent adult, this form must be signed by the parent or legal guardian of that person.

- If you filed the complaint on behalf of a class of people, rather than any specific person, you should sign the form.

A. **I <u>give</u> OCR my consent to reveal my identity (and that of my minor child/ward on whose behalf the complaint is filed) to others to further OCR's investigation and enforcement activities.**

_____          _____
**Signature**                                                                    **Date**

<u>OR</u>

B. **I <u>do not</u> give OCR my consent to reveal my identity (and that of my minor child/ward on whose behalf the complaint is filed) to others.** I understand that OCR may have to close my complaint.

_____          _____
**Signature**                                                                    **Date**

I declare under penalty of perjury that it is true and correct that I am the person named above; and, if the complaint is filed on behalf of a minor child/ward, that I am that person's parent or legal guardian. This declaration only applies to the identity of the persons and does not extend to any of the claims filed in the complaint.

EXHIBIT F                                                                                                                    13

*Updated April 2014*

# CONSENT FORM - FOR REVEALING NAME AND PERSONAL INFORMATION TO OTHERS

(Please print or type except for signature line)

**Your Name:** Mortimer Halligan

**Name of School or Other Institution That You Have Filed This Complaint Against:** Indiana Wesleyan University

- This form asks whether the Office for Civil Rights (OCR) may share your name and other personal information when OCR decides that doing so will assist in investigating and resolving your complaint.

- For example, to decide whether a school discriminated against a person, OCR often needs to reveal that person's name and other personal information to employees at that school to verify facts or get additional information. When OCR does that, OCR informs the employees that all forms of retaliation against that person and other individuals associated with the person are prohibited. OCR may also reveal the person's name and personal information during interviews with witnesses and consultations with experts.

- If OCR is not allowed to reveal your name or personal information as described above, OCR may decide to close your complaint if OCR determines it is necessary to disclose your name or personal information in order to resolve whether the school discriminated against you.

    **NOTE**: If you file a complaint with OCR, OCR can release certain information about your complaint to the press or general public, including the name of the school or institution; the date your complaint was filed; the type of discrimination included in your complaint; the date your complaint was resolved, dismissed or closed; the basic reasons for OCR's decision; or other related information. Any information OCR releases to the press or general public will not include your name or the name of the person on whose behalf you filed the complaint.

    **NOTE**: OCR requires you to respond to its requests for information. Failure to cooperate with OCR's investigation and resolution activities could result in the closure of your complaint.

### Please sign section A or section B (but not both) and return to OCR:

- If you filed the complaint on behalf of yourself, you should sign this form.
- If you filed the complaint on behalf of another specific person, that other person should sign this form.

    **EXCEPTION**: If the complaint was filed on behalf of a specific person who is younger than 18 years old or a legally incompetent adult, this form must be signed by the parent or legal guardian of that person.

- If you filed the complaint on behalf of a class of people, rather than any specific person, you should sign the form.

A. **I give OCR my consent to reveal my identity (and that of my minor child/ward on whose behalf the complaint is filed) to others to further OCR's investigation and enforcement activities.**

*Mortimer Halligan*
Mortimer Halligan (Jun 24, 2021 19:45 EDT)
**Signature**

06/24/2021
**Date**

**OR**

B. **I do not give OCR my consent to reveal my identity (and that of my minor child/ward on whose behalf the complaint is filed) to others.** I understand that OCR may have to close my complaint.

_____
**Signature**

_____
**Date**

I declare under penalty of perjury that it is true and correct that I am the person named above; and, if the complaint is filed on behalf of a minor child/ward, that I am that person's parent or legal guardian. This declaration only applies to the identity of the persons and does not extend to any of the claims filed in the complaint.

EXHIBIT F                                                                 14

Updated April 2014