Herbert G. Grey, OSB # 810250
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908
Email: herb@greylaw.org

Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060

* Admitted *pro hac vice*

*Counsel for Defendant-Intervenor Council for Christian Colleges & Universities*

Kristen K. Waggoner, OSB # 067077
  *Lead Counsel*
Email: kwaggoner@ADFlegal.org
David A. Cortman, GA Bar # 188810*
Email: dcortman@ADFlegal.org
Ryan J. Tucker, AZ Bar # 034382*
Email: rtucker@ADFlegal.org
Mark A. Lippelmann, AZ Bar # 036553*
Email: mlippelmann@ADFlegal.org
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020

* Admitted *pro hac vice*

*Counsel for Defendants-Intervenors Western Baptist College d/b/a Corban University, William Jessup University and Phoenix Seminary*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
Eugene Division

| | |
|---|---|
| ELIZABETH HUNTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>    Defendants,<br><br>    v.<br><br>COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, WESTERN BAPTIST COLLEGE d/b/a | No. 6:21-CV-00474-AA<br><br>DEFENDANTS-INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITIES |

CORBAN UNIVERSITY, WILLIAM
JESSUP UNIVERSITY, AND
PHOENIX SEMINARY,

        Defendants-Intervenors.

Defendant-Intervenors the Council for Christian Colleges & Universities, Corban University, William Jessup University, and Phoenix Seminary provide notice of two recent, supplemental authorities from the Supreme Court, *Carson v. Makin*, No. 20-1088, issued on June 21, 2022, and *Kennedy v. Bremerton School District*, No. 21-418, issued on June 27, 2022. The *Carson* opinion is attached as Exhibit A, and the *Kennedy* opinion is attached as Exhibit B.

### A. *Carson v. Makin*, No. 20-1088

The Court's decision in *Carson* is sufficient to dispose of Plaintiffs' claims. It addressed whether Maine could constitutionally provide tuition assistance to some parents while denying it to parents who chose to send their children to "sectarian" schools. Maine considers a school sectarian if it (1) is "associated with a particular faith or belief system" and (2) "promotes the faith or belief system with which it is associated and/or presents the material taught through the lens of faith." *Carson*, slip op. 4. So defined, each of the schools attended by the Plaintiffs in this case is "sectarian."

The *Carson* Court held that states cannot, consistent with the Free Exercise Clause, "identify and exclude otherwise eligible schools on the basis of their religious *exercise*." *Id.* at 18 (emphasis added). Thus, if the government decides to "subsidize private education," it cannot "disqualify some private schools solely because they are religious" *or* "because of their religious exercise." *Id.* at 8, 11 (citations omitted). Any departure from that kind of religious neutrality would be subject to, and presumably fail, "the strictest scrutiny." *Id.* at 9-10.

So too here: It would violate the First Amendment for the federal government to fund education at private secular universities but to deny funding for education at private religious schools, either because of those schools' religious character or because of their adherence to religious teachings and practices. *Id.* at 11-18.[1] Accordingly, the Supreme Court's holding in *Carson* seriously undermines the Plaintiffs' argument that private schools receiving Title IX funding are free to maintain private religious beliefs regarding gender and sexual morality but may not exercise those beliefs. Because the Title IX exemption merely ensures compliance with the First Amendment, as articulated in *Carson,* it cannot, as Plaintiffs claim, be unconstitutional.

The Court in *Carson* also rejected Maine's attempt to "recast a condition on funding" through a more general formulation—there, "offering a free public education"—that would "subsume the challenged condition," that is, that the school be non-sectarian. *Id.* at 11, 13 (citations omitted). The Court explained that such attempts improperly "reduce[ the First Amendment] to a simple semantic exercise" and run the risk of creating "religious gerrymanders." *Ibid.* (citations again omitted).

That very risk is illustrated by this case, in which Plaintiffs seem to find the Title IX religious exemption acceptable for religious schools that lack religious policies with which Plaintiffs disagree, but object to the application of that same exemption for schools that embrace those policies. *See* ECF No. 109 at 12-13

---

[1] The Court also emphasized that, when the government scrutinizes "whether and how a religious school pursues its educational mission," it raises "serious concerns about state entanglement with religion and denominational favoritism." *Id.* at 17.

(explaining risks of Plaintiffs' theory). Such religious gerrymanders themselves violate the First Amendment. *See, e.g., Larson v. Valente*, 456 U.S. 228, 244 (1982).

### B. *Kennedy v. Bremerton School District*, No. 21-418

The majority opinion in *Kennedy* also provides ample reason to reject Plaintiffs' claims. In that case, guided by an erroneous view of the Establishment Clause, Bremerton School District had terminated a coach for offering a quiet prayer of thanks after his games. *Kennedy*, slip op. 1. The majority explained that the "'ahistorical, atextual' approach to discerning 'Establishment Clause violations'" addressed in *Lemon v. Kurtzman*, 403 U.S. 602 (1971), a case relied on by Plaintiffs here, *e.g.*, ECF No. 64 at 32-35, had long ago been abandoned. *Kennedy*, slip op. 10-11 (quoting *Kennedy v. Bremerton Sch. Dist.*, 4 F.4th 910, 945 (9th Cir. 2021) (dissental of R. Nelson, J.)).[2] And, given that abandonment, the Court explained that courts applying *Lemon* do so in error. *Id.* at 24; *accord Kennedy*, dissenting slip op. 28 (Sotomayor, J., dissenting) ("The Court now goes much further, overruling *Lemon* entirely and in all contexts.").

Rather than apply the now-dead (or still-dead) *Lemon* test, the Supreme Court now directs that courts look to "historical practices and understandings" and constitutional text to determine whether a government practice violates the Establishment Clause. *Id.* at 23. Among those understandings is the fact that the

---

[2] *See also Shurtleff v. City of Bos., Massachusetts*, 142 S. Ct. 1583, 1606-07, 10 (2022) (Gorsuch, J., concurring in the judgment) (explaining that *Lemon* has "long … been exposed as an anomaly and a mistake" that has not been "applied … for nearly two decades" because of its "flaws" and rejecting attempts to "drag [it] once more from its grave").

3 – Defendant-Intervenors' Notice of Supplemental Authorities

Establishment Clause lacks the "modified heckler's veto" that Plaintiffs invite the Court to apply here—a rule that would allow "religious activity [to] be proscribed" because of Plaintiffs' "perceptions" or "discomfort." *Id.* at 22 (quoting *Good News Club v. Milford Central School*, 533 U.S. 98, 119 (2001)). *Kennedy* thus makes clear that, in this case, the Department has not violated the Establishment Clause by failing to censor the private speech or free exercise of religious schools receiving federal funding. *Id.* at 22-23 (citations omitted).

The *Kennedy* Court also reiterated that the Free Exercise Clause subjects to strict scrutiny laws burdening the free exercise of religion that lack general applicability. *Id.* at 12. As Defendant-Intervenors have made clear elsewhere, Title IX, with its multiple secular exceptions, is not generally applicable. *E.g.*, ECF No. 137 at 33-35; *see also* ECF No. 92 at 7 n.8 (same conclusion from the Department). Under *Kennedy*, then, if Title IX were interpreted to impinge on religious colleges' religious practices, its application to those colleges would likewise be subject to strict scrutiny—a burden that Plaintiffs here could not possibly meet.

In short, the Establishment Clause provides no basis for invalidating the Title IX exemption, and *Kennedy* reiterates what has long been true: Given its numerous secular exceptions, Title IX would violate the Free Exercise Clause if it did not also exempt religious activity.

## CONCLUSION

The holding in *Carson* disposes of the claims here and supports the Intervenors' Joint Motion to Dismiss (ECF No. 137) and Joint Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 109). Under *Carson,* the Department of Education cannot simultaneously fund (or facilitate funding of) secular private colleges and universities while denying such funding to religious colleges and universities because of their religious exercise. Similarly, the *Kennedy* majority explained (and the dissenters agreed) that *Lemon,* the principal authority relied upon by Plaintiffs for their Establishment Clause claim, is no longer good law. Thus, what was clear before is even clearer now: The motion for a preliminary injunction should be denied, and the case should be dismissed.

June 30, 2022                                                                  Respectfully submitted.

/s/ Gene C. Schaerr
Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar# P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060

/s/ Herbert G. Grey
Herbert G. Grey, OSB # 810250
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908
Email: herb@greylaw.org

/s/ Mark A. Lippelmann
Kristen K. Waggoner, OSB # 067077
  *Lead Counsel*
Email: kwaggoner@ADFlegal.org
David A. Cortman, GA Bar # 188810*
Email: dcortman@ADFlegal.org
Ryan J. Tucker, AZ Bar # 034382*
Email: rtucker@ADFlegal.org
Mark A. Lippelmann, AZ Bar # 036553*
Email: mlippelmann@ADFlegal.org
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020

* Admitted *pro hac vice*
*Counsel for Defendants-Intervenors*
*Western Baptist College d/b/a Corban*

\* Admitted *pro hac vice*
*Counsel for Defendant-Intervenor*
*Council for Christian Colleges &*
*Universities*

*University, William Jessup University*
*and Phoenix Seminary*

## CERTIFICATE OF SERVICE

I certify that I served this document was served on all counsel of record by ECF on June 30, 2022.

/s/ Gene C. Schaerr
Gene C. Schaerr
*Counsel for Defendant-Intervenor*
*Council for Christian Colleges &*
*Universities*
