

**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

1244 SPEER BLVD., SUITE 310
DENVER, CO 80204-3582

REGION VIII

ARIZONA
COLORADO
NEW MEXICO
UTAH
WYOMING

October 19, 2021

Lauren Swain
Administrative Assistant/Paralegal REAP
Paul Southwick Law, LLC
8532 N. Ivanhoe St., # 208
Portland, OR  97203

*By email only to* lauren@paulsouthwick.com

Re:  OCR Complaint No. 08-21-2212
     Brigham Young University

Dear Ms. Swain:

On July 27, 2021, the United States Department of Education (Department), Office for Civil Rights (OCR) received your complaint against Brigham Young University (the University). You filed the complaint on behalf of your client, Ashtin Markowski. You allege that the University discriminated against your client on the basis of sexual orientation. Specifically, the complaint alleges that the University (1) fired your client for cutting her hair in a style that was too masculine; and (2) prohibited her from dating someone of the same gender.

OCR enforces Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 *et seq.*, and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in any education program or activity operated by a recipient of federal financial assistance from the Department. Because the University receives Federal financial assistance from the Department, OCR has jurisdiction over it pursuant to this law. Additional information about the laws OCR enforces is available on OCR's website at http://www.ed.gov/ocr.

After carefully reviewing the information you provided, OCR determined that it is dismissing your complaint. OCR explains its decision in further detail below.

Under Section 108(j) of OCR's *Case Processing Manual* (CPM), OCR will dismiss a complaint allegation when the same or a similar allegation based on the same operative facts has been filed either by the complainant or someone other than the complainant against the same recipient with a state or federal court.

Based on information you provided in your complaint, the same or similar allegations were filed against the University in the U.S. District Court for the District of Utah on December 11, 2020, and the allegations are pending in that court. Accordingly, OCR is dismissing your complaint under

EXHIBIT H                                                                                                    1

Section 108(j) of the CPM as of the date of this letter and will take no further action on the complaint.

You may re-file the allegations with OCR within 60 days following termination of the court proceeding if there has been no decision on the merits or settlement of the allegations. Please note that dismissal with prejudice is considered a decision on the merits.

This letter sets forth OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public. The complainant may have the right to file a private suit in federal court whether or not OCR finds a violation.

You have a right to appeal OCR's determination within 60 calendar days of the date indicated on this letter. An appeal can be filed electronically, by mail, or by fax. You may either submit a completed appeal form online at https://ocrcas.ed.gov/content/ocr-electronic-appeals-form, or send a written statement of no more than ten (10) pages (double-spaced, if typed). If submitted by mail, please send to the Office for Civil Rights, U.S. Department of Education, 400 Maryland Avenue SW, Washington, D.C. 20202. If submitted by e-mail, send to OCR@ed.gov. If submitted by fax, please send to (202) 453-6012. The filing date on an appeal is the date the appeal is postmarked, submitted electronically or submitted via fax. In the appeal, you must explain why you believe the factual information was incomplete or incorrect, the legal analysis was incorrect or the appropriate legal standard was not applied, and how correction of any error(s) would result in the case being opened for investigation. Failure to do so may result in dismissal of the appeal.

Please be advised that the University must not harass, coerce, intimidate, discriminate, or otherwise retaliate against an individual because that individual asserts a right or privilege under a law enforced by OCR or files a complaint, testifies, assists, or participates in a proceeding under a law enforced by OCR. If this happens, the individual may file a retaliation complaint with OCR.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. If OCR receives such a request, we will seek to protect personally identifiable information that could reasonably be expected to constitute an unwarranted invasion of personal privacy if released, to the extent provided by law.

If you have any questions, please contact Stephen Worthington, the OCR attorney assigned to this complaint, at (303) 844-3682 or stephen.worthington@ed.gov.

Sincerely,

Sandra J. Roesti
Supervisory Attorney

EXHIBIT H                                                                                               2



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

REGION IX

CALIFORNIA

50 UNITED NATIONS PLAZA
MAIL BOX 1200, ROOM 1545
SAN FRANCISCO, CA 94102

January 12, 2022

<u>**VIA ELECTRONIC MAIL**</u>

Lauren Swain
8532 North Ivanhoe Street #208
Portland, Oregon 97203
lauren@paulsouthwick.com

Re:  OCR Complaint No.  09-21-2317

Dear Ms. Swain:

On July 27, 2021, the U.S. Department of Education, Office for Civil Rights (OCR), received your complaint, filed on behalf of Joanna Maxon (Student), against Fuller Theological Seminary in California. The complaint alleged discrimination based on sexual orientation and marital status. OCR understands your allegations to be as follows:

1.  The Seminary discriminated against the Student when it expelled her in Fall 2018 after it discovered that the Student was in a same-sex marriage; and

2.  The Seminary's policies regarding marriage and sexual standards discriminate against "LGBTQ+" students.

For the reason explained below, OCR is dismissing your complaint.

OCR enforces Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. §§ 1681 - 1688, and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in any education program or activity operated by a recipient of Federal financial assistance. As a recipient of Federal financial assistance from the Department, the Seminary is subject to Title IX. Title IX and its implementing regulations contain several exemptions and exceptions from their coverage. *See* 20 U.S.C. §§ 1681(a)(1)-(9); 34 C.F.R. §§ 106.11-106.15; *see also* OCR's webpage on exemptions from Title IX.

Section 108(j) of OCR's Case Processing Manual[1] provides as follows:

---

[1] Case Processing Manual (dated Aug. 26, 2020) at
https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.pdf.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

EXHIBIT H

*www.ed.gov*

3

OCR will dismiss an allegation when the same or a similar allegation based on the same operative facts has been filed either by the complainant or someone other than the complainant against the same recipient with a state or federal court. OCR will advise the complainant that she or he may re-file the complaint with OCR within 60 calendar days following the termination of the court proceeding if there has been no decision on the merits or settlement of the complaint allegations. A dismissal with prejudice is considered a decision on the merits.

The allegations raised in this OCR complaint were filed against the Seminary in an action in the United States District Court for the Central District of California. On December 13, 2021, the Ninth Circuit Court of Appeals affirmed the district court's dismissal with prejudice of the Title IX claims against the Seminary. A dismissal with prejudice is considered a decision on the merits. Accordingly, OCR is dismissing your OCR complaint pursuant to Section 108(j).

This concludes OCR's consideration of your complaint. While complainants may refile complaints with OCR within 60 calendar days following the termination of the court proceeding if there has been no decision on the merits or settlement of the complaint allegations, here the appellate court has already issued a decision on the merits of the Student's Title IX claims.

You have a right to appeal OCR's dismissal of this complaint within 60 calendar days of the date indicated on this letter. An appeal can be filed electronically, by mail, or fax. Please note that given current challenges associated with COVID-19, it is recommended that appeals be submitted online at https://ocrcas.ed.gov/content/ocr-electronic-appeals-form. You can also mail a written statement of no more than ten (10) pages (double-spaced, if typed). If submitted by mail, please send to the Office for Civil Rights, U.S. Department of Education, 400 Maryland Avenue SW, Washington, D.C. 20202. If submitted via e-mail, send to OCR@ed.gov; if submitted via fax, please send to 202-453-6012. The filing date on an appeal is the date the appeal is postmarked, submitted electronically, or submitted via fax. In the appeal, you must explain why you believe the factual information was incomplete or incorrect, the legal analysis was incorrect, or the appropriate legal standard was not applied, and how correction of any error(s) would result in the case being opened for investigation; failure to do so may result in dismissal of the appeal.

Under the Freedom of Information Act, it may be necessary to release this document and related records upon request. If OCR receives such a request, it will seek to protect, to the extent provided by law, personal information that, if released, could reasonably be expected to constitute an unwarranted invasion of privacy.

If you have any questions about this letter, please contact Jenny Moon, civil rights attorney, at jenny.moon@ed.gov.

Sincerely,

Naghmeh Ordikhani
Team Leader



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

REGION IX

CALIFORNIA

50 UNITED NATIONS PLAZA
MAIL BOX 1200, ROOM 1545
SAN FRANCISCO, CA  94102

January 12, 2022

**VIA ELECTRONIC MAIL**

Lauren Swain
8532 North Ivanhoe Street #208
Portland, Oregon 97203
lauren@paulsouthwick.com

Re:  OCR Complaint No.  09-21-2322

Dear Ms. Swain:

On July 28, 2021, the U.S. Department of Education, Office for Civil Rights (OCR), received your complaint, filed on behalf of Nathan Brittsan (Student), against Fuller Theological Seminary in California. The complaint alleged discrimination based on sexual orientation and marital status. OCR understands your allegations to be as follows:

1.  The Seminary discriminated against the Student when it expelled him in Fall 2017 after it discovered that the Student was in a same-sex marriage; and

2.  The Seminary's policies regarding marriage and sexual standards discriminate against "LGBTQ+" students.

For the reason explained below, OCR is dismissing your complaint.

OCR enforces Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. §§ 1681 - 1688, and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in any education program or activity operated by a recipient of Federal financial assistance. As a recipient of Federal financial assistance from the Department, the Seminary is subject to Title IX. Title IX and its implementing regulations contain several exemptions and exceptions from their coverage. *See* 20 U.S.C. §§ 1681(a)(1)-(9); 34 C.F.R. §§ 106.11-106.15; *see also* OCR's webpage on exemptions from Title IX.

Section 108(j) of OCR's Case Processing Manual[1] provides as follows:

---

[1] Case Processing Manual (dated Aug. 26, 2020) at
https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.pdf.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

EXHIBIT H

*www.ed.gov*

5

OCR will dismiss an allegation when the same or a similar allegation based on the same operative facts has been filed either by the complainant or someone other than the complainant against the same recipient with a state or federal court. OCR will advise the complainant that she or he may re-file the complaint with OCR within 60 calendar days following the termination of the court proceeding if there has been no decision on the merits or settlement of the complaint allegations. A dismissal with prejudice is considered a decision on the merits.

The allegations raised in this OCR complaint were filed against the Seminary in an action in the United States District Court for the Central District of California. On December 13, 2021, the Ninth Circuit Court of Appeals affirmed the district court's dismissal with prejudice of the Title IX claims against the Seminary. A dismissal with prejudice is considered a decision on the merits. Accordingly, OCR is dismissing your OCR complaint pursuant to Section 108(j).

This concludes OCR's consideration of your complaint. While complainants may refile their complaints with OCR within 60 calendar days following the termination of the court proceeding if there has been no decision on the merits or settlement of the complaint allegations, here the appellate court has already issued a decision on the merits of the Student's Title IX claims.

You have a right to appeal OCR's dismissal of this complaint within 60 calendar days of the date indicated on this letter. An appeal can be filed electronically, by mail, or fax. Please note that given current challenges associated with COVID-19, it is recommended that appeals be submitted online at https://ocrcas.ed.gov/content/ocr-electronic-appeals-form. You can also mail a written statement of no more than ten (10) pages (double-spaced, if typed). If submitted by mail, please send to the Office for Civil Rights, U.S. Department of Education, 400 Maryland Avenue SW, Washington, D.C. 20202. If submitted via e-mail, send to OCR@ed.gov; if submitted via fax, please send to 202-453-6012. The filing date on an appeal is the date the appeal is postmarked, submitted electronically, or submitted via fax. In the appeal, you must explain why you believe the factual information was incomplete or incorrect, the legal analysis was incorrect, or the appropriate legal standard was not applied, and how correction of any error(s) would result in the case being opened for investigation; failure to do so may result in dismissal of the appeal.

Under the Freedom of Information Act, it may be necessary to release this document and related records upon request. If OCR receives such a request, it will seek to protect, to the extent provided by law, personal information that, if released, could reasonably be expected to constitute an unwarranted invasion of privacy.

If you have any questions about this letter, please contact Jenny Moon, civil rights attorney, at jenny.moon@ed.gov.

Sincerely,

Naghmeh Ordikhani
Team Leader

EXHIBIT H                                                                                                    6

May 5, 2022

Ms. Lauren Swain
Paul Southwick Law, LLC
8532 N. Ivanhoe Street, #208
Portland, OR 97203

*By email only to:* lauren@paulsouthwick.com

Re:     Liberty University
        OCR Case No. 11-21-2236

Dear Ms. Swain:

On July 28, 2021, the United States Department of Education's Office for Civil Rights (OCR) received your complaint against Liberty University. You filed the complaint on behalf of a former student at the University, whom we will refer to as the Student, and on behalf of current LGBTQ+ students at the University. You allege that the University discriminates on the basis of sexual orientation and gender identity. Specifically, you allege that:

1. The University discriminates against LGBTQ+ students through its policies and practices, including the Statement on Sexuality and Relationships in the Student Honor Code (Allegation 1); and

2. The University discriminated against the Student on the basis of sexual orientation and gender identity when faculty harassed them in the fall of 2018 (Allegation 2).

OCR enforces Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 *et seq.*, and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in any education program or activity operated by a recipient of federal financial assistance from the Department. As a recipient of financial assistance from the Department, the University is subject to Title IX.

After carefully reviewing the information you provided, OCR has determined that it will not investigate the complaint.

Allegation 1

OCR is dismissing Allegation 1 under Section 108(n) of OCR's *Case Processing Manual* (CPM), which states that OCR will dismiss an allegation if OCR is currently investigating the same or similar allegations based on the same facts. On May 4, 2022, OCR opened an

investigation into a similar allegation in a separate complaint you filed against the University (Complaint No. 11-21-2235).

Allegation 2

According to the information provided in the Student's Declaration, which was attached to your complaint, the Student attended the University between August 2018 and December 2018, and the acts of alleged discrimination against the Student occurred during that timeframe. As explained in Section 106 of the CPM, OCR generally will take action only with respect to allegations that are filed within 180 days of the alleged discrimination unless OCR grants a waiver under Section 107 of the CPM. You filed this complaint on July 28, 2021, more than 180 days after the University allegedly discriminated against the Student between August 2018 and December 2018.

You requested a waiver of the 180-day filing requirement for Allegation 2 on the following bases:

1) the COVID-19 pandemic;
2) the Trump administration's policies and statements about religious exemptions to Title IX;
3) the Trump administration's policies and statements about Title IX not prohibiting discrimination on the basis of sexual orientation or gender identity; and
4) although the initial act of discrimination took place more than 180 days ago, [the Student's] complaint should not be considered time-barred because [the University] continues to discriminate against [the Student] and to promulgate policies and practices that discriminate against LGBTQ+ students.

OCR has reviewed your request and declines to waive OCR's 180-day deadline. OCR is accordingly dismissing Allegation 2 as untimely under Section 108(d) of the CPM.

You have a right to appeal OCR's dismissal of Allegation 2 within 60 calendar days of the date indicated on this letter. An appeal can be filed electronically, by mail, or by fax. You must either submit (1) a completed appeal form online at https://ocrcas.ed.gov/content/ocr-electronic-appeals-form or (2) a written statement of no more than 10 pages (double-spaced, if typed) by e-mail to OCR@ed.gov, by fax to 202-245-8392, or by mail to the Office for Civil Rights, U.S. Department of Education, 400 Maryland Avenue SW, Washington, D.C. 20202. The filing date on an appeal is the date the appeal is postmarked, submitted electronically, or submitted by fax. In the appeal, you must explain why you believe the factual information described here was incomplete or incorrect, the legal analysis was incorrect, or the appropriate legal standard was not applied, and how correction of any error(s) would result in the case being opened for investigation; failure to do so may result in dismissal of the appeal.

OCR would like to make you aware that individuals who file complaints with OCR may have the right to file a private suit in federal court whether or not OCR finds a violation.

EXHIBIT H                                                                                                           8

_____

*Jennifer Barmon*