CAROL FEDERIGHI
TX Bar No. 06872950
*Lead Counsel*
HILARIE E. SNYDER
D.C. Bar No. 464837

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 514-1903
Carol.Federighi@usdoj.gov
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. <br><br> COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, WESTERN BAPTIST COLLEGE d/b/a/ CORBAN UNIVERSITY, WILLIAM JESSUP UNIVERSITY AND PHOENIX SEMINARY, <br><br> Intervenor-Defendants. | Civil Action No. 6:21–cv–00474–AA <br><br><br> **GOVERNMENT DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF OF NEWLY DISCOVERED FACTS** |

# INTRODUCTION

The "new facts" that Plaintiffs present in their Supplemental Brief, ECF No. 173 ("Pls.' Supp. Br."), confirm the description of the complaint process that the Government Defendants presented at the preliminary injunction hearing—the U.S. Department of Education's Office for Civil Rights ("OCR") is and has been carefully considering each of Plaintiffs' pending administrative Title IX complaints on an individualized basis and has reached or will arrive at the appropriate determination consistent with the provisions of Title IX (20 U.S.C. § 1681(a)), its regulations, and the Case Processing Manual. *See* Gov. Defs.' Post-Hearing Br. 7-9, ECF No. 150. The Government Defendants also explained at the hearing that there were a variety of different grounds on which an administrative complaint can be dismissed at the evaluation stage and a number of potential paths a complaint can follow if it is not dismissed. *Id.* The developments subsequent to the preliminary injunction hearing bear this out. For instance, as explained more below, OCR has opened investigations with respect to all or part of the allegations in six administrative complaints filed on behalf of the Plaintiffs and dismissed all or part of the allegations in eight complaints based on reasons unrelated to the religious exemption.

Plaintiffs focus on the fact that certain administrative complaints have been resolved either in whole or in part based on the religious exemption. But this has no impact on defendants' threshold arguments because standing must be judged based on "the facts as they existed at the time the plaintiff filed the complaint," *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (cleaned up), and, in all events, Plaintiffs still fail to satisfy the requirements of causation and redressability. Moreover, these developments do not affect any of the other bases for dismissing the complaint and denying Plaintiffs' motion for preliminary injunction. Accordingly, Plaintiffs still fail to show that they have suffered an irreparable injury,

are likely to succeed on the merits, and that the balance of equities weighs in their favor. As such, the Court should deny Plaintiffs' renewed request that the Court "intervene" by "enjoin[ing] Defendants from dismissing, based on the religious exemption to Title IX, any more of Plaintiffs' remaining Title IX complaints and active investigations while this case proceeds before this Court." Pls.' Supp. Br. 8, 10-11.

## SUMMARY OF DEVELOPMENTS AFTER THE P.I. HEARING

For the Court's benefit, the Government Defendants have provided an updated version of Government Exhibit 3 setting forth the status of the pending administrative complaints filed on behalf of the current Plaintiffs. *See* Exhibit A.[1] As shown in that Exhibit, the following complaints have moved past the evaluation (first) stage, as follows:

- Two complaints (Horning, Moulton) were dismissed because the institution claimed a religious exemption that was found to apply to the allegations in the complaints.

- With respect to one complaint (Hunter), the allegations of individual discrimination were dismissed as untimely and the allegations regarding current discriminatory policies were dismissed because the institution claimed a religious exemption that was found to apply to those allegations.

- One complaint (Markowski) was dismissed because of the existence of a federal court case based on the same facts.

- With respect to one complaint (McCann), the allegations of individual discrimination were dismissed as untimely and the allegations regarding current discriminatory policies were dismissed because OCR had already opened an investigation into similar allegations through a separate administrative complaint filed against the University.

---

[1] The attached chart and the Government Defendants' recitation of facts include information about the current Plaintiffs only. In addition to the current Plaintiffs, Plaintiffs' brief, along with the accompanying Declaration and exhibits, reference administrative complaints filed on behalf of putative Plaintiffs (Kalie Hargrove and Alice Murphy) and former Plaintiffs (Nathan Brittsan and Joanne Maxon). *See, e.g.,* Pls.' Supp. Br. at 2-4; Southwick Decl. ¶¶ 1, 8, 9, ECF No. 174; ECF No. 164 (notice voluntarily dismissing Brittsan and Maxon claims). Plaintiffs' additions of putative and dismissed Plaintiffs account for the discrepancy in the parties' calculations.

- With respect to five complaints (Jones, G. Campbell, Mueller, Martinez, Wilson), the allegations of individual discrimination were dismissed as untimely, and OCR opened investigations in connection with the allegations regarding current discriminatory policies; the investigations are pending.

- With respect to one complaint (Lord), OCR opened an investigation in connection with both the current policy allegations and individual discrimination allegations; the investigation is pending.

In sum, Lauren Swain, *see* ECF No. 48, filed a total of 34 administrative complaints on behalf of the current Plaintiffs. At present, six of those complaints have been opened for investigation in whole or in part, and 23 are still pending at the evaluation stage. Five of the complaints have been dismissed in full. Of those, two dismissals have been based solely on the application of the religious exemption, and one dismissal was based in part on the religious exemption and in part on timeliness. OCR dismissed the remaining two complaints for reasons unrelated to the religious exemption.[2]

## ANALYSIS

A plaintiff seeking preliminary injunctive relief must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.* 555 U.S. 7, 20 (2008). In the August 30, 2021, order, this Court considered the *Winter* factors and concluded that Plaintiffs had not carried their burden on even a single factor necessary to establish their entitlement to a temporary restraining order. Opinion & Order at 6-12, ECF No. 88.

---

[2] It is thus less than accurate to state, as Plaintiffs do in their Supplemental Brief, that "Defendants have moved nearly half of Plaintiffs' Title IX complaints out of the evaluation stage." Pls.' Supp. Br. at 2. In fact, 32% of the complaints have been moved out of the evaluation stage.

Nothing that has transpired since the August 2021 Order changes that conclusion. Most fundamentally, the status of the administrative complaints has no bearing on the arguments put forth by the Government Defendants regarding Plaintiffs' failure to state a claim upon which relief can be granted and failure to meet their burden under *Winter*, all of which support the dismissal of the complaint and the denial of Plaintiffs' motion for preliminary injunction. *See, e.g.,* Gov. Defs.' Mot. Dism., ECF No. 56; Gov. Defs.' PI Opp'n, ECF No. 62; Gov. Defs.' Post-Hearing Br., ECF No. 150. And, as explained below, the recent processing of the administrative complaints similarly does not change the fact that Plaintiffs' claims should be dismissed for lack of standing.

Standing must be judged based on "the facts as they existed at the time the plaintiff filed the complaint," *D'Lil*, 538 F.3d at 1036 (cleaned up). Thus, the present case should still be dismissed because the operative complaint does not allege a sufficiently ripe injury-in-fact. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138-39 (9th Cir. 2000) (en banc) ("The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong."). When Plaintiffs filed their complaint in this action, only one Plaintiff had received a disposition of an administrative complaint based on the religious exemption, and that decision was years old. *See* FAC ¶¶ 395, 405-407; Gov. Defs.' Mot. Dism. at 13, ECF No. 56. Indeed, most of the Plaintiffs submitted their administrative complaints only after they filed their first amended complaint. Gov. Mot. Dism. at 13. Accordingly, regardless of subsequent developments, including the dismissal of complaints based on the religious exemption, the case should be dismissed. *See Skaff v. Meridien North America Beverly Hills*, LLC, 506 F.3d 832, 838 n.5 (9th Cir. 2007) ("Standing must exist at the time the action is filed and cannot be established by showing later actions of post-filing intent."); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992).

Even if this court were to consider events that took place after the filing of the operative complaint, it would be incorrect to conclude, as Plaintiffs imply, that *all* of Plaintiffs' claims are "abundantly ripe." Pls.' Supp. Br. at 6. Many of the administrative complaints remain under consideration with OCR or have been dismissed for reasons unrelated to the religious exemption. As a result, those Plaintiffs have not been injured by the application of the religious exemption to their administrative complaints and their claims should be dismissed.

But even if the Court is inclined to allow Plaintiffs to proceed here on a suitably amended complaint (which would be neither the first amended complaint nor the proposed second amended complaint, none of which account for OCR's recent decisions), the case should still be dismissed for lack of standing. As set forth in more detail in the Government Defendants' Motion to Dismiss (pages 15–19), all of the Plaintiffs, including any whose administrative complaints were (or may in the future be) dismissed on religious exemption grounds, would still lack standing for failure to show causation and redressability.

First, as described in the first amended complaint, Plaintiffs' injuries are attributable to the policies, decisions, and actions or failures to act of educational institutions that are not parties to this case, as well as to other students, faculty, and staff at those institutions. *See, e.g.*, FAC ¶¶ 127-143 (Moulton); *id.* ¶¶ 261-272 (Horning). Plaintiffs do not allege, nor could they, that the Government Defendants directly discriminated against or harmed them through the Government's own actions. Instead, they allege that the Government Defendants have injured, or will injure, them by refusing to redress the injuries caused by their educational institutions because of the Government's interpretation of the religious exemption. But the complaints do not plausibly allege any causal connection between the actions of religiously controlled institutions and the Government Defendant's interpretation and application of Title IX. That is, the first amended

complaint suggests that the decisions made by these institutions were the result of independent decisioning making without regard to whether they had (or would be granted) an assurance of religious exemption. Plaintiffs' injuries are thus not "'fairly trace[able] to the challenged action of'" the Government Defendants. *Defs. of Wildlife*, 504 U.S. at 560 (alteration in original).

Second, Plaintiffs have not alleged that it is "'likely,' as opposed to merely 'speculative,'" *Id.*, at 561, that a judgment invalidating the religious exemption as applied would redress their injuries. The majority of the Plaintiffs have either left the educational institutions at issue—through graduation or otherwise—or are no longer seeking attendance there. *See, e.g.*, FAC ¶ 59 (Hunter graduated in 2019); *id.* ¶ 128 (Mouton was a student through the end of 2020); *id.* ¶ 261 (Horning graduated in April 2020). Even if this Court were to grant Plaintiffs the relief they seek and declare ED's current application of the religious exemption to be invalid and unenforceable, that relief would not remedy Plaintiffs' past injuries. And, prospectively, if the Court enjoined application of the religious exemption in these contexts, Plaintiffs can only speculate that the institutions involved would alter their policies, as the institutions could instead choose to forego federal funding. *See, e.g.*, Day 1 Tr., at 226:9-227:7 (Hunter). Such speculation is insufficient to establish a "likelihood" of redressability.[3] As such, even if the court were to consider the "new facts," they do not change the outcome; Plaintiffs' complaint should be dismissed for want of standing.

---

[3] Although not discussed in Plaintiffs' Supplemental Brief, it is worth noting again that Plaintiffs also lack standing to challenge the regulatory revisions. As these regulatory revisions codified but did not change OCR's practices, Plaintiffs cannot show that they have been injured by the revisions. In addition, they cannot show causation or redressability as the regulations at issue do not apply to them, as students, but affect processes and standards that apply only to schools, as institutions. *See, e.g.,* Gov. Defs.' Mot. to Dism. at 16-20; Defs.' Post-Hearing Resp. Br. at 5-6, ECF No. 159.

## CONCLUSION

Wherefore, for the reasons described above and in their prior briefing in this matter, Government Defendants respectfully request that this Court deny Plaintiffs' motion for preliminary injunction and dismiss the case.

DATED: August 12, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

/s/ *Hilarie E. Snyder*
CAROL FEDERIGHI, TX Bar No. 06872950
*Lead Counsel*
HILARIE.E.SNYDER, DC Bar No. 464837
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 305-0747
hilarie.e.snyder@usdoj.gov

*Attorneys for Defendants*