Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar # P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060

* Admitted *pro hac vice*

Herbert G. Grey, OSB # 810250
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908
Email: herb@greylaw.org

*Counsel for Defendant-Intervenor Council for Christian Colleges & Universities*

Kristen K. Waggoner, OSB # 067077
Email: kwaggoner@ADFlegal.org
David A. Cortman, GA Bar # 188810*
Email: dcortman@ADFlegal.org
Ryan J. Tucker, AZ Bar # 034382*
Email: rtucker@ADFlegal.org
Mark A. Lippelmann, AZ Bar # 036553*
Email: mlippelmann@ADFlegal.org
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020

* Admitted *pro hac vice*

*Counsel for Defendants-Intervenors Western Baptist College d/b/a Corban University, William Jessup University and Phoenix Seminary*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
Eugene Division

| | |
|---|---|
| ELIZABETH HUNTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, et al., <br><br> Defendants, <br><br> v. <br><br> COUNCIL FOR CHRISTIAN COLLEGES & UNIVERSITIES, WESTERN BAPTIST COLLEGE d/b/a CORBAN UNIVERSITY, WILLIAM JESSUP UNIVERSITY AND PHOENIX SEMINARY, <br><br> Defendants-Intervenors. | No. 6:21-CV-00474-AA <br><br> DEFENDANTS-INTERVENORS' OBJECTION TO PLAINTIFFS' SUPPLEMENTAL BRIEF OF NEW FACTS |

Plaintiffs' Supplemental Brief, seeking to supplement the record with facts more than a year after this Court concluded a hearing on Plaintiffs' motion for a preliminary injunction, is improper and should be rejected.

A. **Plaintiffs' failure to confer and seek leave requires that the supplemental brief be stricken.**

Most basically, to quote Plaintiffs' own comment in a prior dispute, Plaintiffs never "sought leave to file" or "attempted to confer" with the parties "regarding such a motion for leave to file." Pls.' Unopposed Mot. to Strike at 4, ECF No. 72. That failure alone requires that the supplemental brief be rejected and, indeed, stricken from the record.

B. **Plaintiffs' filing is improper and strains judicial resources.**

Beyond being procedurally improper, Plaintiffs' Supplemental Brief is substantively unfair and an affront to sound judicial administration. After denying Plaintiffs' motion for a temporary restraining order for failure to demonstrate a single element required for injunctive relief, the Court already indulged Plaintiffs by allowing an evidentiary hearing with three days for the presentation of evidence. At the end of the hearing, the Court explained that the case was "submitted," stated that the Court had "the full record," and—to limit the papers—emphasized unambiguously that everything needed to be said "in those two [post-hearing] briefs, 35 pages each." Day 3 Tr. 639:14–18, ECF No. 146. The Supplemental Brief departs from that final directive.[1]

---

[1] The same is true of Plaintiffs' Supplemental Brief of Newly Discovered Facts filed in July. Pls.' Suppl. Br. of Newly Discovered Facts, ECF No. 173.

As a matter of judicial administration, moreover, allowing such a brief is a very bad idea. It makes no sense to tolerate a process in which, until this Court formally rules on a preliminary-injunction motion, the *factual* record remains open for supplementation whenever a party finds something new to submit.[2] Under such a regime, Plaintiffs would be free to continue updating the record every time they have a new idea that didn't come to them previously.

### C. Plaintiffs' supplemental brief is irrelevant.

Nothing in Plaintiffs' supplemental brief undermines the Intervenors' repeated showing that, for multiple independent reasons, the preliminary injunction should be denied, and Plaintiffs' First Amended Complaint must be dismissed.

Indeed, the alleged new facts are largely cumulative. It is no secret, for example, that the Department of Education dismisses cases if it determines that the Title IX religious exemption applies. That was discussed at length during the preliminary-injunction hearing. Nor is it any secret that the Title IX religious exemption protects religious colleges "if [Title IX's] application … would not be consistent with the religious tenets of such organization." 20 U.S.C. § 1681(a)(3). That too has been before the Court for more than a year—and has been federal law since the 1970s. New facts suggesting that the Department of Education is faithfully

---

[2] Notices of binding supplemental authority from the Supreme Court and the Ninth Circuit, of course, are another issue entirely, as all parties have an independent obligation to address the impact of new, but binding, case law. *See* Defs.-Intervenors' Notice of Suppl. Authority, ECF No. 172 (informing the Court of the Supreme Court's opinions in *Carson v. Makin*, 142 S. Ct. 1987 (2022), and *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407 (2022)).

applying Title IX by declining to subject religious colleges to ruinous investigations do not suddenly make a preliminary injunction necessary or even appropriate. Nor do these new facts alter this Court's prior conclusion that, because Title IX provides a private cause of action that Plaintiffs can press "against their respective schools," there remains another avenue for adequate relief available to them that forecloses injunctive relief here. Order and Opinion at 11, ECF No. 88; *accord* Defs.' Mem. Opp. Pls' Mot. for TRO & Prelim. Inj. at 10, ECF No. 62 (collecting cases). And even if all of the administrative complaints are eventually dismissed, it remains "far from clear that defendants' conduct violates plaintiffs' constitutional rights." Order and Opinion at 8, ECF No. 88. Given that these are legal conclusions, new facts do not alter them.

### D.    If the brief is not stricken, CCCU specifically requests that additional evidentiary filings be allowed.

If the record is indeed open, the Council for Christian Colleges and Universities (CCCU) would have provided the Court with additional evidence reinforcing its key point that, for a substantial number of LGBTQ+ students, there is value in "attend[ing] a school where they can integrate their personal religious beliefs and identities into the larger Christian learning community, and benefit[ting] from the comfort and support [those students] receive there." Defs.-Intervenors' Joint Post-Hearing Br. 16–17, ECF No. 152. CCCU did not do so precisely because—taking the Court at its word—the record was closed.[3]

---

[3] Defendant-Intervenors Western Baptist College d/b/a Corban University, William Jessup University and Phoenix Seminary understand the preliminary-injunction record to be closed. Accordingly, they do not believe supplementation of the record is necessary for the reasons set forth in the remainder of this brief.

3 - DEFENDANTS-INTERVENORS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF OF NEW FACTS

If, however, the Court allows Plaintiffs to file their supplemental brief, CCCU believes it should also allow the other parties to supplement the record with any evidence uncovered since the close of the preliminary-injunction hearing last November. If that filing is accepted, CCCU, for example, seeks the opportunity to present a factual rebuttal of the points made in that filing. It would be only fair.[4]

In sum, Plaintiffs' latest attempt to supplement the record without seeking leave is improper and—even on the merits—irrelevant. Should this Court decide to accept Plaintiffs' filing, however, it should also provide CCCU and any other party that may have evidence bearing on the resolution of the preliminary injunction to supplement the record in response to Plaintiffs' filing. And in any event, the Court should reject Plaintiffs' attempt to begin discovery before the resolution of the pending dispositive motions.

---

[4] Allowing CCCU or other parties to supplement the record would by no means create an avenue for the start of discovery. Until this Court resolves the dispositive motions to dismiss, it should stay discovery. *Ali v. Carnegie Inst. of Washington*, 967 F. Supp. 2d 1367, 1378 (D. Or. 2013) (subsequent history omitted) ("Given the potentially dispositive nature of the still-pending Rule 12(b)(7) motion, however, which can independently resolve this case, the grant of this discovery is stayed."). To begin discovery before learning what (if any) issues the Court will allow to be litigated after resolving the motions to dismiss would be unduly burdensome on the parties.

Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr, DC Bar # 416368*
Email: gschaerr@schaerr-jaffe.com
Nicholas Miller, MI Bar # P70694*
Email: nmiller@schaerr-jaffe.com
Joshua J. Prince, DC Bar # 1685532*
Email: jprince@schaerr-jaffe.com
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 787-1060

* Admitted *pro hac vice*

*/s/ Herbert G. Grey*
Herbert G. Grey, OSB # 810250
4800 SW Griffith Drive, Suite 320
Beaverton, Oregon 97005-8716
Telephone: (503) 641-4908
Email: herb@greylaw.org

*Counsel for Defendant-Intervenor Council for Christian Colleges & Universities*

November 29, 2022

*/s/ Mark A. Lippelmann*
Kristen K. Waggoner, OSB # 067077
Email: kwaggoner@ADFlegal.org
David A. Cortman, GA Bar # 188810*
Email: dcortman@ADFlegal.org
Ryan J. Tucker, AZ Bar # 034382*
Email: rtucker@ADFlegal.org
Mark A. Lippelmann, AZ Bar # 036553*
Email: mlippelmann@ADFlegal.org
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020

* Admitted *pro hac vice*

*Counsel for Defendants-Intervenors Western Baptist College d/b/a Corban University, William Jessup University and Phoenix Seminary*

# CERTIFICATE OF COMPLIANCE

This document complies with the length limit requirements of Local Rule 7-2 because it contains 1,080 words including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, exhibits, and any certificates of counsel.

November 29, 2022

*/s/ Gene C. Schaerr*
Gene C. Schaerr

*Counsel for Defendant-Intervenor*
*Council for Christian Colleges &*
*Universities*

# CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2022, I served this document on all counsel of record by ECF and by email.

*/s/ Gene C. Schaerr*
Gene C. Schaerr

*Counsel for Defendant-Intervenor
Council for Christian Colleges &
Universities*
